**GARY BRICKWOOD (SBN 94892)**
**BRICKWOOD LAW OFFICE**
1135 Pine St., Suite 210
Redding, CA 96001
Tel (530) 245-1877
Fax (530) 245-1879
office@brickwoodlaw.com

Attorneys for Defendants SHASTA COUNTY, THOMAS M. BOSENKO and DAVE KENT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JAMES I. MCMILLAN,

Plaintiff,

vs.

COUNTY OF SHASTA, ET AL.

Defendants.
_______________________________/

Case No. 2:20-CV-00564-JAM-EFB

**DEFENDANTS' SHASTA COUNTY, THOMAS M. BOSENKO AND DAVE KENT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendants request a jury trial.

Defendants County of Shasta, Thomas M. Bosenko and Dave Kent answer the Complaint as follows:

**PARTIES TO THIS COMPLAINT**

1. Defendants neither admit nor deny the allegations of the first paragraph regarding parties to the Complaint.

2. Defendants neither admit nor deny the allegations of the second paragraph regarding parties to the Complaint.

///

///

**BASIS FOR JURISDICTION AND VENUE**

3. Defendants admit that this Court has proper jurisdiction and is the proper venue for this action. Defendants deny any other allegations of Paragraph 3.

**INTRADISTRICT ASSIGNMENT**

4. Defendants admit that this action is properly brought in the Sacramento Division of this Eastern District Court.

**PRELIMINARY FACTS**

5. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 5 and on that basis deny those allegations.

**Anderson Firemen Arrive**

6. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 6 and on that basis deny those allegations.

7. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 7 and on that basis deny those allegations.

8. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 8 and on that basis deny those allegations.

9. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 9 and on that basis deny those allegations.

10. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 10 and on that basis deny those allegations.

11. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 11 and on that basis deny those allegations.

**McMillan is Further Abused at Shasta County Jail**

12. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 12 and on that basis deny those allegations.

13. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 13 and on that basis deny those allegations.

///

14. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 14 and on that basis deny those allegations.

15. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 15 and on that basis deny those allegations.

16. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 16 and on that basis deny those allegations.

17. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 17 and on that basis deny those allegations.

18. Defendants lack sufficient knowledge and information with which to admit or deny the allegations of Paragraph 18 and on that basis deny those allegations.

**McMillan is Further Abused at Shasta County Jail**

19. Defendants admit that Plaintiff was brought to the Shasta County Jail. Defendants admit that jail personnel took possession of Plaintiff's personal property. Defendants lack sufficient knowledge and information regarding the contents of a small container of pills with which to admit or deny the identification of the contents and on that basis deny those allegations of Paragraph 19.

20. Defendants admit that the jail intake officer and CFMG medical staff-person questioned Plaintiff about his physical and medical conditions. Defendants lack sufficient knowledge and information regarding Plaintiff's responses with which to admit or deny the allegations of Paragraph 20 and on that basis, deny those allegations. Defendants deny any remaining allegations of Paragraph 20.

21. Defendants lack sufficient knowledge and information regarding the allegations of Paragraph 21 with which to admit or deny those allegations and on that basis deny the allegations of Paragraph 21.

22. Defendants lack sufficient knowledge and information regarding the allegations of Paragraph 22 with which to admit or deny those allegations and on that basis deny the allegations of Paragraph 22.

///

23. Defendants lack sufficient knowledge and information regarding the allegations of Paragraph 23 with which to admit or deny those allegations and on that basis deny the allegations of Paragraph 23.

24. Defendants lack sufficient knowledge and information regarding the allegations of Paragraph 24 with which to admit or deny those allegations and on that basis deny the allegations of Paragraph 24.

25. Defendants admit that following the jail intake procedure, Plaintiff was held in a holding cell at the jail and was provided a standard blanket. Defendants deny the remaining allegations of Paragraph 25.

26. Defendants admit that the holding cell is a trapezoidal shape. Defendants further admit that there were not sleeping bunks in the holding cell. Defendants deny the remaining allegations of Paragraph 26.

27. Defendants admit that Plaintiff was in the holding cell for approximately 24 hours. Defendants lack sufficient knowledge and information regarding Plaintiff's sleep while in the holding cell and on that basis deny those allegations. Defendants lack sufficient knowledge and information regarding the allegation of statements of a jail deputy regarding a second blanket and on that basis deny those allegations. Defendants deny any remaining allegations of Paragraph 27.

28. Defendants lack sufficient knowledge and information regarding the allegations of Paragraph 28 with which to admit or deny those allegations and on that basis deny the allegations of Paragraph 28.

29. Defendants lack sufficient knowledge and information regarding the allegations of Paragraph 29 with which to admit or deny those allegations and on that basis deny the allegations of Paragraph 29.

30. Defendants lack sufficient knowledge and information regarding the allegations of Paragraph 30 with which to admit or deny those allegations and on that basis deny the allegations of Paragraph 30.

///

///

**McMillan Sustains Injuries at the Shasta County Jail**

31. Defendants admit that Plaintiff was confined at the Shasta County Jail for approximately 24 hours. Defendants lack knowledge and information regarding the remaining allegations of Paragraph 31 and on that basis deny those allegations.

