1  DERICK E. KONZ, ESQ., SB No. 286902
      Email: dkonz@akk-law.com
2  GÖKALP Y. GÜRER, ESQ., SB No. 311919
      Email: ggurer@akk-law.com
3  **ANGELO, KILDAY & KILDUFF, LLP**
   Attorneys at Law
4  601 University Avenue, Suite 150
   Sacramento, CA  95825
5  Telephone:  (916) 564-6100
   Telecopier:  (916) 564-6263
6
7
   Attorneys for Defendants CITY OF ANDERSON and ANDERSON POLICE OFFICER
8  KAMERON LEE

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11

12 | JAMES I. McMILLAN, | ) | Case No.: 2:20-cv-00564-JAM-EFB |
   | | ) | |
13 | Plaintiff, | ) | **MEMORANDUM OF POINTS AND** |
   | | ) | **AUTHORITIES IN SUPPORT OF** |
14 | vs. | ) | **DEFENDANTS CITY OF ANDERSON** |
   | | ) | **AND ANDERSON POLICE OFFICER** |
15 | ANDERSON FIRE PROTECTION | ) | **KAMERON LEE'S MOTION TO** |
16 | DISTRICT, et al. | ) | **DISMISS** |
   | | ) | |
17 | Defendants. | ) | **DATE:     September 15, 2020** |
   | | ) | **TIME      1:30 P.M.** |
18 | | ) | **DEPT:     6, 14th Floor** |

19

20

21

22

23

24

25

26

27

28

---

**<u>TABLE OF CONTENTS</u>**

I.      **INTRODUCTION**................................................................1

II.    **DEFENDANTS AND CLAIMS**........................................1

III.   **ALLEGATIONS IN THE COMPLAINT** ......................2

IV.   **MATTERS SUBJECT TO JUDICIAL NOTICE**.........5

V.    **ANALYSIS** ......................................................................5

     A.    **LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)** ........5

     B.    **PLAINTIFF'S FIRST CLAIM FOR UNREASONABLE SEARCH FAILS BECAUSE OFFICER LEE PERFORMED A LEGAL SEARCH INCIDENT TO ARREST**................5

     C.    **PLAINTIFF'S SECOND CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT/DELIBERATE INDIFFERENCE FAILS BECAUSE PLAINTIFF WAS NEITHER A PRISONER NOR A PRE-TRIAL DETAINEE, AND OFFICER LEE DID NOT USE EXCESSIVE FORCE**......................7

          1.    Plaintiff's 8th Amendment and 14th Amendment claims are not cognizable ...........................................7

          2.    Officer Lee's application of force was reasonable under the 4th Amendment.........................................8

          3.    Officer Lee is entitled to qualified immunity ...........................................10

     D.    **PLAINTIFF'S SIXTH CLAIM UNDER *MONELL* PROVIDES ONLY CONCLUSORY ALLEGATIONS**........................................11

     E.    **PLAINTIFF'S SEVENTH CLAIM FOR ELDER ABUSE FAILS TO PLEAD PHYSICAL ABUSE THAT IS RECKLESS, OPPRESSIVE, FRAUDULENT, OR MALICIOUS** ..................13

VI.   **CONCLUSION** ..............................................................15

-i-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF
ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

1

## <u>TABLE OF AUTHORITIES</u>

2

**<u>FEDERAL CASES</u>**

3

*Ashcroft v. Iqbal*

4
     556 U.S. 662, 677-78 (2009) ........................................................5

5

*Bagley v. City of Sunnyvale*

6
     2017 WL 344998, at *16 (N.D. Cal. 2017) ........................................13

7

*Baker v. McCollan*

8
     443 U.S. 137, 140 (1979)........................................................7

9

*Bell Atl. Corp. v. Twombly*

10
     550 U.S. 544, 555 (2007)........................................................5

11

*Cabral v. County of Glenn*

12
     624 F.Supp.2d 1184, 1194 (E.D. Cal. Mar. 19, 2009) ........................15

13

*Cabrera v. City of Huntington Park*

14
     159 F. 3d 374, 380 (9th Cir. 1998) ........................................6

15

*Cain v. City of Sacramento*

16
     2017 WL 4410116, at *3 (E.D. Cal. 2017) ........................................12

17

*Carter v. City of Fresno*

18
     2013 WL 3766525 at *5 (E.D. Cal. 2013) ........................................8

19

*Christie v. Iopa*

20
     176 F.3d 1231, 1235 (9th Cir. 1999) ........................................13

21

*City of Escondido, Cal. v. Emmons*

22
     139 S. Ct. 500, 503 (2019) ........................................................10

23

*Cramer v. City of Auburn*

24
     No. 215CV0462KJMACPS, 2015 WL 7294778, at *2 (E.D. Cal. Nov. 19, 2015)............6

25

*Graham v. Connor*

26
     490 U.S. 386 (1989)........................................................1, 7, 8, 9, 10

27

*Harper v. Cty. of Merced*

28
     2018 WL 5880786, at *6 (E.D. Cal. 2018) ........................................12, 13

-ii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF
ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

