**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
  E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants ANDERSON FIRE PROTECTION DISTRICT and FIRE CHIEF STEVE LOWE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JAMES I. MCMILLAN,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF SHASTA, a public entity; CITY OF ANDERSON, a public entity; ANDERSON FIRE PROTECTION DISTRICT, a public entity; FIRE CHIEF STEVE LOWE in his official and individual capacity; ANDERSON POLICE OFFICER KAMERON LEE in his official and individual capacity; SHASTA COUNTY SHERRIFF-CORONER THOMAS M. BOSENKO RET., in his individual and official capacities; COUNTY JAIL CAPTAIN DAVE KENT, in his individual and official capacity; CALIFORNIA FORENSIC MEDICAL GROUP, INC., A California Corporation; JAIL NURSE DOES 1; JAIL NURSE DOE 2, AND DOES 3-20, individually, jointly, and severally,<br><br>          Defendants. | Case No. 2:20-cv-00564-JAM-EFB<br><br>**DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date:     September 15, 2020<br>Time:    1:30 p.m.<br>Crtrm.:   6<br><br>Judge:   Hon. John A. Mendez, Crtrm. 6<br><br>Trial Date:       None Set |

/ / /

/ / /
4823-3738-3875.1                                 1

DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**TO THE HONORABLE JOHN A. MENDEZ, JUDGE, AND TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants, FIRE CHIEF STEVE LOWE and ANDERSON FIRE PROTECTION DISTRICT on September 15, 2020 at 1:30 p.m. in Courtroom 6 of the United States District Court, Eastern District of California, 501 I Street, Sacramento, California 95814 will and hereby do move this court for an order dismissing all claims against them without leave to amend for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion is made following the conference of counsel pursuant to the Court's standing order. Counsel met and conferred via written correspondence on July 16, 2020. Counsel spoke telephonically with Plaintiff on July 20, 2020. Counsel and Plaintiff were unable to resolve their differences of the merits as to the instant Motion. This Motion will be based on this Notice, on the attached Memorandum of Points and Authorities in support of the motion, and/or any Judicial Notice requested herein, and such other and further evidence that may be introduced at the Hearing of this Motion.

DATED: July 20, 2020					LEWIS BRISBOIS BISGAARD & SMITH LLP

							By:	*/s/ Ryan J. Matthews*
								JOSEPH A. SALAZAR, JR.
								RYAN MATTHEWS
								Attorneys for Defendants ANDERSON FIRE PROTECTION DISTRICT and FIRE CHIEF STEVE LOWE



4823-3738-3875.1

2

DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Defendants FIRE CHIEF STEVE LOWE and ANDERSON FIRE PROTECTION DISTRICT (collectively "Chief Lowe") submit this Memorandum in support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's First Amended Complaint is replete with histrionic outrage at his alleged mistreatment by police. However, the actions actually taken by Chief Lowe are straightforward, and the allegations against him end prior to any allegedly unlawful actions by the City of Anderson police officers.

Ultimately, the ordeal Plaintiff complains of was the result of his own belligerence. Chief Lowe cited Plaintiff for violations of Health & Safety Code section 42400.2(c) and Penal Code section 146(A)(1). Plaintiff refused to either sign the citation or provide identification upon request. As a result, police officers arrested him pursuant to Penal Code 853.6(i), which squarely addresses the lawful procedure used.

With respect to the claims against Chief Lowe and the Anderson Fire Protection District, two questions arise. The first is whether citing Plaintiff for his purported violations of the Health and Safety Code and the Penal Code amounts to a violation of Plaintiff's constitutional rights. The second is whether Chief Lowe was an integral participant in Plaintiff's arrest and transportation to jail. As discussed below, based on the allegations in Plaintiff's First Amended Complaint, the answer to both questions is unequivocally no.[1] As such, Chief Lowe respectfully requests that the Court dismiss all of Plaintiff's claims against Fire Chief Steve Lowe and the Anderson Fire Protection District pursuant to Federal Rule of Civil Procedure 12(b)(6).

