1  JEROME M. VARANINI, ESQ. (State Bar No. 58531)
   THE LAW OFFICES  OF JEROME M. VARANINI
2  641 FULTON AVENUE, Suite 200
   SACRAMENTO, CA (95825)
3  P.O. BOX 590
   SACRAMENTO, CA  95812-0590
4  TELEPHONE:  (916) 993-4868

5  Attorney For Defendant
   CALIFORNIA FORENSIC MEDICAL GROUP, INC.,
6
                         UNITED STATES DISTRICT COURT
7
                         EASTERN DISTRICT OF CALIFORNIA
8

9  JAMES I. MCMILLAN, Individually,        CASE NO. 2:20-cv-00564-JAM-EFB

10      Plaintiffs,                        **ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

11  vs.
    COUNTY OF SHASTA, a public
12  entity, CITY OF ANDERSON, a
    public entity, ANDERSON FIRE
13  PROTECTION DISTRICT, a public
    entity, FIRE CHIEF STEVE LOWE in
14  his official and individual
    capacity, et al
15
        Defendants.
16  _____/

17

18

19      **COMES NOW** DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.

20  ["CFMG"], and respond to plaintiff's SECOND AMENDED COMPLAINT FOR DAMAGES

21  ["SAC"]as follows:

                                 **I.**
22
                  **RESPONSE TO "PARTIES TO THIS COMPLAINT"**
23
        1. In response to paragraphs 1,and 2a-j of the SAC, all the while
24
    denying any liability to plaintiff by this responding defendant on the
25
    theories alleged or at all, defendant acknowledges that plaintiff has
26
    listed multiple parties, including defendant, that plaintiff has named as
27
    defendants in this case.
28

                                  1

**II.**

**RESPONSE TO "BASIS FOR JURISDICTION AND VENUE"**

2. In response to the allegations of paragraph 3 of the SAC defendant agrees that as this case has been pled, jurisdiction and venue are proper in this court. Defendant denies all allegations that defendant was deliberately indifferent to any serious medical need of plaintiff and denies that any care provided to plaintiff fell below the applicable standard of care and denies that any care was constitutionally infirm as alleged or at all; defendant denies all other allegations of said paragraphs on information and belief.

**III.**

**RESPONSE TO "INTRA DISTRICT ASSIGNMENT"**

3. In response to the allegation of paragraph 4 of the FAC, defendant denies that plaintiff has been injured as allege or at all by any action or inaction of defendant; without waiving this denial, defendant agrees that as pled this action is properly brought in the Eastern District in Sacramento.

**IV.**

**RESPONSE TO "PRELIMINARY FACTS"**

4. In response to the allegations of paragraphs 5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,21,22,28,29A-F,30,31,32,35,36,37,38,39,40,41 a-g, and 42, of the SAC, defendant denies the allegations therein contained on information and belief.

5. In response to the allegations of paragraph 24 of the SAC, defendant admits that plaintiff on entry into the Shasta County jail did not have any medication in an original prescription container in his possession; defendant admits that at intake a discussion with the plaintiff as to this history of prescription medications took place;

except as admitted defendant denies that defendant took no action to try to confirm plaintiff's currently valid prescriptions, if any, and denies that defendant took no steps to be prepared to provide medication for plaintiff's diabetes in the event that verification of prescription medications could not be made. Except as admitted and denied herein, defendant denies all remaining allegations of said paragraph on information and belief.

6. In response to the allegations of paragraph 25 of the SAC, defendant admits that a glucose test was administered to plaintiff at the Shasta County jail; except as admitted defendant denies the remaining allegations of said paragraph.

7. In response to the allegations of paragraphs 20, 23,26,34,and 49 of the SAC defendant denies the allegations therein contained.

8. In response to the allegations of paragraph 27 of the SAC, defendant admits that the availability of diabetic meals was discussed with plaintiff; except as admitted, defendant denies all remaining allegations of said paragraph.

9. In response to the allegations of paragraph 33 of the SAC, defendant admits that a second glucose test returned a reading of 172. Defendant admits that the medical staff was aware that plaintiff was a diabetic and admits that the staff took steps to provide prescription medication for the diabetes in the event that verification of plaintiff's reported prescriptions either by his pharmacy or by production of medication in its original containers was not forthcoming prior to the time of plaintiff's release from the jail. Except as admitted herein defendant denies all remaining allegations of said paragraph.

10. In response to the allegations of paragraph 31 of the FAC, defendant denies that there was any intentional withholding of prescribed

3

medications for plaintiff during the time of his incarceration at the jail and admits that no verification of the existence of any prescriptions was obtained during the time that plaintiff was at the jail; except as denied and admitted herein defendant denies all remaining allegations of said paragraph on information and belief.

