DERICK E. KONZ, ESQ., SB No. 286902
  Email: dkonz@akk-law.com
GÖKALP Y. GÜRER, ESQ., SB No. 311919
  Email: ggurer@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants CITY OF ANDERSON and ANDERSON POLICE OFFICER KAMERON LEE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES I. McMILLAN, | Case No.: 2:20-cv-00564-JAM-EFB |
| Plaintiff, | **DEFENDANTS CITY OF ANDERSON AND ANDERSON POLICE OFFICER KAMERON LEE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| ANDERSON FIRE PROTECTION DISTRICT, et al. | |
| Defendants. | DATE:  October 27, 2020<br>TIME   1:30 P.M.<br>DEPT:  6, 14th Floor |

**I. INTRODUCTION**

With this motion, Anderson Police Officer Kameron Lee and City of Anderson attacked the facial validity of all seven of Plaintiff's claims.

As to his (1) unreasonable search claim, Plaintiff argues the *Heck* bar does not apply and cites two 9th Circuit cases in support; one is distinguishable on the facts and the other inapposite.

As to his (2) excessive force claim, Plaintiff insists Officer Lee used excessive force but cites no authority that allegations of a de *minimis* use of force is sufficient to state a claim, and presents no new allegations showing that he could – if given leave to amend – cure this deficiency.

As to his (3) *Monell* claim, Plaintiff presents no authority that conclusory allegations state a *Monell* claim and, again, fails to reference any new allegations that could save this claim if leave to amend were granted.

As to the (4) Bane Act, (5) elder abuse, (6) negligence per se, and (7) negligence claims, Plaintiff merely re-states his allegations and/or posits hypothetical questions, but these claims still fail because allegations of a *de minimis* use of force do not state a claim.

Defendants respectfully request that all seven of Plaintiff's claims be dismissed without leave to amend.[1]

**II. ARGUMENT**

**A.   PLAINTIFF'S ARGUMENTS THAT THE *HECK* BAR DOES NOT APPLY ARE UNSUPPORTED.**

Plaintiff admits to pleading *nolo contendere* to a violation of Pub. Resources Code § 4291, but argues the *Heck* bar does not apply because he "was never found guilty of the misdemeanor charges, by plea or otherwise." (ECF No. 33, p. 4, lines 3-4, 6-9.) It seems Plaintiff is arguing his plea to § 4291 cannot be a basis for *Heck* because he was not initially charged with a violation of § 4291. Plaintiff does not cite authority in support of this argument, and ignores the fact that his

---

[1] Plaintiff submitted a declaration with five attachments in support of his opposition brief. (ECF No. 34-1) Two of these items (**Exhibits B, E**) are duplicative of the two items presented in Defendants' Request for Judicial Notice. (ECF No. 25-2) Defendants thus do not object to consideration of these two items. However, presentation of two other items (**Exhibits C, D**) violates the general rule that district courts may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles,* 250 F. 3d 668, 688 (9th Cir. 2011). Though these two items seem to pertain to Plaintiff's arguments against the Anderson Fire Protection District defendants, and not against Officer Lee and City of Anderson, Defendants nonetheless argue these items should not be considered for purposes of this motion.

*nolo contendere* plea to Pub. Resources Code § 4291 (Structures in Mountainous Areas; Flammable Materials) was made <u>in exchange</u> for a dismissal of Cal. Health and Safety Code §§ 41800/42400 (Prohibited Burning).  (*See* ECF No. 25-2, ¶¶ 1, 2, **EXHIBITS B, C**.)

Plaintiff next argues § 4291 "bears no significant factual relationship to the crimes" for which he was initially charged, describing § 4291 as "a completely disassociated charge."  (ECF No. 33, p. 4, lines 9-11, 19-20.)  This is not true[2], but in any event, is immaterial.  With his plea, Plaintiff admits to criminal conduct and thereby admits he was subject to a lawful arrest (particularly if he did not sign the cite and release promise to appear).  Accordingly, Plaintiff cannot state any claim related to his arrest or the *de minimis* use of force required to effectuate the arrest after he admittedly refused to sign the citation.

Plaintiff next cites to two cases in further support of his argument against the *Heck* bar.

