**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants, ANDERSON FIRE PROTECTION DISTRICT and FIRE CHIEF STEVE LOWE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

JAMES I. MCMILLAN,

Plaintiff,

vs.

COUNTY OF SHASTA, a public entity; CITY OF ANDERSON, a public entity; ANDERSON FIRE PROTECTION DISTRICT, a public entity; FIRE CHIEF STEVE LOWE in his official and individual capacity; ANDERSON POLICE OFFICER KAMERON LEE in his official and individual capacity; SHASTA COUNTY SHERRIFF-CORONER THOMAS M. BOSENKO RET., in his individual and official capacities; COUNTY JAIL CAPTAIN DAVE KENT, in his individual and official capacity; CALIFORNIA FORENSIC MEDICAL GROUP, INC., A California Corporation; JAIL NURSE DOES 1; JAIL NURSE DOE 2, AND DOES 3-20, individually, jointly, and severally,

Defendants.

Case No. 2:20-cv-00564-JAM-JDP

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Date: October 27, 2020
Time: 1:30 p.m.
Crtrm.: 6

Judge: Hon. John A. Mendez, Crtrm. 6

Trial Date: None Set

4835-7390-3055.1
1
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

I. INTRODUCTION

Plaintiff's Opposition to Defendants ANDERSON FIRE PROTECTION DISTRICT ("Anderson Fire") and FIRE CHIEF STEVE LOWE's ("Chief Lowe") (collectively "Defendants") Motion to Dismiss primarily presents inapposite case law in an attempt to circumvent the *Heck* doctrine, which bars Plaintiff's claims. Plaintiff points to three purportedly unconstitutional acts on the part of Defendants: Plaintiff's arrest, the subsequent search incident to arrest by Officer Kameron Lee, and the alleged fabrication of evidence by Chief Lowe. The search incident to arrest, as discussed in the moving papers, was lawful based on Plaintiff's own allegations. As articulated in the moving papers and further discussed below, both Plaintiff's arrest and the evidence presented regarding it were integral to Plaintiff's conviction, and as such, a section 1983 action predicated on those claims is barred by the *Heck* doctrine.

II. PLAINTIFF CANNOT BRING A CLAIM FOR FALSE ARREST BECAUSE SUCH A CLAIM IS BARRED BY THE *HECK* DOCTRINE

Plaintiff's Opposition puts forth a double-barreled argument for why his 1983 claims relating to his initial arrest should not be dismissed. First, Plaintiff makes a legal argument that the *Heck* doctrine does not apply to this claim. In support, Plaintiff cites two separate cases. The first is *Lockett v. Ericson*. This case involved an allegedly unlawful search of the plaintiff's home, which preceded an arrest and subsequent plea bargain. *Lockett v. Ericson*, 656 F.3d 892, 895 (2011). The Court ultimately held that because the outstanding criminal judgment derived from the plea, not from a verdict obtained with supposedly illegal evidence, the *Heck* doctrine did not bar a section 1983 claim based on a supposedly unreasonable search. *Id.* at 896-97.

The rule articulated by the *Lockett* Court does not apply to Plaintiff's claim for false arrest. That *Lockett* rule, which is derived from *Ove v. Gwinn*, 265 F.3d 817 (9th Cir. 2001), applies specifically to illegally obtained evidence that was not ultimately a basis for a conviction. With respect to Plaintiff's arrest, there is no question of an illegal search or any other illegally obtained evidence. Instead, the question relates to the fact of the arrest itself. The *Heck* bar's application to such false arrest claims is not vitiated by the *Lockett* rule.

The same is true, though for different reasons, of the *Smith v. City of Hemet* case, which

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

Plaintiff also cites in his effort to defeat the *Heck* bar. *Smith* dealt with a section 1983 claim for excessive force. *Smith v. City of Hemet*, 394 F.3d 689, 692 (9th Cir. 2005). The question before the Court was whether a claim for excessive force during an arrest that led to a conviction was barred by *Heck*. The Court, in reversing an order granting summary judgment for the defendants, held that it was unclear whether *Heck* applied, because the excessive use of force may have occurred *after* the lawful arrest. The Court indicated that a claim for post-arrest excessive force could withstand a *Heck* challenge. *Id.* The ruling, however, makes it crystal clear that a claim that would invalidate the arrest itself is barred by *Heck*. *Id.* at 697-698. As such, the *Smith* case does not insulate Plaintiff's false arrest claims, which directly target the arrest itself, from a *Heck* challenge. The application of the *Heck* rule is fully articulated in the moving papers, and remains a firm basis for dismissal. *Id.* at 697-698.

