UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES I. McMILLAN,<br><br>        Plaintiff,<br><br>  v.<br><br>COUNTY OF SHASTA, a public entity, et al.,<br><br>        Defendants. | No. 2:20-cv-00564 JAM-JDP<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

    This lawsuit exemplifies the well-known adage that if you play with fire, you are likely to get burned.

    On the evening of March 7, 2019, firemen in Anderson, California responded to a report of fire at a local residence. Second Amended Complaint ("SAC") ¶ 6, ECF No. 20. At the residence, the Anderson firemen found James I. McMillan ("Plaintiff"). Id. Plaintiff was subsequently arrested and transported to the Shasta County Jail. Id. ¶¶ 12,17. Criminal charges were brought against Plaintiff and ultimately he entered a no contest plea in the criminal proceeding. Id. ¶ 52.

    Contending his arrest and custody at the Shasta County Jail

were unlawful, Plaintiff, a licensed attorney representing himself, brought this action under Section 1983 of the Civil Rights Act.  See Complaint ("Compl."), ECF No. 1.  On August 12, 2020, Plaintiff filed a 47-page Second Amended Complaint with sixteen causes of action against: the County of Shasta, the City of Anderson, the Anderson Fire Protection District, the Anderson Fire Chief Steve Lowe, Anderson Police Officer Kameron Lee, Shasta County Sheriff-Coroner Bonsenko, County Jail Captain Dave Kent, California Forensic Medical Group, and Jail Nurses Linda Smith and Amanda Ream (collectively "Defendants").  See SAC.

Before the Court are two separate motions to dismiss by: (1) the Anderson Fire Protection District and Fire Chief Steve Lowe (collectively "the Fire Defendants"), and (2) the City of Anderson and Anderson Police Officer Kameron Lee (collectively "the City Defendants").  Mot. to Dismiss by Anderson Fire Protection District and Chief Lowe ("Fire Mot."), ECF No. 24; Mot. to Dismiss by City of Anderson and Officer Lee ("City Mot."), ECF No. 25.  Plaintiff opposed both motions.  Opp'n to Fire Mot. ("Fire Opp'n"), ECF No. 32; Opp'n to City Mot. ("City Opp'n"), ECF No. 33.  Defendants then replied.  Reply by City Defendants ("City Reply"), ECF No. 35; Reply by Fire Defendants ("Fire Reply"), ECF No. 36.

For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss.[1]

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 27, 2020.

2

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Around 10 p.m. on March 7, 2019, Anderson firemen responded to reports of fire at a residential property where Plaintiff was located. SAC ¶ 6. Plaintiff reluctantly led the firemen to the backyard, where three small metal cans were discovered at the bottom of an empty swimming pool. Id. Shortly thereafter, the Anderson Fire Chief Steve Lowe ("Lowe") arrived at the scene along with a few Anderson Police officers, including Officer Kameron Lee ("Lee"). Id. ¶¶ 8,10. Lowe asked Plaintiff to provide his name, age, and driver's license. Id. ¶ 8. Plaintiff refused to provide his license insisting he was not required to by law since he had not been driving. Id. ¶9. Lowe then prepared a citation for violations of Cal. Health and Safety Code Section 42400.2(c) and Cal. Penal Code Section 148(a)(1) and asked Plaintiff to sign. Id. ¶ 11. Plaintiff refused. Id. He was then arrested. Id. ¶ 12.

Plaintiff claims that Fire Chief Lowe placed him under arrest. Id. Yet, all other factual allegations address only Officer Lee's actions: Lee handcuffed Plaintiff, Lee searched him, Lee found and seized Plaintiff's wallet taking out his driver's license to examine it, Lee took Plaintiff to his police cruiser and ordered Plaintiff to get in, and finally Lee shut the door on Plaintiff's feet after warning him twice he was going to do so. Id. ¶¶ 12-15. Lee's actions caused Plaintiff pain and physical injury. Id. ¶¶ 14-19.

Leaving Plaintiff in the back of his cruiser, Lee went over to chat with other Anderson officers and firemen, including Lowe. Id. ¶ 17. Ten minutes later, Lowe approached the cruiser, opened

the door, and asked Plaintiff if he was ready to sign the citation. Id. Plaintiff again refused. Id. At that point, Lee transported Plaintiff to the Shasta County Jail. Id. Plaintiff remained in custody at the Shasta County Jail for twenty-six hours.[2]

In the state court criminal proceedings that followed, Plaintiff pled no contest to a violation of Pub. Resource Code Section 4291 (Structures in Mountainous Areas: Flammable Materials). Fire Opp'n at 5. However, Plaintiff alleges Lowe fabricated evidence against him in these proceedings, submitting what Plaintiff calls the "bogus" Investigative Narrative report to the Shasta County Superior Court. Id. ¶¶ 40-42, 116.