32. Defendants lack sufficient knowledge and information regarding the allegations of Paragraph 32 with which to admit or deny those allegations and on that basis deny the allegations of Paragraph 32.

**McMillan is released from the Shasta County Jail**

33. Defendants lack sufficient knowledge and information regarding the allegations of Paragraph 33 with which to admit or deny those allegations and on that basis deny the allegations of Paragraph 33.

34. Defendants admit that Plaintiff arrived at the Shasta County Jail at approximately 1:00 a.m. on March 8, 2019 and that he was released from the jail at approximately 2:23 a.m. on March 9, 2019. Defendants lack knowledge and information regarding the remaining allegations of Paragraph 34 and on that basis deny those allegations.

35. Defendants lack knowledge and information regarding the allegations of Paragraph 35 and on that basis deny those allegations.

36. Defendants lack knowledge and information regarding the allegations of Paragraph 36 and on that basis deny those allegations.

**PARTIES AND PROCEDURE**

37. Defendants neither admit nor deny the allegations of Paragraph 37 which pertain to other Defendants.

38. Defendants neither admit nor deny the allegations of Paragraph 38 which pertain to other Defendants.

39. Defendants admit that Shasta County is a public entity organized and operating under the laws of the State of California. Defendant further admits that the Shasta County Sheriff's Office is run by the Shasta County Sheriff, an elected official. Defendants deny any remaining allegations of Paragraph 39.

40. Defendants neither admit nor deny the allegations of Paragraph 40 which pertain to other Defendants.

41. Defendants admit that Tom Bosenko was the elected Sheriff-Coroner for Shasta County at times alleged in the Complaint. Defendants further admit that at times alleged in the Complaint, Thomas Bosenko was a policy-making official for Shasta County for the operation of the Shasta County Jail. Defendants neither admit nor deny the capacity in which Defendant Bosenko has been sued. Defendants deny any remaining allegations of Paragraph 41.

42. Defendants admit that Dave Kent was employed by the Shasta County Sheriff's Department assigned as a Captain at the Shasta County Jail during times alleged in the Complaint. Defendants deny any remaining allegations of Paragraph 42.

43. Defendants neither admit nor deny the allegations of Paragraph 43 which pertain to other Defendants.

**STATEMENT OF CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Violation of Constitutional Rights – 42 U.S.C. 1983**
**Fourth Amendment – Unreasonable Search**
**As to Defendant Officer Kameron Lee, City of Anderson, Fire Chief Lowe, and Anderson Fire Protection District, and DOES 3 through 20.**

44. – 45. Defendants neither admit nor deny the allegations of Paragraphs 44 and 45 as those paragraphs contain allegations only against other defendants.

**SECOND CLAIM FOR RELIEF**
**Violation of Constitutional Rights – 42 U.S.C. 1983**
**Fourteenth and Eighth Amendments – Cruel and Unusual Punishment, Deliberate Indifference.**
**Torture Inflicted by Officer Kameron Lee on McMillan in Police Cruiser**
**As to Officer Kameron Lee, City of Anderson, Fire Chief Lowe, Anderson Fire Prevention District, and DOES 3 through 20.**

46. – 48. Defendants neither admit nor deny the allegations of Paragraphs 46, 47 and 48 as those paragraphs contain allegations only against other defendants.

## THIRD CLAIM FOR RELIEF

**Violation of Constitutional Rights – 42 U.S.C. 1983**
**Fourteenth and Eighth Amendments – Cruel and Unusual Punishment, Deliberate Indifference.**

**Torture Inflicted on McMillan by Fire Chief Lowe in Police Cruiser As to Fire Chief Steve Lowe and Anderson Fire Prevention District, and DOES 3 through 20.**

49. – 52. Defendants neither admit nor deny the allegations of Paragraphs 49, 50, 51 and 52 as those paragraphs contain allegations only against other defendants.

## FOURTH CLAIM FOR RELIEF

**Violation of Constitutional Rights – 42 U.S.C. 1983**
**Fourteenth and Eighth Amendments – Deliberate Indifference.**

**Denial of Prescription Medications by Jail Nurses DOE1 and DOE2. AS to Jail Nurses DOE1 and DOE2, CALIFORNIA FORENSIC MEDICAL GROUP, INC., Jail Captain DAVE KENT, Shasta County Sheriff-Coroner THOMAS M. BOSENKO, COUNTY OF SHASTA, and DOES 3 through 20.**

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

## FIFTH CLAIM FOR RELIEF

**Fourteenth and Eighth Amendment – Cruel and Unusual Punishment, Deliberate Indifference.**
**As to Shasta County Sheriff THOMAS M. BOSENKO, Jail Captain DAVE KENT, and DOES 3 through 20.**

56. Defendants incorporate by reference their answers to paragraphs 25 through 29.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants admit that Plaintiff was in a holding cell for approximately 24 hours. Defendants deny any remaining allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

**SIXTH CLAIM FOR RELIEF**
**42 U.S.C. Sec. 1983 – Monell-Related Claims**
**As to Anderson Fire Prevention District,**
**City of Anderson, and Shasta County, and DOES 3 through 20.**

60. Defendants incorporate by reference their answers to each of the other paragraphs of the Complaint. Defendants neither admit nor deny the allegations of law as to who is a person under the law. Defendants deny any remaining allegations of Paragraph 60 regarding color of law.