*Heck v. Humphrey*

    512 U.S. 477 (1994) ................................................................................................1, 6

*Hernandez v. Cnty of Tulare*

    666 F.3d 631, 637 (9th Cir. 2012) ...............................................................................11

*Johnson v. Glick*

    481 F.2d 1028, 1033 (2nd Cir. 1973)............................................................................9

*Kisela v. Hughes*

    138 S. Ct. 1148, 1152 (2018) ......................................................................................11

*Monell v. Dep't of Soc. Services of the City of N.Y.*

    436 U.S. 658, 694 (1978) ............................................................................................11

*Ramirez v. Butte-Silver Bow County*

    298 F.3d 1022, 1029 (9th Cir. 2002) .............................................................................8

*Salcido v. County of Madera*

    2011 WL 1750739 at *6 (E.D. Cal. 2011) .....................................................................8

*Saucier v. Katz*

    533 U.S. 194, 202 (2001)............................................................................................10

*Smithart v. Towery*

    79 F. 3d 951, 952 (9th Cir. 1996) .................................................................................6

*Sprewell v. Golden State Warriors*

    266 F.3d 979, 988 (9th Cir. 2001) ................................................................................5

*Starr v. Baca*

    652 F.3d 1202, 1216 (9th Cir. 2011) ......................................................................11, 12

*Tennessee v. Garner*

    471 U.S. 1, 7 (1985)......................................................................................................8

*Terry v. Ohio*

    392 U.S. 1, 2-7 (1968) ..................................................................................................9

*Thompson v. Rahr*

    885 F.3d 582, 586 (9th Cir. 2018) ...............................................................................10

-iii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF
ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

*Trevino v. Gates*

    99 F.3d 911, 918 (9th Cir. 1996) ...............................................................12, 13

*U.S. v. Robinson*

    414 U.S. 218, 235 (1973)................................................................................6

*United States v. S. Cal. Edison Co.*

    300 F.Supp.2d 964, 970-71 (E.D. Cal. 2004) .....................................................5

*Wallace v. City of Santa Rosa*

    2013 WL 4675354 (N.D. Cal. 2013) ...............................................................12

**<u>STATE CASES</u>**

*Cochrum v. Costa Victoria Healthcare, LLC*

    25 Cal.App.5th 1034, 1046 (2018) ..................................................................14

*Covenant Care, Inc. v. Superior Court*

    32 Cal. 4th 771, 778 (2004) ..........................................................................14

**<u>OTHER AUTHORITIES</u>**

Welfare and Institutions Code Section 15600 ...............................................13

Elder Abuse and Dependent Adult Civil Protection Act ...............................14, 15

Health and Safety Code Section 15657 .....................................................2, 13, 14

Health and Safety Code Section 41800 .......................................................1, 5

Health and Safety Code Section 42400 .......................................................1, 3, 5

Penal Code section 148(a)(1)....................................................................1, 3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF
ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

# I.  INTRODUCTION

Plaintiff James I. McMillan was arrested for and pled "no contest" to illegal burning of petroleum in his backyard.

Now, the criminal case having resolved, Plaintiff claims Anderson Police Officer Kameron Lee performed an unlawful search of his person <u>after</u> he was placed under arrest.  Plaintiff also claims he was forced to lay down uncomfortably in Officer Lee's patrol vehicle during the twenty-minute drive to jail, allegedly causing a long-term shoulder injury.  Plaintiff also claims the City of Anderson maintains two unlawful customs, policies, or practices that resulted in Officer Lee's alleged bad acts.

Because Plaintiff pled "no contest" to illegal burning, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) he cannot now argue there was no probable cause for his arrest, meaning Officer Lee was legally permitted to and did perform a search incident to arrest.  Plaintiff's 8th Amendment Cruel and Unusual Punishment/14th Amendment Deliberate Indifference claim fails because he was neither a prisoner nor a pre-trial detainee during his interactions with Officer Lee.  And even though this second claim can likely be amended to plead a 4th Amendment Excessive Force claim, Officer Lee's alleged actions do not constitute excessive force under *Graham v. Connor*, 490 U.S. 386, 397 (1989), and Officer Lee is entitled to qualified immunity.  For similar reasons, Plaintiff's Elder Abuse claim fails because Officer Lee's alleged actions do not constitute "physical abuse" that were reckless, oppressive, fraudulent, or malicious.  Finally, Plaintiff alleges only conclusory allegations under his *Monell* claim, which is insufficient under *Twombly/Iqbal*.

All four of Plaintiff's claims against the City of Anderson and Officer Lee should therefore be dismissed without leave to amend.