II. STATEMENT OF PLAINTIFF'S ALLEGATIONS AS TO CHIEF LOWE

Plaintiff's First Amended Complaint comprises allegations of a lengthy ordeal, beginning

---

[1] Defendants note that in this type of case, questions of Qualified Immunity would typically arise. However, as Anderson Fire Protection District and Chief Lowe did not violate Plaintiff's constitutional rights, an examination of the second prong of the Qualified Immunity test—whether the violated right was clearly established—is unnecessary under these facts.

at his home and continuing through a purportedly harrowing night in jail. Notable for purposes of this Motion, however, is the limited role played by Chief Lowe and the Anderson firefighters. Their role in Plaintiff's story is as follows. Firefighters arrived at Plaintiff's home after receiving a call about a fire at the property. (First Amended Complaint ("FAC"), par. 6.) The firefighters "demanded" to inspect the backyard, and Plaintiff acceded to that request. (FAC, par. 6.) There is no allegation that the search of the backyard was unlawful.

Shortly after the search, Chief Lowe arrived, and asked Plaintiff to provide his name, age, and driver's license. (FAC, par. 8.) Plaintiff refused to provide his driver's license, and stated that he was not required to because he was not operating a vehicle. (FAC, par. 9.) By that point, Anderson police, including Officer Kameron Lee, had arrived. Officer Kameron Lee verified Plaintiff's address. (FAC, par. 10.) Once Chief Lowe had Plaintiff's information, he prepared a citation for violation of Health & Safety Code section 42400.2(c) and Penal Code section 148(A)(1). (FAC, par. 11.) Plaintiff refused to sign the Notice to Appear. (FAC, par. 11.) Following Plaintiff's refusal to sign the Notice to Appear, Officer Kameron Lee placed Plaintiff under arrest. (FAC, par. 12.)

There are no further factual allegations regarding any purported misconduct on behalf of Chief Lowe or any member of the Anderson Fire Protection District. Plaintiff does not allege that Chief Lowe participated in arresting, handcuffing, or searching him. (FAC, par. 12.) Plaintiff does not allege that Chief Lowe participated in escorting him to the police cruiser, in getting Plaintiff into the police cruiser, or in transporting Plaintiff in the police cruiser. (FAC, par. 13-16.) While Plaintiff alleges that Officer Kameron Lee "chitchatt[ed]" with Chief Lowe, there is no factual allegation that Chief Lowe in any way influenced or participated in Officer Kameron Lee's alleged treatment of Plaintiff. (FAC, par. 16.)

III. LEGAL STANDARD ON MOTIONS TO DISMISS

A motion to dismiss tests the legal sufficiency of the claim stated in the complaint. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of



4823-3738-3875.1      4

cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

A court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). "[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

In *Ashcroft v. Iqbal*, 129 S. Ct.1937, 1949 (2009), the United States Supreme Court held: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

A court takes judicial notice of facts not subject to reasonable dispute in ruling on a motion to dismiss. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988). Fed. R. Evid. 201 provides for judicial notice of facts that are: "(1) generally known with the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court can also take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies. *Emrich*, 846 F.2d at p. 1190.

IV. <u>LEGAL ARGUMENT</u>

Plaintiff complains of two separate instances of misconduct which he attributed to Chief Lowe and the Anderson Fire Protection District. The first is an allegedly improper search in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. (FAC, par. 45.) The second is his treatment by Officer Kameron Lee in the police cruiser

4823-3738-3875.1

5

DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

1  following his arrest. (FAC, par. 48, 51.) As discussed below, neither course of conduct provides a
2  basis for liability against Chief Lowe or the Anderson Fire Protection District.

3        A.    <u>*Officer Kameron Lee's Search of Plaintiff's Person Following Plaintiff's Arrest*</u>
4            <u>*Was Not Unlawful*</u>

5  Plaintiff's First Claim for Relief is predicated on the allegedly illegal search of Plaintiff's
6  person conducted by Officer Kameron Lee immediately after Plaintiff's arrest. The sequence of
7  events is clear in the First Amended Complaint. Plaintiff was arrested following his refusal to sign
8  the Notice to Appear. (FAC, par. 11, 12.) Following Officer Kameron Lee placing Plaintiff under
9  arrest and handcuffing him, Officer Kameron Lee searched Plaintiff's person for his wallet—the
10 search which Plaintiff claims to be unlawful.

11 Plaintiff's claim that a search incident to arrest is unlawful is directly contradicted by well-
12 settled law from the United States Supreme Court. In *United States v. Robinson*, the Court made it
13 clear that searches incident to arrest were not only an exception to the warrant requirement, they
14 were reasonable under the Fourth Amendment. The *Robinson* Court opined as follows:

> "It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment. This general exception has historically been formulated into two distinct propositions. The first is that a search may be made of the person of the arrestee by virtue of the lawful arrest. The second is that a search may be made of the area within the control of the arrestee."