**V.**

**RESPONSE TO "PARTIES AND PROCEDURE"**

11.  In response to the allegations of paragraphs 43,44,45,47,48, and 49 of the SAC, defendant denies the allegations therein contained on information and belief.

12.  In response to the allegations of paragraph 46,of the SAC defendant admits that it is a California Corporation licensed to do business in the State of California and that defendant provided care to inmates at the Shasta County jail pursuant to the terms and conditions of a contract for such care with the County. Defendant denies that there was any policy or procedure relating to the delivery of care at the Shasta County jail that was constitutionally infirm and denies all allegations that plaintiff was damaged in any sum or sums as alleged or at all.

13. In response tp the allegations of paragraph 49 of the SAC, defendant denies the allegations therein contained and denies all allegations that defendant was deliberately indifferent to any serious medical need presented by plaintiff during the time of his incarceration at the Shasta County jail as alleged or at all.

**VI.**

**RESPONSE TO "FIRST CLAIM FOR RELIEF"**

14.  In response to the allegations of paragraph 50 of the SAC, defendant re-alleges and reincorporates herein as if fully set forth, the responses to paragraphs 1-49 of the SAC.

15. In response to the allegations of paragraphs 51-52, of the SAC defendant notes that the allegations in said paragraphs are not brought as and against this answering defendant and defendant denies the allegations therein on information and belief.

## VII.

### RESPONSE TO "SECOND CLAIM FOR RELIEF"

16.  In response to the allegations of paragraph 53, of the SAC, defendant re-allege and reincorporate herein as if fully set forth, the responses to paragraphs 1-49, and 51-52, of the SAC.

17. In response to the allegations of paragraphs 54 and 55, of the SAC, defendant notes that the allegations in said paragraphs are not brought as and against this answering defendant and defendant denies the allegations therein on information and belief.

## VIII.

### RESPONSE TO "THIRD CAUSE OF ACTION"

18. In response to the allegations of paragraph 56 of the SAC, defendant re-alleges and reincorporates herein as if fully set forth the response to paragraphs 1-49, 51-52, and 54 of the SAC.

19. In response to the allegations of paragraphs 57,58 and 54 of the SAC, defendant notes that the allegations in said paragraphs are not brought as and against this answering defendant and defendant denies the allegations therein on information and belief.

## IX.

### RESPONSE TO "FOURTH CLAIM FOR RELIEF"

20. In response to the allegations of paragraph 60 the SAC defendant denies all allegation that defendant or its staff neglected any obligation to plaintiff and denies that defendant or any staff member was deliberately indifferent to any serious medical condition presented by

plaintiff during the time that he was incarcerated at the Shasta County jail as alleged or at all and denies that defendant's staff was inadequately trained and dismissive concerning the care of the plaintiff as alleged or at all; defendant denies all allegations that defendant or its staff was deliberately indifferent to any serious medical condition presented by plaintiff and denies that it failed to provide medication that had been confirmed as having been prescribed to plaintiff as of the time of his admission into the jail. Except as denied herein defendant denies all remaining allegations of said paragraph on information and belief.

21. In response to the allegations of paragraph 61 of the SAC, defendant re-alleges and reincorporates herein as if fully set forth the responses to paragraphs 20-35 of the SAC and denies all remaining allegations of said paragraph.

22. In response to the allegations of paragraph 62 of the SAC, defendant denies the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

**X.**

**RESPONSE TO "FIFTH CLAIM FOR RELIEF"**

23. In response to the allegations of paragraph 63 of the SAC, defendant re-alleges and reincorporates herein as if fully set forth, the responses to paragraphs 1-49 of the SAC.

24. In response to the allegations of paragraphs 64,65 and 66 of the SAC, defendant notes that the allegations in said paragraph are not brought as and against this answering defendant and defendant denies the allegations therein on information and belief.

**XI.**

**RESPONSE TO "SIXTH CAUSE OF ACTION"**

25. In response to the allegations of paragraph 67, of the SAC, defendant re-alleges and reincorporates herein as if fully set forth the response to all paragraphs in the SAC.

26. In response to the allegations of paragraphs 68, 69,70,71, 72 a-g,73,74 and 75, of the SAC, defendant notes that the allegations therein contained are brought as and against parties other than this answering defendant and defendant denies the allegations therein contained on information and belief.

**XII.**

**RESPONSE TO "SEVENTH CLAIM FOR RELIEF"**

27. In response to the allegations of paragraph 76 of the SAC, defendant re-alleges and reincorporates herein by reference as if fully set forth, the responses to all paragraphs of the SAC.

28. In response to paragraphs 77 a-d,78 and 79, of the SAC defendant notes that none of the allegations therein contained has been brought against this answering defendant and defendant denies all of said allegations on information and belief.