First, *Lockett v. Ericson*, 656 F. 3d 892 (9th Cir. 2011), for the proposition that a plea deal is insufficient, and that for *Heck* to apply Plaintiff must have stood trial.  (ECF No. 33, p. 5, lines 13-14.)  *Lockett* does not stand for this proposition; the *Heck* bar has the same effect whether a conviction is pursuant to plea or trial.  *See, e.g., Szajer v. City of Los Angeles*, 632 F. 3d 607, 609-12 (9th Cir. 2011) (summary judgment based on *Heck* bar pursuant to *nolo contendere* plea)

Second, *Smith v. City of Hemet*, 394 F. 3d 689 (9th Cir. 2005), where it was held that *Heck* did not bar a § 1983 excessive force claim because "the excessive force may have been employed against [Smith] subsequent to the time he engaged in the conduct that constituted the basis for the conviction."  *Ibid.*  These facts bear no relation to Plaintiff's situation and is thus inapposite.

Finally, Plaintiff argues that his plea involved a deferred entry of judgment, and that his charges will be dismissed on June 23, 2021 if he commits no crimes up until that time.  (ECF No. 33, p. 4, lines 8-9.)  This argument is speculative; since Plaintiff was convicted of an offense for

---

[2] Both crimes punish the same conduct, just with slight nuances in application.  Cal. Health and Safety Code §§ 41800/42400 (Prohibited Burning) prohibits "outdoor fires for the purpose of disposal or burning of petroleum wastes …" Pub. Resources Code § 4291 (Structures in Mountainous Areas; Flammable Materials) imposes a duty to establish safety precautions for one who "owns, leases, controls, operates, or maintains a building or structure in, upon, or adjoining … land that is covered with flammable material …"  §§ 41800/42400 punishes the actual burning; § 4291 imposes precautionary behavior related to flammable material that, if not taken, results in punishment.  Plaintiff's claim that § 4291 is "a completely disassociated charge" is thus unsupported by a simple reading of the two codes.

1  which he was arrested, he must prove that his conviction has been overturned. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not done this.

*Heck* applies and conclusively establishes there was probable cause for Plaintiff's arrest. Accordingly, Officer Lee's search of Plaintiff's person and his wallet was lawful pursuant to *U.S. v. Robinson*, 414 U.S. 218, 235 (1973) as a search incident to arrest, as was the *de minimis* use of force applied to Plaintiff (and any arrestee who is transported to jail).

**B.   PLAINTIFF CITES NO PRECEDENT THAT A *DE MINIMIS* USE OF FORCE IS UNREASONABLE AND PRESENTS NO NEW ALLEGATIONS THAT WOULD WARRANT LEAVE TO AMEND.**

Plaintiff does not dispute that his first claim for excessive force is not viable under either the Fourteenth or Eighth Amendments, and is therefore analyzed under the Fourth Amendment.

Plaintiff cites no authority that a *de minimis* use of force used to effectuate an arrest and transport to jail – as alleged here – states a Fourth Amendment excessive force claim. It is well-established in the 9th Circuit that *de minimis* force is to be expected during any arrest and thus cannot form the basis for a constitutional claim.

Instead, Plaintiff cites *Wall v. County of Orange*, 364 F. 3d 1107, 1109, 1112 (9th Cir. 2004) ("Watson handcuffed Wall's hands 'extremely tight' behind his back, picked Wall up by his handcuffed arms and threw Wall 'upside down' and head first into the patrol car."); *Meredith v. Erath*, 342 F. 3d 1057, 1061 (9th Cir. 2003) ("Erath grabbed her by her arms, forcibly threw her to the ground, and, twisting her arms, handcuffed her."); and *LaLonde v. County of Riverside*, 204 F. 3d 947, 952 (9th Cir. 2000) ("Officer Moquin grabbed LaLonde by his ponytail and knocked him backwards to the ground […] then straddled LaLonde and began to pin him down in order to handcuff him […] Officer Moquin then sprayed LaLonde's face with […] pepper spray […] While performing the handcuffing, Officer Horton forcefully put his knee into LaLonde's back […] LaLonde told the officers, 'These handcuffs are too tight. They're cutting off my circulation.' The officers told LaLonde if he would only hold still, he would be fine.") These cases all present examples of force beyond *de minimis* and thus do nothing to help Plaintiff save his claim.