Plaintiff also reiterates his factual arguments as to why the arrest was unlawful. (Opposition, Dkt. #32, p. 7-8.) The thrust of this argument is that the arrest was unlawful because Chief Lowe did not personally observe the conditions that gave rise to his citation. As explained in the moving papers, an arrest that leads to a conviction is entitled to an automatic presumption of lawfulness. *Wetter v. City of Napa*, No. C 07-04583 WHA, 4 (N.D. Cal. Jan. 4, 2008). Plaintiff cannot now collaterally challenge the lawfulness of that arrest in a federal civil action pursuant to *Heck*. As such, the false arrest claims may be dismissed.

## III. THE SEARCH OF PLAINTIFF INCIDENT TO HIS ARREST WAS LAWFUL

Plaintiff does not address the arguments relating to Officer Kameron Lee's search of his person following his arrest. As such, Defendants will not regurgitate those arguments here, but will simply say that as articulated in the moving papers, the claims against these Defendants relating to the allegedly unlawful search of Plaintiff's person may be dismissed.

## IV. PLAINTIFF'S CLAIMS RELATING TO FABRICATION OF EVIDENCE MAY BE DISMISSED

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). Plaintiff



claims that Chief Lowe fabricated evidenced against him in what Plaintiff describes as the "bogus" Investigative Narrative. (Opposition, Dkt. #32, p. 8.) Ultimately, one of two things must be true here, and either mandates dismissal of these claims.

Plaintiff spends much of his Opposition discussing the *Lockett* case. As noted above, that case stands for the proposition that illegally obtained evidence that is not a basis for an ultimate conviction may support a section 1983 claim notwithstanding the *Heck* bar. *Lockett v. Ericson*, 656 F.3d 892, 896-97.

Plaintiff's first option is to argue, as he does in his Opposition, that the fabricated evidence is separate and apart from his nolo contendere plea. (Opposition, Dkt. #32, p. 5-7.[1]) As such, under *Lockett*, it is not subject to the *Heck* bar. Such a result, however, does not render his claim cognizable. As stated above, Plaintiff must establish two elements for a section 1983 claim based on fabrication of evidence. First, that there was a deliberate fabrication of evidence, and second, that such fabrication led to a deprivation of Plaintiff's liberty. ." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). If, as Plaintiff argues, the fabrication of evidence had nothing whatsoever to do with his nolo contendere plea, then that fabrication of evidence did not lead to any deprivation of liberty. As such, by Plaintiff's own argument, the claim is subject to dismissal.

Plaintiff's second option is to claim that Chief Lowe's alleged fabrication of evidence led to his nolo contendere plea. If so, declaring that evidence unlawful would inherently invalidate Plaintiff's conviction, and Plaintiff's claim would fall squarely under the *Heck* rule. So, whether through *Heck* or by a simple failure to plead the elements of his cause of action, the fabrication of evidence claims must be dismissed.

## V. <u>PLAINTIFF'S *MONELL* CLAIMS ARE INSUFFICIENTLY PLED</u>

Defendants' moving papers discuss the shortcomings of Plaintiff's *Monell* claims at length. However, Plaintiff's Opposition starkly illuminates their flaws. In discussing the alleged fabrication of evidence, Plaintiff argues as follows: "Why would Lowe believe he would get away

[11] Plaintiff does not distinguish the separate claims to which the *Heck* bar applies in his analysis. Defendant therefore assumes that the argument applies to all claims, including the claim for fabrication of evidence.

4835-7390-3055.1

4

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

with fabricating evidence in McMillan's instance? Had Fire Chief Lowe fabricated other of his investigative narratives in support of bogus charges? Think *Monel* Claims!" (Opposition, Dkt. #32, p. 8.)