## II.  OPINION

### A.  Judicial Notice

Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute," because it (1) "is generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). A court may take judicial notice of matters of public record. United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011). Matters of public record include "documents on file in federal or state courts." Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

---

[2] Plaintiff's allegations concerning his time in custody at the Shasta County Jail, see SAC ¶¶ 20-37, are not discussed here as they do not involve the Fire or City Defendants and therefore are not relevant to the present Motions.

4

1    They also include "government documents available from reliable
2    sources on the internet."  Cal. River Watch v. City of
3    Vacaville, No. 2:17-cv-00524-KJM-KJN, 2017 WL 3840265, at *2 n.1
4    (E.D. Cal. Sept. 1, 2017).
5       Fire Defendants ask the Court to take judicial notice of
6    the fact that Plaintiff is a licensed attorney in California.
7    See Fire Defs.' Req. for Judicial Notice ("RJN"), ECF No. 24-1.
8    City Defendants request the Court take judicial notice of the
9    criminal complaint and docket from Plaintiff's state court
10   criminal proceedings.  See City Defs.' RJN, ECF No. 25-2.
11   Plaintiff does not oppose Defendants' requests, but does ask the
12   Court to take judicial notice of the first amended complaint in
13   Knighten v. City of Anderson, No. 2:15-cv-01751 (E.D. Cal. April
14   29, 2020).  See Pl.'s RJN, ECF No. 34-1.  The Court finds
15   Plaintiff's State Bar of California record, the documents from
16   Plaintiff's state court criminal proceedings, and the Knighten
17   complaint all to be matters of public record, and, therefore,
18   proper subjects of judicial notice.
19      Accordingly, the Court GRANTS all parties' Requests for
20   Judicial Notice.  In doing so, the Court judicially notices only
21   "the contents of the documents, not the truth of those contents."
22   Gish v. Newsom, No. EDCV 20-755-JGB(KKx), at *2 (C.D. Cal. April
23   23, 2020).
24      B.   Legal Standard
25      Federal Rule of Civil Procedure 8(a)(2) requires "a short
26   and plain statement of the claim showing that the pleader is
27   entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  Courts must
28   dismiss a suit if the plaintiff fails to "state a claim upon

which relief can be granted." Fed. R. Civ. Proc. 12(b)(6).  To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This plausibility standard requires "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  At this stage, the Court "must accept as true all of the allegations contained in a complaint." Id.  But it need not "accept as true a legal conclusion couched as a factual allegation." Id.

C. Analysis

1. Section 1983 Claims

Plaintiff's Section 1983 claims against the Fire and City Defendants are not clearly or precisely pled and the Court has made its best effort to properly evaluate these claims, including considering the facts in the light most favorable to Plaintiff. However, because Plaintiff mixes factual allegations and legal arguments in a confusing manner and in particular has captioned claims unclearly, the Court "cannot be sure [it] ha[s] correctly understood all the averments." McHenry v. Renne, 84 F.3d 1172, 1174 (9th. Cir. 1996) (finding the Plaintiffs' 53-page long complaint to be confusing and unfairly burdensome).  If the Court has not, Plaintiff has "only [himself] to blame." Id.

Plaintiff's claims under federal law include the following: his first 1983 claim against both the Fire and City Defendants for unreasonable search and seizure under the Fourth Amendment. SAC ¶¶ 50-52.  His second claim against the City Defendants for