61. Defendants deny the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

**STATE CLAIMS FOR RELIEF**
**CLAIMS FOR DAMAGES WERE SUBMITTED AS REQUIRED**
**BY STATE CODE SECTIONS §§ 910 *et seq*.**

64. Defendants incorporate their answers to Paragraphs 5 through 27.

a. Defendants admit that the Shasta County Jail is a division of the Shasta County Sheriff's Department which is a department of Shasta County.

b. Defendants admit that the Shasta County Sheriff is an elected official whose duties include the operation of the Shasta County Jail.

c. Defendants admit that the Sheriff is responsible for policies and procedures in the operation of the Shasta County Jail. Defendants deny that the Shasta County Jail is responsible for policies and procedures of California Forensic Medical Group who employs medical staff at the jail.

d. Defendants admit that Tom Bosenko was the elected Sheriff of Shasta County at times alleged in the Complaint.

e. – f. Defendants neither admit nor deny the allegations of subparagraphs e. and f. as they relate only to other defendants.

65. Defendants admit that Plaintiff submitted a Government Claim to the appropriate clerk of the Board of Supervisors for Shasta County. Defendants deny any other allegations of Paragraph 65.

**SEVENTH CLAIM FOR RELIEF**

**Enhanced Claim for Elder Abuse for Torture of McMillan As to Officer Kameron Lee, City of Anderson, Fire Chief Lowe, And Anderson Fire Prevention District.**

66. – 70. Defendants neither admit nor deny the allegations of paragraphs 66 through 70 as those allegations relate only to other defendants.

**EIGHTH CLAIM FOR RELIEF**

**Enhanced Claim for Elder Abuse of McMillan Failure to Provide Needed Medication, and Inhuman Sleeping Conditions in Cell, As to Shasta County Sheriff-Coroner Thomas M. Bosenko.**

71. Defendants incorporate by reference their answers to Paragraphs 3, 22, 23, 30, 31 and 32.

72. Defendants admit that at times alleged in the Complaint, Thomas Bosenko was the elected Sheriff of Shasta County and in that position was responsible to operate the Shasta County Jail.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

**NINTH CLAIM FOR RELIEF**

**False Arrest by Anderson Fire Chief Steve Lowe**

77. – 85. Defendants neither admit nor deny the allegations of Paragraph 77 through 85 because those allegations relate only to other defendants.

///

///

///

**AFFIRMATIVE DEFENSES**

1. AS A FIRST AFFIRMATIVE DEFENSE to each federal cause of action, individual Defendants allege that the causes of action are barred by the doctrine of qualified immunity.

2. AS A SECOND AFFIRMATIVE DEFENSE to each state law cause of action, Defendants allege that each state law cause of action is barred by the statute of limitations as governed by California Government Code § 945.6(a).

3. AS A THIRD AFFIRMATIVE DEFENSE to the state law causes of action, Defendants allege that at the time and place of the incidents in question, Plaintiff was responsible for intentional, careless and negligent acts in and about the matters and things complained of, and that Plaintiff's actions proximately caused the incidents and damages alleged.

4. AS A FOURTH AFFIRMATIVE DEFENSE to each state law cause of action, Defendants allege that at the time and place of the incidents in question, other persons were responsible for intentional, careless and negligent conduct in and about the matters and things complained of and that such conduct of others caused and contributed to the incident and to the damages, if any. Defendants are entitled to have the conduct of such others apportioned and compared to the conduct of Defendants.

5. AS A FIFTH AFFIRMATIVE DEFENSE to each state law cause of action, Defendants allege that they are immune from liability for injury alleged in the Complaint under California Government Code § 845.6.

6. AS A SIXTH AFFIRMATIVE DEFENSE to each state law cause of action, Defendants allege that they are immune from liability for discretionary acts under California Government Code § 820.2 and 815.2(b).

7. AS A SEVENTH AFFIRMATIVE DEFENSE to each state law cause of action, Shasta County as a public entity alleges that it is immune from liability under California Government Code § 844.6(a)(2).

///

///

8. AS AN EIGHTH AFFIRMATIVE DEFENSE to each state law cause of action, Defendants allege that they are immune from liability for failure to provide sufficient facilities at the Shasta County Jail pursuant to Government Code § 845.2.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by their Complaint and that judgment be entered in favor of Defendants;

2. That Defendants be awarded their costs of suit incurred in defense of this action, together with reasonable attorney's fees as provided by 48 U.S.C. 1988, or other applicable law; and

3. For such other relief as the Court deems just.

DATED: July 20, 2020

Respectfully submitted,

BRICKWOOD LAW OFFICE

/s/ GARY BRICKWOOD

GARY BRICKWOOD
Attorneys for Defendants SHASTA COUNTY, THOMAS M. BOSENKO and DAVE KENT