# II.  DEFENDANTS AND CLAIMS

Plaintiff is proceeding on his First Amended Complaint (ECF No. 9) against (1) the City of Anderson and (2) Anderson Police Officer Kameron Lee.[1]

---

[1] Plaintiff is also suing: (3) Anderson Fire Protection District, (4) Anderson Fire Chief Steve Lowe, (5) County of Shasta, (6) Shasta County Sheriff Thomas M. Bosenko, (7) Jail Nurse DOE 1, and (8) Jail Nurse DOE 2.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

1   Against Officer Lee, Plaintiff makes the following claims: (1) Unreasonable Search under

2   the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) Cruel and Unusual Punishment under

3   the Eighth Amendment/Deliberate Indifference under the Fourteenth Amendment pursuant to 42

4   U.S.C. § 1983; and (3) Elder Abuse pursuant to Welfare and Institutions Code § 15657.[2]

5   Against the City of Anderson, Plaintiff is making a (4) *Monell* claim.

### III.  ALLEGATIONS IN THE COMPLAINT

7   Plaintiff was 77 years old, 6'3", and 245 pounds in March 2019.  (ECF No. 9, p. 3, ¶5.)

8   On March 7, 2019, at approximately 10 p.m., Plaintiff saw a fire truck in the street.  (*Id.* at

9   p. 4, ¶6.)  Plaintiff contacted approximately six firemen from the Anderson Fire Protection District

10  in his driveway and asked what was going on.  (*Ibid.*)  One of the firemen said a fire had been

11  reported at his address, 1892 Diamond Street.  (*Ibid.*)  Plaintiff responded there was no fire, but

12  one of the firemen demanded that he be allowed to investigate.  (*Ibid.*)

13  Plaintiff unlocked the side gate and accompanied the firemen to his backyard.  (*Ibid.*)

14  There was no fire, but there were three metal 8 oz. coffee cans near each other at the bottom of a

15  nearly empty swimming pool.  (*Ibid.*)  The firemen returned to the driveway and Plaintiff locked

16  the side gate and went back inside the home.  (*Id.* at p. 4, ¶7.)

17  Approximately ten minutes later, one of the firemen "banged on the front door", Plaintiff

18  answered, and they told him to come outside because they were "not through with him."  (*Ibid.*)

19  The fireman escorted Plaintiff to the driveway where the rest of the firemen were waiting.  (*Ibid.*)

20  Plaintiff noticed that Fire Chief Steve Lowe had now arrived, as had four Anderson Police Officers.

21  (*Id.* at p. 4, ¶8.)

22  Chief Lowe, who was wearing "a badge and official accoutrements", demanded Plaintiff

23  provide his name, age, and driver's license.  (*Ibid.*)  Plaintiff provided his name and indicated he

24  lived in San Diego, but refused to provide any further information.  (*Ibid.*)  Plaintiff explained that

25  since he had not been driving, and since a driver's license need only be provided in connection

26  with the operation of a motor vehicle, he was not obligated to provide his license.  (*Id.* at p. 4, ¶9.)

27

28  _____
[2] Plaintiff is also making a false arrest claim, but against Fire Chief Lowe and not Officer Lee.

Officer Kameron Lee used his cell phone to verify Plaintiff's address and age, and gave this information to Chief Lowe. (*Id.* at p. 4, ¶10.) Chief Lowe prepared a citation with two code violations: (1) Health and Safety Code section 42400[3]; and (2) Penal Code section 148(a)(1).[4] (*Id.* at p. 5, ¶ 11.) Chief Lowe "falsely charged Plaintiff without probable cause" for violations of these sections. (*Ibid.*) Chief Lowe handed the citation to Plaintiff to sign, but he refused to sign without being provided an explanation for the charges. (*Ibid.*)

Immediately after Plaintiff refused to sign the citation, and without any further discussion, Officer Lee "stepped up" and handcuffed Plaintiff, placing him under arrest. (*Id.* at p. 5, ¶12.) Plaintiff was never provided with a search warrant. (*Ibid.*) Without checking any of Plaintiff's other pockets, Officer Lee "went directly to [Plaintiff's] left hip pocket where a bulge indicated a wallet." (*Ibid.*) Officer Lee "seized [Plaintiff's] wallet, pulled out his driver's license and examined it", and after examining it he "replaced the license in the wallet and stuffed the wallet back into [Plaintiff's] jacket pocket without checking more pockets for anything else or commenting." (*Ibid.*)

Officer Lee took Plaintiff to his patrol vehicle, opened the left rear passenger door, and ordered him to get in. (*Id.* at p. 5, ¶13.) Plaintiff told Officer Lee the handcuffs were too tight, and Officer Lee replied that he had checked the cuffs and they were not too tight. (*Ibid.*) Plaintiff claims the cuffs were tight enough such that he was "unable to bend his arms at the elbow to maneuver into the back seat from a standing position." (*Ibid.*) Plaintiff also claims he was "too tall to just sit down", and the driver's seat was pushed back too far, leaving roughly fifteen inches of space, which was not enough room for his knees to fit behind the back of the front seat. (*Ibid.*) Officer Lee did not offer Plaintiff assistance in getting into the vehicle, and "again just ordered

---

[3] Health and Safety Code section 42400 states, "… any person who violates … any rule … adopted pursuant to Part 4 (commencing with Section 41500), inclusive, is guilty of a misdemeanor and is subject to a fine of not more than five thousand dollars ($5,000) or imprisonment in the county jail for not more than six months, or both."
Health and Safety Code Section 41800 states, "… no person shall use open outdoor fires for the purpose of disposal or burning of petroleum wastes, demolition debris, tires, tar, trees, wood waste, or other combustible or flammable solid or liquid waste; or for metal salvage or burning of motor vehicle bodies."
[4] Penal Code section 148(a)(1) states, "Every person who willfully resists, delays, or obstructs any … peace officer … in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and punishment."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