19 *United States v. Robinson*, 414 U.S. 218, 224 (1973).[2]

20 This is not a difficult question regarding the scope of Officer Kameron Lee's search
21 incident to arrest. Officer Lee searched Plaintiff's person, and found his wallet. That is the extent
22 of the facts in play. Plainly, under well-settled law taught in each and every Criminal Procedure
23 class in law schools across the country, this search was lawful, assuming that the underlying
24 request was lawful. *Id.* In the presence of that well-settled law, then, Plaintiff's only recourse is to

---

[2] Defendant notes that this is not the first fundamentally incorrect proposition of law made by Plaintiff, both during the incident itself and in this brief. As a licensed attorney, Plaintiff should be held to a presumption of having at least the basic legal knowledge required of a first-year law student. (*See* Defendants' Request for Judicial Notice.)

4823-3738-3875.1   6
DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1  argue that his arrest was unlawful.

2      The assumption that the underlying arrest was lawful is justified based on the lack of
3  allegations to the contrary in the First Amended Complaint. Plaintiff's only attempt to attack the
4  validity of his citation for code violations is a conclusory allegation that "Fire Chief Lowe falsely
5  charged McMillan without probable cause with violations of 42400.2(c)HS and 148PC(1)." (FAC,
6  par. 11 (incorrect citation format in original).) Such a bare legal conclusion is insufficient to
7  support a 1983 claim for unlawful arrest—an assertion supported by the fact that Plaintiff does not
8  actually allege that his arrest was unlawful. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

9      What followed once Chief Lowe issued the citation to Plaintiff—i.e., Plaintiff's refusal to
10 sign his Notice to Appear—was entirely the result of Plaintiff's own belligerence. Chief Lowe
11 cited Plaintiff for a violation of Health & Safety Code 42400.2, which is defined as a
12 misdemeanor. (Cal. Health & Saf. 42400.2; FAC, par. 11.) When an individual is cited for a
13 misdemeanor, absent specified circumstances, that individual is to be released on their own
14 recognizance. (Cal. Pen. Code 853.6(a).) When those specified circumstances—which include an
15 individual refusing to sign a Notice to Appear—occur, however, the individual may be
16 immediately arrested and booked. (Cal.Pen.Code 853.6(i)(8).) The reasoning behind such a rule is
17 sound. Signing a Notice to Appear is not an admission of guilt. Refusing to do so is effectively
18 refusing to agree to appear in court in response to a citation. Once Plaintiff refused to sign, as he
19 freely admits, Officer Kameron Lee was fully within his authority to arrest Plaintiff.  In short,
20 Plantiff's behavior renders Officer Lee's arrest lawful.

21     Once it is established that Plaintiff has pled no facts to dispute his lawful arrest, it is plain
22 that the subsequent search incident to his arrest was lawful as well. *United States v. Robinson*, 414
23 U.S. 218, 224 (1973). As such, that search cannot serve as a basis for liability for Chief Lowe or
24 Anderson Fire Protection District, and that Claim for Relief may be dismissed as to the moving
25 Defendants.

26     B.    <u>*Chief Lowe and the Anderson Fire Protection District Did Not Participate—*</u>
27         <u>*Integrally or Otherwise—in Plaintiff's Alleged Mistreatment at the Hands of Police*</u>

28     Plaintiff' second and final Claim for Relief against Chief Lowe and the Anderson Fire



4823-3738-3875.1

7

DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

1  Protection District pertains to his alleged "torture" at the hands of Officer Kameron Lee in the
2  police cruiser. Plaintiff's sole legal basis for bringing this claim against these moving Defendants
3  appears to be that Chief Lowe was an "integral participant" in this case under the rule articulated
4  in *Boyd v. Benton County*. (FAC, par. 45, fn. 2; *Boyd v. Benton County*, 374 F.3d 773 (9th
5  Cir.2004) (no pincite in Plaintiff's original citation).)

6  Plaintiff makes no effort to articulate how Chief Lowe—a fireman—could reasonably be
7  characterized as an "integral participant" in alleged misconduct by a police officer. Instead,
8  Plaintiff simply offers a legal conclusion—that Chief Lowe was an "integral participant" who was
9  "colluding" with Officer Kameron Lee. No factual allegations in Plaintiff's First Amended
10 Complaint substantiate this conclusion, and likely with good reason.