**XIII.**

**RESPONSE TO "EIGHTH CAUSE OF ACTION"**

29. In response to the allegations of paragraph 80 of the SAC, defendant re-alleges and reincorporates herein as if fully set forth, the responses to all paragraphs of the SAC.

30. In response to the allegations of paragraphs 81,82,83,84,85 a-c,86,87,88,89,90,91,92,93,94,95,96,97,98a-f,99,100,101,102a-f,103,104,105,106,107,108 and 109, of the SAC, defendant notes that the allegations therein contained are not brought as and against this answering defendant and defendant denies the allegations therein contained on information and belief.

XIV

**RESPONSE TO "STATE CLAIMS FOR RELIEF"**

31. In response to the allegations of paragraphs 109 a-f, and 110, of the SAC defendant denies the allegations therein contained on information and belief.

XV.

**RESPONSE TO "NINTH CLAIM FOR RELIEF"**

32. In response to the allegations of paragraphs 111-117, of the SAC, defendant denies the allegations therein contained on information and belief.

XVI.

**RESPONSE TO "TENTH CLAIM FOR RELIEF"**

33. In response to the allegations of paragraph 118 of the SAC, defendant re-alleges and re-incorporates herein as if fully set forth the responses to paragraphs 1-49 of the SAC.

34. In response to the allegations of paragraphs 119-122, of the SAC, defendant denies the allegations therein contained on information and belief.

XVII.

**RESPONSE TO "ELEVENTH CLAIM FOR RELIEF"**

35. In response to the allegations of paragraph 123 of the SAC, defendant re-alleges and re-incorporates herein as if fully set forth the responses to paragraphs 3,23-38,30-35, of the SAC.

36. In response to the allegations of paragraphs 124-128, of the SAC, defendant denies the allegations therein contained on information and belief.

XVIII.

**RESPONSE TO "TWELFTH CLAIM FOR RELIEF"**

37. In response to the allegations of paragraph 129 of the SAC, defendant re-alleges and re-incorporates herein as if fully set forth the answers to all paragraphs in the SAC.

38. In response to the allegations of paragraphs 130-146, of the SAC, defendant denies the allegations therein contained on information and belief.

## XIX.

### RESPONSE TO "THIRTEENTH CLAIM FOR RELIEF"

39. In response to the allegations of paragraph 147 of he SAC, defendant re-alleges and re-incorporates herein as if fully set forth the responses to paragraphs 128-138, of the SAC.

40. In response to the allegations of paragraphs 148-152, of the SAC, defendant denies the allegations therein contained on information and belief.

## XX.

### RESPONSE TO "FOURTEENTH CLAIM FOR RELIEF"

41. In response to the allegations fo paragraph 153, of the SAC, defendant re-alleges and re-incorporates herein as if fully set forth the responses to paragraphs 128-138, of the SAC.

42. In response to the allegations of paragraphs 148-152, of the SAC, defendant denies the allegations therein contained on information and belief.

## XXI.

### RESPONSE TO THE "FIFTEENTH CLAIM FOR RELIEF"

43. In response to the allegations of paragraphs 156 a-d, and 157, of the SAC, defendant denies the allegations therein contained on information and belief.

/////

1  **XXII.**

2  **RESPONSE TO THE "SIXTEENTH CLAIMS FOR RELIEF"**

3   44. In response to the allegations of paragraph 158, of the SAC,

4  defendant re-alleges and re-incorporates herein as if fully set forth the

5  responses to paragraphs 1-49, and 123-128, of the SAC.

6   45. In response to the allegations of paragraphs 159-162, of the

7  SAC, defendant denies the allegations therein contained and that plaintiff

8  was damaged in any sum or sums as alleged or at all.

9  plaintiff's prayer for relief defendant denies that plaintiff is entitled

10  to the relief requested or any relief as and against this answering

11  defendant.

12  **XXIII.**

13  **RESPONSE TO PLAINTIFF'S "PRAYER"**

14   46. In response to plaintiff's "Prayer," defendant denies that

15  plaintiff is entitled to any recovery or relief as requested or at all as

16  and against this answering defendant.

17  **AFFIRMATIVE DEFENSES**

18  **FIRST AFFIRMATIVE DEFENSE**

19   As and for a first affirmative defense, defendant alleges that all

20  actions taken, were undertaken in good faith and with reasonable belief

21  that said actions were valid, necessary and constitutionally proper, thus,

22  defendants are entitled to qualified immunity.

23  **SECOND AFFIRMATIVE DEFENSE**

24   As  and for a second and separate affirmative defense, defendant

25  alleges that plaintiff has failed to allege and/or has not stated facts

26  sufficient to show an affirmative link between these answering defendant

27  and the acts which allegedly caused damages in alleged  violation

28  plaintiff's rights.