Plaintiff does not cite any case establishing "beyond debate" that the use of force alleged here is beyond what a reasonable person should expect when being arrested and transported to jail.

Moreover, Plaintiff does not suggest that he could allege facts beyond the *de minimis* force that could save his claim if leave to amend were granted.

The alleged use of force here is reasonable as a matter of law and Officer Lee is entitled to qualified immunity.

## C. PLAINTIFF PRESENTS NO AUTHORITY THAT CONCLUSORY ALLEGATIONS STATE A *MONELL* CLAIM AND PRESENTS NO NEW ALLEGATIONS TO SUGGEST THAT HE COULD SAVE THIS CLAIM IF LEAVE TO AMEND WERE GRANTED.

Plaintiff claims he "does not merely recite the elements" of a *Monell* claim, and that he does not "rely on pure conclusory allegations." (ECF No. 33, p. 9, lines 24-25.) However, this is precisely what Plaintiff has done. (ECF No. 20, pgs. 28-29, ¶77a, b.) This type of conclusory pleading does not state a *Monell* claim.

Plaintiff argues it is permissible to plead "on information and belief where the underlying evidence is 'peculiarly in the defendant's possession and control.'" (ECF No. 33, pgs. 9-10, lines 27, 1.) This may be true to some extent, but facts are still required. The 9th Circuit has rejected conclusory *Monell* pleading and the Eastern District has followed suit. See *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (holding that in pleading a *Monell* claim, the complaint must "put forth additional facts regarding the specific nature of [the] alleged policy, custom, or practice"); *Gonzalez v. Cty. of Merced*, 289 F. Supp. 3d 1094, 1113 (E.D. Cal. 2017) ("Since *Iqbal*, courts have rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability"); *Cain v. City of Sacramento*, 2017 WL 4410116, at *3 (E.D. Cal. 2017) (holding that "merely stating the subject to which the policy relates (i.e. excessive force) is insufficient," confirming that "[d]istrict courts have dismissed complaints where a plaintiff alleged a single incident of unconstitutional conduct as the basis for their *Monell* claim"); *Hicks v. Cty. of Stanislaus*, No. 117CV01187LJOSAB, 2018 WL 347790, at *6 (E.D. Cal. Jan. 10, 2018) (a "pattern of similar constitutional violations by untrained employees is ordinarily necessary … isolated incidents of alleged wrongdoing do not suffice"); *Harper v. Cty. of Merced*, No. 118CV00562LJOSKO, 2018 WL 5880786, at *6 (E.D. Cal. Nov. 8, 2018) (dismissing a failure to train claim where the complaint was "bereft of any factual allegations sufficient to state a claim"); *Via v. City of Fairfield*, 833 F.Supp.2d 1189, 1196 (E.D. Cal. 2011) (collecting cases).

Plaintiff's conclusory allegations are therefore inadequate to state a *Monell* claim and Plaintiff fails to suggest that he could allege anything further should leave to amend be granted.

### D. PLAINTIFF PRESENTS NO NEW ALLEGATIONS TO SUGGEST THAT HE COULD SAVE HIS STATE LAW CLAIMS IF LEAVE TO AMEND WERE GRANTED.

Plaintiff alleges no underlying constitutional violation required for a Bane Act claim, nor does he present any new allegations that would constitute "physical abuse" for an elder abuse claim or an unreasonable use of force for a negligence claim. Plaintiff also does not present any statute that establishes a duty of care and/or a standard of care required for a negligence per se claim. Again, Plaintiff alleges only a *de minimis* use of force.

### III. CONCLUSION

Plaintiff has amended his complaint twice and, with his opposition brief, has now had a third opportunity to set forth any additional allegations that would support his claims. Plaintiff has not done this, nor has he presented any authority to save his claims as currently pled. Defendants respectfully request all seven claims be dismissed without leave to amend.

Dated: October 20, 2020                    ANGELO, KILDAY & KILDUFF, LLP

                                           */s/ Gökalp Y. Gürer*
                                    By:_____
                                           GÖKALP Y. GÜRER
                                           DERICK E. KONZ
                                           Attorneys for Defendants CITY OF
                                           ANDERSON and ANDERSON POLICE
                                           OFFICER KAMERON LEE