Plaintiff has not alleged any facts beyond those of his own experience to substantiate a *Monell* claim. He cannot point to any other instances of similar alleged misconduct, nor can he identify any factual basis relating to the existence of some policy or practice. Instead, he asks the Court to infer, based on one instance of alleged misconduct, that Anderson Fire makes a habit of that same type of misconduct. To allow such a specious claim to go forward would be to open the floodgates for *Monell* claims. It would be to rule that alleging a single instance of misconduct is sufficient to reasonably allege that such misconduct amounts to a policy. This cannot be the rule. Moreover, as discussed in the moving papers, Plaintiff has failed to properly plead even the single instance of misconduct discussed above. As such, the *Monell* claims may be dismissed.

## VI. PLAINTIFF'S STATE LAW CLAIMS FAIL AS WELL

Defendants believe they have sufficiently articulated their arguments as to the state law claims in their moving papers. However, one piece of Plaintiff's Opposition on this point warrants a response. Plaintiff contends that he has provided an adequate factual basis to support the legal conclusion that Chief Lowe participated in torturing Plaintiff. The lone fact that Plaintiff claims "establishes" that conclusion concretely is that Chief Lowe "ask[ed] McMillan if he were ready to sign the citation." (Opposition, Dkt. #32, p. 10, ln. 10-11.) How asking a detained individual if he is willing to sign a citation that would vitiate the need for his detention constitutes torture is best known only to Plaintiff. However, that lone fact is insufficient to create a factual basis for the conclusion that Chief Lowe tortured Plaintiff. As such, these claims may be dismissed as well pursuant to FRCP 12(b)(6).

/ / /

/ / /

/ / /

/ / /

/ / /

4835-7390-3055.1

5

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

VII. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant the instant Motion to Dismiss.

DATED: October 20, 2020

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: [signature]

RYAN MATTHEWS
Attorneys for Defendants, ANDERSON FIRE PROTECTION DISTRICT and FIRE CHIEF STEVE LOWE



**FEDERAL COURT PROOF OF SERVICE**
James I. McMillan v. County of Shasta, et al.
Case No. 2:20-cv-00564-JAM-JDP

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On October 20, 2020, I served the following document(s):

- REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 20, 2020, at Sacramento, California.

Alicia Rios

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4835-7390-3055.1

1

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**SERVICE LIST**
**James I. McMillan v. County of Shasta, et al.**
**Case No. 2:20-cv-00564-JAM-JDP**

| | |
|---|---|
| James I. McMillan<br>4955 Via Lapiz<br>San Diego, CA 92122 | In Propria Persona<br><br>Tel.: 858-646-0069<br>Direct: 858-412-0058<br>Fax: 206-600-4582<br>Email: jimcmillan@netscape.net |
| Jerome M. Varanini<br>The Law Offices of Jerome M. Varanini<br>641 Fulton Avenue, Suite 200<br>Sacramento, CA 95825<br>P.O. Box 590<br>Sacramento, CA 95812-0590 | ***Attorneys for Defendant, CALIFORNIA FORENSIC MEDICAL GROUP, INC.***<br><br>Tel.: 916-993-4868<br>Fax: 916-993-6750<br>E: varanin@earthlink.net |
| Gary Charles Brickwood<br>Brickwood Law Office<br>1135 Pine Street, Suite 210<br>Redding, CA 96001 | ***Attorneys for Defendant COUNTY OF SHASTA, THOMAS M. BOSENKO, DAVE KENT***<br><br>Tel.: 530-245-1877<br>Fax: 530-245-1879<br>E: office@brickwoodlaw.com |
| Derick E. Konz<br>Gokalp Yusuf Gurer<br>Angelo Kilday & Kilduff, LLP<br>601 University Ave., Suite 150<br>Sacramento, CA 95825 | ***Attorneys for Defendant CITY OF ANDERSON, KAMERON LEE***<br><br>Tel.: 916-564-6100<br>Fax: 916-564-6263<br>E: dkonz@akk-law.com<br>E: ggurer@akk-law.com |