1  cruel and unusual Punishment under the Eighth Amendment,
2  deliberate indifference under the Fourteenth Amendment, and
3  excessive force under the Fourth Amendment. Id. ¶¶ 53-55. His
4  third claim against the Fire Defendants likewise for cruel and
5  unusual Punishment under the Eighth Amendment, deliberate
6  indifference under the Fourteenth Amendment, and excessive force
7  under the Fourth Amendment. Id. ¶¶ 56-59. His sixth claim
8  against Lowe for judicial deception and fabrication of evidence
9  under the Fourteenth Amendment. Id. ¶¶ 67-75. His seventh claim,
10 a Monell claim, against the City of Anderson. Id. ¶¶ 76-79. His
11 eighth claim, also a Monell claim, against Anderson Fire
12 Protection District. Id. ¶¶ 80-108. Defendants move to dismiss
13 all of these claims. Fire Mot. at 3; City Mot. at 2.
14                    a.   First Claim: Fourth Amendment
15     Defendants argue that Plaintiff fails to state a claim for
16 an unreasonable search under the Fourth Amendment because Lee
17 performed a lawful search incident to arrest pursuant to U.S. v.
18 Robinson, 414 U.S. 218 (1973). City Mot. at 6; Fire Mot. at 7-9.
19 The Court agrees.
20     In Robinson, the Supreme Court held that searches incident
21 to a lawful arrest are not only an exception to the warrant
22 requirement, but also a reasonable search under the Fourth
23 Amendment. 414 U.S. at 235. Here, Plaintiff alleges the
24 unreasonable search took place when Lee "removed [his] wallet and
25 examined it without a warrant", and did so "without justification
26 or authority, and without probable cause, exigency, or court
27 order." SAC ¶ 51. But, as Defendants point out, Lee searched
28 Plaintiff's wallet after he had been lawfully arrested following

7

1  his refusal to sign the citation confirming that he would appear
2  in court.  Id. ¶¶ 11-12.  Because Lee's search of Plaintiff was
3  incident to a lawful arrest, it was permissible under Robinson.
4      To avoid the clear application of Robinson, Plaintiff
5  challenges the lawfulness of the predicate arrest.  City Opp'n
6  at 3-6.  This argument, however, is foreclosed by Heck v.
7  Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held
8  that "to recover damages for an allegedly unconstitutional
9  conviction or imprisonment, or for other harm caused by actions
10 whose unlawfulness would render a conviction or sentence
11 invalid, a Section 1983 plaintiff must prove that the conviction
12 or sentence has been" reversed, expunged, declared invalid, or
13 called into question.  512 U.S. at 487.  In other words, if a
14 Plaintiff brings a claim for damages based on "a conviction or
15 sentence that has not been so invalidated," the claim is not
16 cognizable under Section 1983.  Id.  Therefore, when a state
17 prisoner seeks damages in a Section 1983 suit, the district
18 court "must consider whether a judgment in favor of the
19 plaintiff would necessarily imply the invalidity of his
20 conviction or sentence."  Id.  If it would, the complaint must
21 be dismissed unless the plaintiff can demonstrate that the
22 conviction or sentence has already been invalidated.  Id.
23     Here, Plaintiff admits he pled no contest to violating Pub.
24 Resource Code § 4291 and that this conviction has not been
25 invalidated to date.  Fire Opp'n at 5; City Opp'n at 4.
26 Nevertheless, Plaintiff insists that the Heck bar does not apply
27 and therefore that he may challenge his arrest.  City Opp'n at
28 3-6.  Specifically, Plaintiff's argument seems to be that a no

contest plea to a "disassociated" charge cannot be treated as a conviction for Heck purposes. Id. To support this contention, Plaintiff cites to Lockett v. Ericson, 656 F.3d 892 (9th Cir. 2011), and Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005). City Opp'n at 5. But, as Defendants argue in their briefs, these two cases are readily distinguishable and do not further Plaintiff's argument that the Heck bar does not apply in light of his no contest plea. Fire Reply at 2-3; City Reply at 2. Lockett concerned evidence from an allegedly unlawful search that preceded the plaintiff's arrest. 656 F.3d at 894-895. Here, the search Plaintiff challenges occurred after Plaintiff had been arrested. SAC ¶¶ 12-13. Moreover, unlike the plaintiff in Lockett, Plaintiff here does not challenge illegally obtained evidence, see 656 F.3d at 895; rather he is challenging the arrest itself. Lockett is therefore inapposite. Likewise, Smith does not help Plaintiff because the Smith Court made clear that a section 1983 claim targeting the arrest itself and aiming to show the officers were "acting unlawfully at the time [the] arrest was effected"– is barred by Heck. 394 F.3d at 697. Nor does Plaintiff address the authority unfavorable to his position, in which courts have treated a no contest plea as a conviction for Heck purposes. See e.g. Szajer v. City of Los Angeles, 632 F. 3d 607 (9th Cir. 2011) (affirming the district court's treatment of plaintiffs' no contest plea as a conviction for Heck purposes and application and subsequent application of the Heck bar).