1   [him] to get in the car." (*Ibid.*)

2       Officer Lee said he would shut the left rear passenger door and that the door would hit

3   Plaintiff. (*Id.* at p. 6, ¶14.) Plaintiff "dropped into the back seat lengthwise twisting to his right

4   side without any way to cushion his fall." (*Ibid.*) The fall "caused intense pain in [his] shoulders

5   as his 245-pound body hit the hard plastic back seat, twisting his arms" and caused him "great

6   physical pain and injury." (*Ibid.*) After Plaintiff was in the vehicle with his feet dangling off the

7   edge of the seat, Officer Lee told him to get his feet inside because he was going to shut the door.

8   (*Ibid.*) Plaintiff "wiggled into the car more," and when Officer Lee shut the door "it shoved [his]

9   feet into the car causing pain in [his] right knee due to a prior recent injury." (*Ibid.*)

10       Plaintiff was unable to sit upright in the vehicle due to his physical size and the fact that

11   his hands were cuffed behind his back. (*Id.* at p. 6, ¶15.) He was instead left "laying painfully on

12   his right side scrunched up on the hard plastic bench" that was the back seat. (*Ibid.*) Officer Lee

13   left Plaintiff "lying on his side handcuffed and suffering intense physical pain" in the car longer

14   than ten minutes while Officer Lee spoke with the other officers and firemen. (*Id.* at p. 6, ¶16.)

15   Officer Lee finally returned to the vehicle, opened the door, and "with a tormenting tone" asked

16   Plaintiff if he was ready to sign the citation, to which Plaintiff replied that he wasn't. (*Ibid.*)

17   Officer Lee then shut the door, got in the driver's seat, and drove Plaintiff to Shasta County Jail

18   approximately ten miles away in Redding. (*Ibid.*)

19       Plaintiff claims he suffered "great pain in his wrists and shoulder joints while twisted on

20   his right side, with his feet jammed against the car door closed against them […] for approximately

21   20 minutes before being removed from the police cruiser." (*Id.* at p. 6, ¶ 17.) Plaintiff claims he

22   "continues to suffer pain in his left shoulder which is directly attributable to" Officer Lee's

23   "intentionally and unnecessarily rough treatment" inflicted upon Plaintiff "merely because

24   [Plaintiff] refused to sign Fire Chief Lowe's citation. (*Id.* at p. 6, ¶18.)

25       Plaintiff brings additional claims against the County defendants for alleged mistreatment

26   during his incarceration, specifically claiming he was forced to spend two nights in a "filthy"

27   holding room with other inmates, and that he was denied prescription medication, insulin, and

28   alternative meals for diabetics during his stay. (*Id.* at pgs. 7-10, ¶¶ 19-32.)

## IV.  MATTERS SUBJECT TO JUDICIAL NOTICE

On January 29, 2020, Plaintiff was charged with one criminal count stemming from his March 7, 2019 arrest: Health and Safety Code §§ 41800/42400 (Prohibited Burning).  (Defendants' Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's First Amended Complaint "RJN", ¶1, **EXHIBIT B**.)   Sometime after the initial charge, Plaintiff was charged with an additional count: Public Resources Code § 4291 (Structures in Mountainous Areas; Flammable Materials).  (*See* RJN, ¶2, **EXHIBIT C**.)  On June 22, 2020, Plaintiff pled "no contest" to the second count and the first count was dismissed.  (*Ibid.*)

## V.  ANALYSIS

### A.    LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) when there is either a lack of a cognizable legal theory, lack of sufficient facts alleged under a cognizable legal theory, or when the facts alleged in the Complaint give rise to an absolute defense or bar recovery.  *United States v. S. Cal. Edison Co*., 300 F.Supp.2d 964, 970-71 (E.D. Cal. 2004) (citations omitted).  "[A] plaintiff's obligation to provide grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) quoting *Bell Atl. Corp,* 550 U.S. at 570.  "A claim has facial plausibility . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678, quoting *Bell Atl. Corp,* 550 U.S. at 556.  Pleadings that are no more than conclusions are not entitled to an assumption of truth. *Id.* at 679.  Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations."  *Ibid.*  A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

///

**B.** **PLAINTIFF'S FIRST CLAIM FOR UNREASONABLE SEARCH FAILS BECAUSE OFFICER LEE PERFORMED A LEGAL SEARCH INCIDENT TO ARREST**

The basis for Plaintiff's unreasonable seizure claim is Officer Lee "removed [his] wallet and examined it without a warrant", and did so "without justification or authority, and without probable cause, exigency, or court order."  (ECF No. 9, p. 13, ¶45.)  This claim fails because Officer Lee actually performed a lawful search incident to arrest.

Once a suspect is placed under arrest, officers are permitted to conduct a search of the suspect's person.  *U.S. v. Robinson*, 414 U.S. 218, 235 (1973) ("It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment.")