11 As articulated in the *Boyd* case, the Court requires "integral participation by each officer as
12 a predicate to liability." *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004). It is clear from
13 *Boyd*, however, that the "integral participation" must be as part of the unlawful conduct itself—in
14 this case, the "torture" alleged by Plaintiff. (*Id*; FAC, par. 48, 51.) The rule explicitly precludes
15 attaching liability to "a mere bystander who had no role in the unlawful conduct." *Boyd*, 374 F.3d
16 at 780.

17 There can be little argument that Chief Lowe played a role in Plaintiff's arrest. He and his
18 subordinates cited Plaintiff for the Health & Safety Code misdemeanor, for which, following his
19 refusal to engage in due process of law, Plaintiff was arrested by Officer Kameron Lee. However,
20 it is clear from Plaintiff's First Amended Complaint, and the absence of any allegation involving
21 Chief Lowe, that neither Chief Lowe nor any member of the Anderson Fire Protection District
22 participated—integrally or otherwise—in Plaintiff's detention. However he was treated after he
23 was handcuffed, neither Chief Lowe nor any other firefighter had any hand in it.

24 This scenario is nearly self distinguishing from the *Boyd* facts. In *Boyd*, the Ninth Circuit
25 held that armed police officers witnessing what amounted to unlawful use of a flash bang device,
26 providing backup to the searching officer, were "integral participants" in the unlawful search. *Id.*
27 There were multiple facts in *Boyd* leading to that conclusion. The Court explained as follows:

28 "First, [citations omitted] the officers in this case stood armed



4823-3738-3875.1

8

> behind Ellison while he reached into the doorway and deployed the flash-bang. Second, the use of the flash-bang was part of the search operation in which every officer participated in some meaningful way. Third, every officer was aware of the decision to use the flash-bang, did not object to it, and participated in the search operation knowing the flash-bang was to be deployed. Therefore, under the integral participation analysis adopted in Chuman, each defendant may be held liable for the Fourth Amendment violation outlined above."

*Boyd*, 374 F.3d at 780.

The facts here are entirely different. Chief Lowe did not enter this scenario planning to aid and abet the alleged police misconduct. He came from an entirely different agency, seeking only to ensure fire safety. From the moment Plaintiff was arrested for refusing to engage in due process, the matter changed from one of fire protection to one of law and order. At that point, Anderson Police were in control, and Chief Lowe was a "mere bystander," as described by the *Boyd* Court. *Id.*

To impose liability on a firefighter present at the scene of alleged misconduct would open up a veritable Pandora's box. Chief Lowe and the other firefighters there played no role in Plaintiff's arrest or his subsequent treatment. Had paramedics been on the scene, would they have been liable as well? Plaintiff essentially asks this Court to impose a duty to intervene on any present public employee during any police arrest. The law simply does not impose such a duty nor should it ask one first responder to second guess another from a different discipline. As such, and consistent with the rule articulated in *Boyd*, Plaintiff's allegations relating to the Anderson Police conduct following Plaintiff's arrest do not give rise to any cause of action against Chief Lowe or the Anderson Fire Protection District, and all Plaintiff's claims against these moving Defendants based on such conduct should be dismissed.

V. <u>PLAINTIFF'S *MONELL* CLAIMS FAIL BECAUSE NO ANDERSON FIRE PROTECTION DISTRICT EMPLOYEE VIOLATED HIS CONSTITUTIONAL RIGHTS</u>

As established above, the allegations in Plaintiff's First Amended Complaint fail to state a cause of action for violation of Plaintiff's constitutional rights against Chief Lowe or Anderson Fire Protection District. As such, his *Monell* claim must fail as well, since absent actual violation of civil rights, Plaintiff has no standing to bring a *Monell* claim.



4823-3738-3875.1

Even setting aside the standing issue, however, Plaintiff's *Monell* claims fail as against Anderson Fire Protection District. *Monell* holds that a public agency may be liable for claims based on deprivation of rights based on inadequate policies or customs. Each of the policies alleged by Plaintiff fail to establish any basis for liability.

A. *Plaintiff's First Alleged Policy Regarding Arrest of Individuals Who Refuse to Produce Identification Misstates the Facts and is Not a Policy of Anderson Fire Protection District*

Plaintiff's first alleged policy which underpins his *Monell* claim against Anderson Fire Protection District is stated as follows: "The policy, custom, or practice of placing persons who refuse to produce identification under arrest, with the intention of searching such person' bodies, papers, and effects for such identification, without a warrant, and in the absence of exigent circumstances, or knowingly aiding and abetting the same." (FAC, par. 61(a)).