### THIRD AFFIRMATIVE DEFENSE

As and for a third and separate affirmative defense, defendant alleges that pursuant to Government Code section 815, this answering defendant is not liable for any injury, except as otherwise provided by statute.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth and separate affirmative defense, defendant alleges that the answering defendant is immune from liability pursuant to Government Code section 820.4.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth and separate affirmative defense, defendant alleges on information and belief that persons including plaintiff or entities other than this answering defendant were responsible for the damages, if any there were which defendant denies, alleged by plaintiff. It was this fault or negligence of third parties, and not any act or acts of the answering defendant, which proximately contributed to the damages, if any, suffered by plaintiff. This defense is interposed only in the alternative and does not admit any of the allegations of the FAC.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth and separate affirmative defense, defendant alleges that plaintiff's action is barred by all applicable Government Code immunities including, but not limited to §815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are pleaded as though fully set forth herein.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh and separate affirmative defense, defendant alleges that defendant is entitled to immunities provided by the California Business & Professions Code sections 2395, 2396 and 2397.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth and separate affirmative defense, defendant is immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code sections 43.55.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth and separate affirmative defense, defendant denies that any act or failure to act as alleged or otherwise in contravention of plaintiff's civil rights occurred, the answering defendant asserts that all actions or decisions not to act by defendant were performed in good faith and without malice and without realization or recognition that such conduct would violate any rights of plaintiff, if in fact plaintiff's rights were violated which these defendants deny, such acts or decisions not to act as were performed, were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, answering defendant is immune from claims that it violated plaintiff's alleged civil rights based upon this good faith belief. Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth and separate affirmative defense, defendant alleges that plaintiff has failed to comply with the Code of Civil Procedure section 425.13(a) with respect to his alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

1

2                        **ELEVENTH AFFIRMATIVE DEFENSE**

3          As an eleventh and separate affirmative defense, defendant alleges

4   that in the event answering defendant is found to be liable (which

5   supposition is denied and merely stated for the purpose of this affirmative

6   defense), defendant may elect to introduce evidence of any amounts paid or

7   payable, if any, as a benefit to plaintiff pursuant to California Civil

8   Code section 3333.1.

9                        **TWELFTH AFFIRMATIVE DEFENSE**

10         As a twelfth and separate affirmative defense, defendant alleges that

11  in the event answering defendant is found to be liable (which supposition

12  is denied and merely stated for the purpose of this affirmative defense),

13  the damages for non-economic losses shall not exceed the amount specified

14  in California Civil Code section 3333.2.

15                      **THIRTEENTH AFFIRMATIVE DEFENSE**

16         As a thirteenth and separate affirmative defense, defendant alleges

17  that in the event the answering defendant is found liable, (which

18  supposition is denied and merely stated for the purpose of this affirmative

19  defense), defendant may elect to have future damages, if in excess of the

20  amount specified in California Code of Civil Procedure, section 667.7, paid

21  in whole or in part, as specified in California Code of Civil Procedure

22  section 667.7.

23                      **FOURTEENTH AFFIRMATIVE DEFENSE**

24         As and for a fourteenth and separate affirmative defense, defendant

25  alleges that some or all of the claims asserted in the FAC are barred by

26  the provisions of California Code of Civil Procedure sections 340, 340.5

27  and 474.

28                       **FIFTEENTH AFFIRMATIVE DEFENSE**

           As and for a fifteenth and separate affirmative defense, defendant

                                        13

1  alleges that the provisions of California Civil Code section 1431.2 are

2  applicable to some or all of the claims asserted in the FAC.

3  **SIXTEENTH AFFIRMATIVE DEFENSE**

4       As and for a sixteenth separate affirmative defense, defendant

5  alleges that some or all of the claims asserted in the FAC are barred by

6  the provisions of California Civil Code section 1714.8.

7           WHEREFORE, Defendant prays for relief as follows:

8              1. That this court deny all of Plaintiff's prayers for relief;

9              2. That the court enter an order of dismissal with prejudice

10                of  all  claims for relief against defendant;

11             3. That the court award costs and fees to defendant;

12          4. And, that this court grant additional relief for this

13             answering defendant as the court deems right and just.

14  Dated: August 20, 2020        LAW OFFICES OF JEROME M. VARANINI

15                                /s/Jerome M. Varanini
                                  By: Jerome M. Varanini
16                                Attorney For Defendant

17

18  **DEMAND FOR JURY TRIAL**

19          Defendant CFMG request a trial by jury in this matter.

20  Dated: August 20, 2020        LAW OFFICES OF JEROME M. VARANINI

21                                /s/Jerome m. Varanini
                                  By: Jerome M. Varanini
22                                Attorney For Defendant

23

24

25

26

27

28