    Plaintiff further argues his plea to violation of Pub. Resources Section 4291 cannot be a basis for Heck because he was

1  not initially charged with a violation of this code section and
2  it bears no significant factual relationship to the original
3  charges.  City Opp'n at 4.  Plaintiff does not cite any
4  authority to support this argument.  Nor does he account for the
5  fact that his plea to Pub. Resources Code § 4291 was made in
6  exchange for a dismissal of the original charges of Cal. Health
7  and Safety Code §§ 41800/42400.  City Reply at 2.  Finally, the
8  plain language of the code sections belies Plaintiff's
9  contention that there is no significant relationship between the
10 original charges and the Section 2491 charge.  Id. at 2 n.2.

11     The Court thus finds that Plaintiff's arguments as to why
12 the Heck bar does not apply are without merit.  By contrast,
13 Defendants have persuasively argued that if Plaintiff were to
14 successfully challenge his arrest, that would necessarily imply
15 the invalidity of his conviction.  Thus, the Court finds the
16 Heck bar applies.

17     The only remaining question is whether Plaintiff can
18 demonstrate that his conviction has already been invalidated in
19 order to avoid dismissal on Heck grounds.  Heck, 512 U.S. at
20 487.  Plaintiff points out his plea involved a deferred entry of
21 judgment by which his charge will be dismissed in June 2021 if
22 he commits no crimes before then.  Fire Opp'n at 7; City Opp'n
23 at 4.  However, the fact that Plaintiff's conviction may
24 eventually be invalidated is of no avail to him now.  The
25 language of Heck is clear: the conviction must have "already
26 been invalidated."  512 U.S. at 487.  Plaintiff cannot make this
27 showing and therefore cannot avoid dismissal on Heck grounds.

28     In sum, because Heck bars Plaintiff from collaterally

10

…
…

attacking the lawfulness of the predicate arrest and because Plaintiff cannot show his conviction has been invalidated to avoid the Heck bar, the Court finds Officer Lee's search was incident to a lawful arrest and thereby reasonable under Robinson.

Accordingly, Plaintiff has failed to state a claim for unreasonable search in violation of the Fourth Amendment. Plaintiff's first claim for relief is dismissed with prejudice. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (finding leave to amend need not be granted when amendment would be futile).

      b.  Sixth Claim: Fourteenth Amendment

Fire Defendants argue that Plaintiff's sixth claim against Chief Lowe for judicial deception and fabrication of evidence is also barred by Heck. Fire Mot. at 11-12. As discussed above, Heck bars Section 1983 claims that would necessarily imply the invalidity of the plaintiff's conviction. 512 U.S. at 487.

Here, the application of Heck is straightforward: if this Court were to find that the evidence submitted by Lowe to the Shasta County Superior Court in his state criminal proceedings was fabricated, that would necessarily imply the invalidity of his conviction in those proceedings. 512 U.S. at 487. If Plaintiff believed Lowe fabricated evidence, his remedy was to contest the charges in state court. He did not. Instead, he entered a no contest plea, which the state court accepted. Fire Opp'n at 5. Heck prevents Plaintiff from now collaterally attacking his conviction. As the Heck Court explained, a plaintiff "has no cause of action under Section 1983 unless and

until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 489 (emphasis added). Here, there is no allegation that Plaintiff's conviction has been invalidated. As such, this claim against Lowe is barred by Heck.

In a last-ditch effort to avoid the Heck bar, Plaintiff argues in his opposition brief that the fabricated evidence is separate and apart from his no contest plea and thus not subject to Heck. Fire Opp'n at 5-7. But while Plaintiff may be able to avoid the Heck bar through this line of argument, he runs into a different issue that still renders him unable to state a claim. Specifically, "to prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017). By arguing Lowe's investigative report with the false statements is separate and apart from his plea, Plaintiff can no longer explain how this report caused a deprivation of liberty, as required under the second prong of Spencer. Id. In this way, Plaintiff still fails to state a claim for deliberate fabrication of evidence.