Although Plaintiff claims Officer Lee searched him without probable cause, Plaintiff's "no contest" plea conclusively establishes probable cause for his arrest.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that a suit under section 1983 involving claims which, if established, would render the plaintiff's criminal conviction invalid, does not lie until the conviction is overturned.  In other words, if a criminal conviction is fundamentally inconsistent with the unlawful behavior for which the claim is based, the action must be dismissed.  *Smithart v. Towery,* 79 F. 3d 951, 952 (9th Cir. 1996).

Here, according to Plaintiff's criminal case, Plaintiff pled no contest to one of the charges that was the basis of his arrest.  (RJN ¶2, **EXHIBIT C**.)  Plaintiff's conviction, then, conclusively establishes that there was probable cause for his arrest.  The reasoning is that a person cannot be falsely arrested for a crime of which they are later convicted; to hold otherwise would necessarily imply the invalidity of Plaintiff's conviction. *Heck, supra*, 512 U.S. at 486-87; *see Cabrera v. City of Huntington Park*, 159 F. 3d 374, 380 (9th Cir. 1998) ("finding there was no probable cause would 'necessarily imply' that [plaintiff's] conviction for disturbing the peace was invalid."); *see also Cramer v. City of Auburn*, No. 215CV0462KJMACPS, 2015 WL 7294778, at *2 (E.D. Cal. Nov. 19, 2015), report and recommendation adopted, No. 215CV0462KJMACPS, 2016 WL 10636365 (E.D. Cal. Feb. 4, 2016), aff'd, 688 F. App'x 483 (9th Cir. 2017) ("Were this court to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

1  find that there was no probable cause, that finding would necessarily imply that the resulting

2  conviction was invalid[.]")

3       Therefore, since there was probable cause for Plaintiff's arrest, Officer Lee's search of

4  Plaintiff's person and his wallet was lawful pursuant to *Robinson* as a search incident to arrest.

5  **C.   PLAINTIFF'S SECOND CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT/DELIBERATE INDIFFERENCE FAILS BECAUSE PLAINTIFF WAS NEITHER A PRISONER NOR A PRE-TRIAL DETAINEE, AND OFFICER LEE DID NOT USE EXCESSIVE FORCE**

6

7       **1.   Plaintiff's 8th Amendment and 14th Amendment claims are not cognizable**

8       Plaintiff's second claim is for Cruel and Unusual Punishment under the Eighth

9  Amendment, and Deliberate Indifference under the Fourteenth Amendment.  The bases for

10 Plaintiff's claim are the tight handcuffs, the uncomfortable ride in Officer Lee's patrol vehicle,

11 and the door being closed against his feet.  (ECF No. 9, pgs. 5-6, ¶¶12-18.)

12      Pursuant to *Graham v. Connor*, 490 U.S. 386 (1989), this claim would be facially valid

13 under the Fourth Amendment, but is invalid under either the Eighth or Fourteenth Amendment.

14      At the outset, the Eighth Amendment claim is inapposite because the "Cruel and Unusual

15 Punishments Clause 'was designed to protect those convicted of crimes'" and therefore applies to

16 prisoners, not plaintiffs claiming excessive force during an arrest.  *Whitley v. Albers*, 475 U.S. 312,

17 318 (1986).

18      Further, the Supreme Court in *Graham* held that "*all* claims that law enforcement officers

19 have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other

20 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness'

21 standard, rather than under a 'substantive due process' approach."  *Graham, supra,* 490 U.S. at

22 395. (emphasis in original)

23      The Supreme Court explained, "[i]n addressing an excessive force claim brought under §

24 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the

25 challenged application of force."  *Id.* at 394; citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)

26 ("The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which

27 [the defendant] is charged.").  "In most instances, [citation omitted] that will be either the Fourth

28 Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF
ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." *Ibid.*   After identifying the applicable constitutional right, the next step is to apply the "specific constitutional standard which governs that right, rather than […] some generalized 'excessive force' standard." *Ibid.*; *see Tennessee v. Garner*, 471 U.S. 1, 7 (1985) (claim of excessive force to effect arrest analyzed under a Fourth Amendment standard, even though the complaint alleged violation of both the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment); *Whitley, supra,* 475 U.S. at 318-26 (claim of excessive force to subdue convicted prisoner analyzed under an Eighth Amendment standard).  "Where […] the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their person . . . against unreasonable . . . seizures' of the person." *Graham, supra,* 490 U.S. at 395.  "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Ibid.*

Plaintiff's attempt to claim excessive force under the Eighth and Fourteenth Amendments is an attempt to "double-up" on constitutional claims, which has been rejected in this Circuit as well as in the Eastern District.  *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029 (9th Cir. 2002) (citing *Graham, supra,* 490 U.S. at 394-95) ("Where a claim can be analyzed under 'an explicit textual source' of rights in the Constitution, a court may not also assess the claim under another, 'more generalized,' source."); *Carter v. City of Fresno*, 2013 WL 3766525 at *5 (E.D. Cal. 2013) (analyzing claim under Fourth Amendment and not under substantive due process); *Salcido ex rel. Salcido v. County of Madera*, 2011 WL 1750739 at *6 (E.D. Cal. 2011).