As a threshold matter, Plaintiff offers no factual evidence that this represents an actual policy or custom of the Anderson Fire Protection District. It is a singular anecdote, with an unsupported presumption of intent. Beyond that, it misrepresents the anecdote it relies on. Plaintiff was arrested for refusing to sign a Notice to Appear when he was issued a citation. Arresting individuals who display such ill-considered recalcitrance is not a policy of the Anderson Fire Protection District. Rather, it is black-letter law taken from the California Penal Code. *See* Cal. Pen. Code 853.6(i)(8). To suggest that allowing police to follow the California Penal Code represents an unconstitutional "policy or custom" is legally untenable. As such, this alleged "policy"—which, to reiterate, is not an Anderson Fire Protection District policy at all—cannot be a basis for 1983 liability.

B. *There Are No Allegations Establishing a Plausible Anderson Fire Protection District Policy of Torturing Suspected Code Violators into Signing Notices to Appear*

Plaintiff's second and final alleged Anderson Fire Protection District policy through which he seeks to establish *Monell* liability is beyond farfetched. Plaintiff alleges that it is the policy and custom of the Anderson Fire Protection District to *literally* torture violators of the Health and

4823-3738-3875.1
10



DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Safety Code. And, further, to torture them not in an effort to get them to confess to such violations like a Fire Marshall Jack Bauer, but to get them to agree to appear in court and engage in due process.

Plaintiff, naturally, has no facts to suggest that this is actually District policy. Rather, he relies on allegations of police misconduct which, as discussed above, no employee of the Anderson Fire Protection District is alleged to have taken any part in. The bare legal conclusion contained in Paragraph 61(b) is insufficient to establish a legitimate policy—particularly where the implementation of that policy had nothing to do with the District. As such, this purported "policy" cannot establish *Monell* liability on the part of the District.

### C. *The Remaining Alleged Policies Do Not Relate to Anderson Fire Protection District Conduct*

The remaining two alleged unconstitutional policies contained in Paragraphs 61(c) and (d) of Plaintiff's First Amended Complaint concern Plaintiff's alleged mistreatment in the Shasta County Jail. Plaintiff does not allege that the Anderson Fire Protection District played any role in that portion of the episode. As such, they cannot establish *Monell* liability on the part of the District or Chief Lowe.

## VI. PLAINTIFF'S PENDANT STATE LAW CLAIMS FAIL AS WELL

Having failed to establish any unlawful conduct, Plaintiff also alleges multiple violations of state law. These claims fail as well. The first is for Elder Abuse. There is a litany of Elder Abuse statutes in California. Plaintiff fails to specify any. Plaintiff's second state law claim against the moving Defendants is that Chief Lowe effectuated a false arrest. These claims fail because they are based on the same mistaken assumption as the constitutional claims—that Chief Lowe and the Anderson Fire Protection District acted unlawfully. As discussed above, they did not. There are no allegations that Chief Lowe took part in any of the purportedly abusive conduct, thus rendering the Elder Abuse claim subject to dismissal. Additionally, as laid out earlier, there are no allegations that suggest that Plaintiff's arrest was unlawful, or, as the state law claim posits, false. Put simply, none of the allegations in Plaintiff's First Amended Complaint state any plausible claim for relief. As such, the pendant state law claims—along with all others—may be

dismissed as against these moving Defendants.

VII. **CONCLUSION**

For the reasons set forth above, Chief Lowe and the Anderson Fire Protection District respectfully request that the Court dismiss all of Plaintiff's claims against them with prejudice.

DATED: July 20, 2020					LEWIS BRISBOIS BISGAARD & SMITH LLP


					By:	   */s/ Ryan J. Matthews*
						JOSEPH A. SALAZAR JR.
						RYAN J. MATTHEWS
						Attorneys for Defendants ANDERSON FIRE PROTECTION DISTRICT and FIRE CHIEF STEVE LOWE

**FEDERAL COURT PROOF OF SERVICE**
James I. McMillan v. County of Shasta, et al.
Case No. 2:20-cv-00564-JAM-EFB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 20, 2020, I served the following document(s):

- DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| James I. McMillan<br>4955 Via Lapiz<br>San Diego, CA 92122 | In Propria Persona<br><br>Tel.: 858-646-0069<br>Direct: 858-412-0058<br>Fax: 206-600-4582<br>Email: jimcmillan@netscape.net |
|---|---|

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 20, 2020, at Sacramento, California.

*/s/ Alicia Rios*
Alicia Rios



4823-3738-3875.1                              1
DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)