In sum, Plaintiff's fabrication of evidence claim fails "whether through Heck or by a simple failure to plead the elements of his cause of action." Fire Reply at 4. Accordingly, Plaintiff's sixth claim is dismissed with prejudice as the Court also finds that further amendment would be futile.

          c.   Second and Third Claims: Excessive Force

As a preliminary matter, Plaintiff's second and third claims

for relief are both improperly captioned in part "Fourteenth and Fourth Amendments – Search, Seizure, Cruel and Unusual Punishment, Deliberate Indifference." SAC at 21, 22. However, as City Defendants point out, Plaintiff does not have a cognizable claim for cruel and unusual punishment or deliberate indifference under either the Eighth or Fourteenth Amendments because Plaintiff was neither a convicted prisoner nor a pre-trial detainee during his interactions with Officer Kameron Lee. City Mot. at 7. Plaintiff does not dispute this in his opposition briefs. See Fire Opp'n; City Opp'n. Accordingly, the Court's analysis of Plaintiff's second and third claims is limited to excessive force claims under the Fourth Amendment.

In Graham v. Connor, the Supreme Court held that all claims that law enforcement officers have used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its "reasonableness" standard. 490 U.S. 386, 395 (1989). Thus, courts evaluating excessive force claims ask whether the officer's actions were objectively reasonable based on the information the officer had when the force was used. Id. at 397.

Plaintiff insists his allegations sufficiently demonstrate Officer Lee's use of force was unreasonable. City Opp'n at 6-8. The Court disagrees. Taking Plaintiff's allegations concerning Lee's use of force altogether, see SAC ¶¶ 12-19, and drawing all inferences in Plaintiff's favor, the Court does not find these allegations show Lee's application of force was unreasonable. Rather, the allegations indicate only a reasonable use of force, the kind of force to be expected during an arrest; and as the Graham Court explained, the right to make an arrest "necessarily

13

1  carries with it the right to use some degree of physical coercion
2  or threat thereof," thus not every use of physical force violates
3  the Fourth Amendment.  Graham, 490 at 396.  Here, Plaintiff's
4  allegations – only two of which involve Lee actually applying
5  physical force, his placement of the handcuffs too tightly and
6  his shutting the door on Plaintiff's feet after warning Plaintiff
7  twice that he was going to be shutting the door - do not
8  plausibly state a claim that Lee's use of force was unreasonable
9  under Graham.  SAC ¶¶ 14-19.  Nor do the three cases Plaintiff
10 cites in opposition help him avoid dismissal; as City Defendants
11 discuss in their reply brief, each of those cases involved more
12 than a de minimis use of force, unlike here where the allegations
13 indicate that Lee's force was de minimis.  City Reply at 3.
14     In sum, because Plaintiff has not plausibly alleged Lee's
15 use of force was unreasonable under Graham, he fails to state a
16 claim for excessive force against City Defendants.  Plaintiff's
17 second claim therefore is dismissed without prejudice.
18     So too must the third claim for relief, Plaintiff's
19 excessive force claim against the Fire Defendants, be dismissed.
20 The only legal basis for this claim is that Fire Chief Lowe was
21 an "integral participant" in Officer Lee's use of excessive
22 force.  SAC ¶ 51; see also Boyd v. Benton County, 374 F.3d 773
23 (9th Cir.2004) (articulating the "integral participant" theory of
24 liability for Fourth Amendment excessive force claims).  Because
25 the Court finds that Plaintiff has not plausibly alleged an
26 excessive force claim against Lee, there is no predicate claim
27 for Lowe's liability as an integral participant to attach.  That
28 is, Lowe cannot be found liable as an integral participant if

1  there was no unlawful use of force in the first instance.
2      Accordingly, Plaintiff's third claim against the Fire
3  Defendants is dismissed without prejudice.
4                    d.    <u>Seventh and Eighth Monell Claims</u>
5      Defendants also move to dismiss Plaintiff's seventh and
6  eighth <u>Monell</u> claims for failure to allege a custom or practice.
7  Fire Mot. at 12-13; City Mot. at 10-12.
8      Municipalities may be held liable under Section 1983 for
9  constitutional injuries inflicted through a municipal policy or
10 custom.  <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436
11 U.S. 658, 694 (1978).  To establish municipal liability under
12 Section 1983, a plaintiff must show that (1) he was deprived of a
13 constitutional right; (2) the municipality had a policy; (3) the
14 policy amounted to a deliberate indifference to his
15 constitutional right; and (4) the policy was the moving force
16 behind the constitutional violation.  <u>Anderson v. Warner</u>, 451
17 F.3d 1063, 1070 (9th Cir. 2006) (internal citations and
18 quotations omitted).  To properly state a <u>Monell</u> claim,
19 allegations in a complaint "may not simply recite the elements of
20 a cause of action, but must contain sufficient allegations of
21 underlying facts to give fair notice and to enable the opposing
22 party to defend itself effectively."  <u>AE ex rel. Hernandez v.
23 Cty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (quoting <u>Starr
24 v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011)).
25     Plaintiff insists that he "does not merely recite the
26 elements" of a <u>Monell</u> claim, and that he does not "rely on pure
27 conclusory allegations."  City Opp'n at 9.  The Court does not
28 agree.  Rather, the Court finds Plaintiff's allegations, SAC