Therefore, Plaintiff's first claim for excessive force is limited to the Fourth Amendment and cannot be evaluated under either the Eighth or Fourteenth Amendment.

**2.      Officer Lee's application of force was reasonable under the 4th Amendment**

Even if Plaintiff were to plead a proper Fourth Amendment claim, Officer Lee's alleged actions would not constitute excessive force pursuant to *Graham*.

As to the tight handcuffs, while handcuffing can be a basis for excessive force under some circumstances, Plaintiff never actually claims the handcuffs hurt his wrists. Instead, Plaintiff merely claims the handcuffs "were sufficiently tight that [Plaintiff] was <u>unable to bend his arms at the elbow</u> to maneuver into the back seat from a standing position." (ECF No. 9, p. 5, ¶13.) (emphasis added) Further, even though Plaintiff later claims he suffered pain in his wrists and shoulder joints "while twisted on his right side" in the vehicle, he does not attribute the wrist pain to the tight handcuffs. (*Id.* at p. 6, ¶17.) This basis therefore lacks causation.

As to the uncomfortable ride to jail, Plaintiff claims lying down in the vehicle caused a shoulder injury, but he does not allege Officer Lee made any contact with him or that he forced Plaintiff into this position, just that Officer Lee "ordered [Plaintiff] to get in the car." (*Id.* at pgs. 5-6, ¶¶13-14.) This basis also lacks causation.

This leaves as Plaintiff's *sole* basis for excessive force the allegation that when Officer Lee "shut the door it shoved [Plaintiff's] feet into the car." (*Id.* at ¶14.) Plaintiff admits Officer Lee <u>twice</u> warned Plaintiff before closing the door that if Plaintiff did not put his feet in the vehicle then the door would hit his feet. (*Ibid.*) Plaintiff still did not put his feet all the way into the vehicle, such that when Officer Lee closed the door it made contact with Plaintiff's feet. (*Ibid.*)

*Significantly*, Plaintiff does not allege, for instance, that Officer Lee slammed the door against Plaintiff's feet and that the door injured Plaintiff's foot or ankle. Instead, Plaintiff merely alleges that Officer Lee closed the door, the door "shoved" Plaintiff's feet into the car, this caused pain to his right knee "due to a prior recent injury", and that his feet were "jammed against the car door" for the 20-minute ride to jail. (ECF No. 9, p. 6, ¶¶14, 17.) This does not amount to excessive force. Plaintiff does not even allege current knee pain, just shoulder pain. (*Id.* at ¶18.)

Plaintiff characterizes these alleged actions as "unnecessarily rough treatment." (*Id.* at ¶18.) However, Plaintiff fails to appreciate that the right to make an arrest or an investigatory stop *necessarily* includes the right to use or threaten to use <u>some degree of physical force</u>. *Graham, supra*, 490 U.S. at 396 (*citing Terry v. Ohio*, 392 U.S. 1, 2-7 (1968) (emphasis added). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers […] violates the Fourth Amendment." *Graham, supra,* 490 U.S. at 396 (*quoting Johnson v. Glick*, 481

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

1    F.2d 1028, 1033 (2nd Cir. 1973).

2         Therefore, <u>assuming these allegations are true</u>, Plaintiff cannot make out a claim for

3    excessive force because Officer Lee's *de minimis* application of force is reasonable under even the

4    most liberal analysis pursuant to *Graham*.

5         **3.      Officer Lee is entitled to qualified immunity**

6         Further, Officer Lee is entitled to qualified immunity because it would not be clear to a

7    reasonable officer that closing the back passenger door of their patrol vehicle and making contact

8    with an arrestee's feet, after giving two warnings to put his feet into the vehicle, was unreasonable

9    under the circumstances. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive

10   inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the

11   situation he confronted").

12        Police officers are entitled to qualified immunity if either (1) the facts taken in the light

13   most favorable to the party asserting the injury show that the officer's conduct did not violate a

14   constitutional right; or (2) the right was not clearly established at the time of the alleged violation.

15   *Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018). For a right to be "clearly established,"

16   existing "precedent must have placed the statutory or constitutional question beyond debate," such

17   that "every" reasonable official, not just "a" reasonable official, would have understood that he

18   was violating a clearly established right. *Id.* at 587.

19        As to the first basis, the above analysis under Section V(C)(2) establishes that Officer Lee's

20   alleged action in closing the car door did not violate Plaintiff's 4th Amendment rights.

21        As to the second basis, there was no clearly established right to be free from an officer

22   closing the back passenger door of their patrol vehicle and making contact with an arrestee's feet,

23   after giving two warnings to put his feet into the vehicle.

24        The clearly established right must be defined with specificity, not at a high level of

25   generality. *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019). This is particularly

26   important in excessive force cases where "it is sometimes difficult for an officer to determine how

27   the relevant legal doctrine, here excessive force, will apply to the factual situation the officer

28   confronts. Use of excessive force is an area of the law in which the result depends very much on

---

-10-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF
ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS

1   the facts of each case, and thus police officers are entitled to qualified immunity unless existing

2   precedent squarely governs the specific facts at issue." *Ibid.* "It does not suffice for a court simply

3   to state that an officer may not use unreasonable and excessive force, deny qualified immunity,

4   and then remit the case for a trial on the question of reasonableness." *Ibid.* Further, the Supreme

5   Court "has repeatedly told courts—and the Ninth Circuit in particular—not to define clearly

6   established law at a high level of generality." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). In

7   the warrantless-arrest context, the Supreme Court has "stressed the need to 'identify a case where

8   an officer acting under similar circumstances ... was held to have violated the Fourth Amendment.'

9   " *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018).

10       Here, existing precedent does not establish "beyond debate" that an officer closing the back

11   passenger door of their patrol vehicle and making contact with an arrestee's feet, after giving two

12   warnings to put his feet into the vehicle, constitutes excessive force. Plaintiff thus did not have a

13   clearly established right to be free from Officer Lee's alleged actions, but in any event, the alleged

14   actions do not constitute excessive force in the first place. Officer Lee is therefore protected by

15   qualified immunity.

16   **D.   PLAINTIFF'S SIXTH CLAIM UNDER *MONELL* PROVIDES ONLY CONCLUSORY**
17        **ALLEGATIONS**

18       A municipal defendant cannot be held liable under 42 U.S.C. § 1983 unless a plaintiff can

19   show that the entity's policy, practice, or custom was the moving force behind the constitutional

20   violation. *Monell v. Dep't of Soc. Services of the City of N.Y.*, 436 U.S. 658, 694 (1978). *Monell*

21   claims must contain sufficient factual allegations to give fair notice to the opposing party and

22   "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing

23   party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652

24   F.3d 1202, 1216 (9th Cir. 2011).

25       Conclusory *Monell* pleading has been rejected in this Circuit. *See AE ex rel. Hernandez v.*

26   *Cnty of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (holding, to survive a motion to dismiss, a

27   plaintiff must do more than allege that a *Monell* defendant "maintained or permitted an official

28   policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" alleged

elsewhere in the complaint), citing *Starr*, 652 F.3d at 1216 ("to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Further, "[d]istrict courts have dismissed complaints where a plaintiff alleged a single incident of unconstitutional conduct as the basis for their *Monell* claim." *Cain v. City of Sacramento*, 2017 WL 4410116, at *3 (E.D. Cal. 2017); *see also Wallace v. City of Santa Rosa*, 2013 WL 4675354 (N.D. Cal. 2013) (dismissing a *Monell* claim rooted in allegations of an officer's use of excessive force during an arrest, finding that a single incident is insufficient to support a *Monell* claim).

Plaintiff attempts to plead a *Monell* claim under a theory of Unconstitutional Custom, Policy, or Practice, but he does not state any factual content nor allege any prior incidents sufficient to state a claim. Further, an unwritten policy or custom can form the basis for a *Monell* claim, but it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Here, Plaintiff claims the City maintained two customs, policies, or practices:

1. "Placing persons who refuse to produce identification under arrest, with the intention of searching persons' bodies, papers, and effects for such identification, without a warrant, and in the absence of exigent circumstances, or knowingly aiding and abetting the same" (ECF No. 9, p. 18, ¶61a.); and

2. "Inflicting pain and mental anguish in an effort to coerce persons to sign citations issued by the AFPD, or knowingly aiding and abetting the same". (*Id.* at ¶61b.)

There are no specific facts regarding an unconstitutional policy, custom or practice, no allegations of prior incidents that someone could reasonably infer one from, and no facts showing that this conclusory practice was "of sufficient duration, frequency, and consistency such that the alleged custom or practice has become a traditional method of carrying out policy." *Harper v.*

-12-

1  *Cty. of Merced*, 2018 WL 5880786, at *6 (E.D. Cal. 2018), citing *Trevino*, 99 F.3d at 918 (liability

2  cannot be predicated on isolated or sporadic events).  Instead, Plaintiff alleges boilerplate

3  conclusions of customs, practices and policies regarding excessive force, false arrest, and

4  unreasonable search.  This cannot survive a motion to dismiss.  *See Harper* at *5 (dismissing a

5  "policy, practice, or custom" claim with a conclusory allegation of a "widespread or longstanding

6  custom and practice of not carefully handling mentally ill individuals"); *see also Bagley v. City of*

7  *Sunnyvale*, 2017 WL 344998, at *16 (N.D. Cal. 2017) (dismissing a *Monell* claim because

8  "Plaintiff's allegation that Sunnyvale has a policy '[t]o use or tolerate the use of excessive and/or

9  unjustified force' is too vague to sufficiently allege a policy under *A.E.*  Indeed, because Plaintiff

10  has brought an excessive force claim, Plaintiff is essentially alleging that Sunnyvale has

11  an 'official policy, custom, or practice of knowingly permitting the occurrence of the type of

12  wrongs' alleged elsewhere in the complaint."); *see also Christie v. Iopa*, 176 F.3d 1231, 1235 (9th

13  Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a

14  longstanding practice or custom.").

15       Plaintiff's *Monell* allegations here concern a single event, and in an attempt to use these

16  allegations to plead a *Monell* violation, Plaintiff slapped the "*Monell*" label on this event in an

17  attempt to direct liability to the City of Anderson.  The law does not allow this.  If such pleading

18  were to satisfy *Twombly/Iqbal*, then every plaintiff would be able to successfully plead *Monell* by

19  concluding that an alleged violation constituted a custom, policy, or practice maintained by the

20  entity.

21       Plaintiff's allegations are therefore inadequate to state a *Monell* claim.

22  **E.  PLAINTIFF'S SEVENTH CLAIM FOR ELDER ABUSE FAILS TO PLEAD PHYSICAL ABUSE THAT IS RECKLESS, OPPRESSIVE, FRAUDULENT, OR MALICIOUS**

23

24       Plaintiff's elder abuse claim is made pursuant to the Elder Abuse and Dependent Adult

25  Civil Protection Act, codified at California Welfare and Institutions Code section 15600, *et seq.*

26  Specifically, Plaintiff is making an <u>*Enhanced*</u> Elder Abuse claim pursuant to section 15657, which

27  warrants enhanced penalties but requires a showing by <u>clear and convincing evidence</u> of (1)

28  "physical abuse"; and (2) recklessness, oppression, fraud, or malice.  Section 15657.

-13-

The basis for McMillan's elder abuse claim is he was "physically abused by Officer Kameron Lee" when "forced into the backseat" of Officer Lee's patrol vehicle, causing severe pain and injury.  (ECF No. 9, p. 20, ¶69.)

First, Plaintiff's elder abuse claim is insufficiently pled because he does not allege Officer Lee acted with recklessness, oppression, fraud, or malice, as required by section 15657.  Further, Plaintiff never alleges Officer Lee made contact with Plaintiff in "forcing" him into the backseat, just that Officer Lee "ordered [Plaintiff] to get in the car."  (ECF No. 9, pgs. 5-6, ¶¶13-14.)  These deficiencies alone render the claim facially invalid.

Second, even if Plaintiff properly amends this claim, Officer Lee's alleged actions still do not constitute "physical abuse", let alone physical abuse that is reckless, oppressive, fraudulent, or malicious.  Physical abuse is defined under section 15610.63 as assault, battery, assault with a deadly weapon, unreasonable physical restrain, sexual assault, or use of a physical or chemical restrain or psychotropic medication.  Section 15610.63.  The only potentially relevant definitions are "battery" and "unreasonable physical restraint", and the above analysis under Section V.C.2 demonstrates Officer Lee's application of force was reasonable under the circumstances.  Further, even if Officer Lee's actions could somehow be branded as "physical abuse", it would require an even greater leap to say that such a *de minimis* application of force was done with recklessness, oppression, fraud, or malice.

The following is an example of a case involving conduct sufficiently egregious to warrant the award of enhanced remedies under the Elder Abuse Act: "[a] skilled nursing facility: (1) failed to provide an elderly man suffering from Parkinson's disease with sufficient food and water and necessary medication; (2) left him unattended and unassisted for long periods of time; (3) left him in his own excrement so that ulcers exposing muscle and bone became infected; and (4) misrepresented and failed to inform his children of his true condition."  *Cochrum v. Costa Victoria Healthcare, LLC* (2018) 25 Cal.App.5th 1034, 1046 (citing *Covenant Care, Inc. v. Superior Court* (2004) 32 Cal. 4th 771, 778).  This is but one example, but it is telling – the facts of *Covenant* stand in stark contrast to the mild allegations set forth by Plaintiff, and for good reason.  The primary purpose of section 15657 is "the protection of residents of nursing homes and other health

care facilities", not plaintiffs who happen to meet the statutory definition of "elder" and who encountered the police. *Cabral v. County of Glenn* (E.D. Cal. Mar. 19, 2009) 624 F.Supp.2d 1184, 1194.

It thus appears Plaintiff's elder abuse claim is premised on the mere fact that he meets the definition of "elder" under the code because he is above 64 years of age. Section 15610.27. This, coupled with Plaintiff's trivial allegations of force, is insufficient to state an elder abuse claim. By no stretch of the imagination can Officer Lee's alleged application of force constitute "physical abuse" that is reckless, oppressive, fraudulent, or oppressive under the Elder Abuse Act.

## VI. CONCLUSION

Plaintiff's claims for unreasonable seizure and *Monell* are legally impossible, and his claims for excessive force and elder abuse are belied by Plaintiff's allegations demonstrating Officer Lee applied *de minimis* force. These four claims against the City of Anderson and Officer Lee should therefore be dismissed without leave to amend.

Dated: July 20, 2020                    ANGELO, KILDAY & KILDUFF, LLP

                                        */s/ Gökalp Y. Gürer*
                                    By:_____
                                        DERICK E. KONZ
                                        GÖKALP Y. GÜRER
                                        Attorneys for Defendants CITY OF
                                        ANDERSON and ANDERSON POLICE
                                        OFFICER KAMERON LEE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S MOTION TO DISMISS