¶¶ 76-108, to be entirely conclusory.  The only factual allegations are those of Plaintiff's own encounter with the Anderson police and firemen.  Yet Plaintiff asks the Court to infer from only his experience the existence of a policy or practice.  But the well-settled law is that his experience alone is insufficient to state a Monell claim.  See Hicks v. Cty. of Stanislaus, 2018 WL 347790, at *6 (E.D. Cal. Jan. 10, 2018) (a "pattern of similar constitutional violations by untrained employees is ordinarily necessary … isolated incidents of alleged wrongdoing do not suffice"); Cain v. City of Sacramento, 2017 WL 4410116, at *3 (E.D. Cal. Oct. 3, 2017) (explaining that "[d]istrict courts have dismissed complaints where a plaintiff alleged a single incident of unconstitutional conduct as the basis for their Monell claim").

Because Plaintiff's allegations of his own experience alone do not suffice to state a Monell claim, Plaintiff's seventh[3] and eighth claims are dismissed without prejudice.

2. State Law Claims for Relief

The Court now turns to the remaining state law claims against the City and Fire Defendants, which the Court again interprets as best it can.  Plaintiff's ninth claim for relief is for false arrest against Fire Chief Lowe.  SAC ¶¶ 111-117.  Plaintiff's tenth claim is for elder abuse against both City and Fire Defendants.  SAC ¶¶ 118-122.  His twelfth claim is for violation of the Bane Act against the City and Fire Defendants.

---

[3] Plaintiff brings the seventh claim against both the City of Anderson and the County of Shasta.  SAC at 28.  However, a motion to dismiss by the County is not before the Court.  This claim is therefore dismissed only as to the City Defendants.

16

1  SAC ¶¶ 129-146; see also Cal. Civ. Code §51.2.  His thirteenth
2  claim is for negligence per se against the Fire and City
3  Defendants.  SAC ¶¶ 147-152.  His fourteenth claim is for
4  negligence against the Fire and City Defendants.  SAC ¶¶ 153-155.
5       As a threshold matter, the Court finds that Plaintiff has
6  not meaningfully addressed either the Fire Defendants' or the
7  City Defendants' legal arguments as to why Plaintiff's state law
8  claims should be dismissed for failure to state a claim.  See
9  Fire Opp'n; City Opp'n.  In his opposition to the Fire
10 Defendants' Motion, Plaintiff merely points the Court back to
11 certain paragraphs of the SAC and declares his state law claims
12 "are factually supported within each claim by incorporation."
13 Fire Opp'n at 10.  In his opposition to the City Defendants'
14 Motion, Plaintiff discusses his state law claims at greater
15 length, see City Opp'n at 12-15, but his discussion is largely
16 untethered from the law and unresponsive to the arguments City
17 Defendants advance in their Motion.
18      Given Plaintiff's failure to meaningfully address
19 Defendants' legal arguments, the Court finds dismissal of these
20 claims warranted.  Accordingly, Plaintiff's ninth, tenth,
21 twelfth, thirteenth, and fourteenth claims are dismissed without
22 prejudice.
23
24                         III.  ORDER
25      For the reasons set forth above, the Court GRANTS the City
26 Defendants and the Fire Defendants' Motions to Dismiss.
27 Plaintiff's first and sixth claims for relief are DISMISSED WITH
28 PREJUDICE.  Plaintiff's second, third, seventh and eighth claims

for relief are DISMISSED WITHOUT PREJUDICE. Plaintiff's state law claims for relief (ninth, tenth, twelfth, thirteenth and fourteenth) are DISMISSED WITHOUT PREJUDICE.

If Plaintiff elects to amend his complaint, he shall file an Amended Complaint within twenty (20) days of this Order. Defendants' responsive pleadings are due twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: February 1, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE