```
JEROME M. VARANINI, ESQ. (State Bar No. 58531)
THE LAW OFFICES  OF JEROME M. VARANINI
641 FULTON AVENUE, Suite 200
SACRAMENTO, CA (95825)
P.O. BOX 590
SACRAMENTO, CA  95812-0590
TELEPHONE:  (916) 993-4868

Attorney For Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.,
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES I. MCMILLAN, Individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTY OF SHASTA, a public entity, CITY OF ANDERSON, a public entity, ANDERSON FIRE PROTECTION DISTRICT, a public entity, FIRE CHIEF STEVE LOWE in his official and individual capacity, et al<br><br>    Defendants.<br>_____/ | CASE NO. 2:20-cv-00564-JAM-EFB<br><br>**ANSWER TO THIRD AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

**COMES NOW** DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC. ["CFMG"], and respond to plaintiff's THIRD AMENDED COMPLAINT FOR DAMAGES ["TAC"]as follows:

**I.**

**RESPONSE TO: "PARTIES TO THIS COMPLAINT"**

1. In response to paragraphs 1,and 2a-j, of the TAC, all the while denying any liability to plaintiff by this responding defendant on the theories alleged or at all, defendant acknowledges that plaintiff has listed multiple parties, including defendant, that plaintiff has named as defendants in this case.

/////

1

**II.**

**RESPONSE TO: "BASIS FOR JURISDICTION AND VENUE"**

2. In response to the allegations of paragraph 3 of the TAC defendant agrees that as this case has been pled, jurisdiction and venue are proper in this court. Defendant denies all allegations that defendant was deliberately indifferent to any serious medical need of plaintiff and denies that any care provided to plaintiff fell below the applicable standard of care and denies that any care was constitutionally infirm as alleged or at all; defendant denies all other allegations of said paragraphs on information and belief.

**III.**

**RESPONSE TO: "INTRA DISTRICT ASSIGNMENT"**

3. In response to the allegation of paragraph 4 of the TAC, defendant denies that plaintiff has been injured as allege or at all by any action or inaction of defendant; without waiving this denial, defendant agrees that as pled this action is properly brought in the Eastern District in Sacramento.

**IV.**

**RESPONSE TO: "PRELIMINARY FACTS"**

4. In response to the allegations of paragraphs 5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31.,32,33,34,35,36,37,38,39,40,46,47,54,56,57,58,59,60,61,64,67,68,69,70,71,72,73,74,75 a-g,76, and 77, of the TAC, defendant denies the allegations therein contained on information and belief.

5. In response to the allegations of paragraph 43, of the TAC, defendant admits that plaintiff on entry into the Shasta County jail did not have any medication in an original prescription container in his

2

possession; defendant admits that at intake a discussion with the plaintiff as to this history of prescription medications took place; except as admitted defendant denies that defendant took no action to try to confirm plaintiff's currently valid prescriptions, if any, and denies that defendant took no steps to be prepared to provide medication for plaintiff's diabetes in the event that verification of prescription medications could not be made. Except as admitted and denied herein, defendant denies all remaining allegations of said paragraph on information and belief.

6. In response to the allegations of paragraph 45 of the TAC, defendant admits that a glucose test was administered to plaintiff at the Shasta County jail; except as admitted defendant denies the remaining allegations of said paragraph.

7. In response to the allegations of paragraphs 41,42,44,48,49,50,52,53,63,65,and 66, of the TAC defendant denies the allegations therein contained.

8. In response to the allegations of paragraph 51 of the TAC, defendant admits that the availability of diabetic meals was discussed with plaintiff; except as admitted, defendant denies all remaining allegations of said paragraph.

9. In response to the allegations of paragraph 62 of the TAC, defendant admits that a second glucose test returned a reading of 172. Defendant admits that the medical staff was aware that plaintiff was a diabetic and admits that the staff took steps to provide prescription medication for the diabetes in the event that verification of plaintiff's reported prescriptions either by his pharmacy or by production of medication in its original containers was not forthcoming prior to the time of plaintiff's release from the jail. Except as admitted herein

defendant denies all remaining allegations of said paragraph.

## V.

### RESPONSE TO: "PARTIES AND PROCEDURE"

10. In response to the allegations of paragraphs 78,79,80,82, and 83,of the TAC, defendant denies the allegations therein contained on information and belief.

12. In response to the allegations of paragraph 81,of the TAC defendant admits that it is a California Corporation licensed to do business in the State of California and that defendant provided care to inmates at the Shasta County jail pursuant to the terms and conditions of a contract for such care with the County. Defendant denies that there was any policy or procedure relating to the delivery of care at the Shasta County jail that was constitutionally infirm and denies all allegations that plaintiff was damaged in any sum or sums as alleged or at all.

13. In response tp the allegations of paragraph 84 of the TAC, defendant denies the allegations therein contained and denies all allegations that defendant was deliberately indifferent to any serious medical need presented by plaintiff during the time of his incarceration at the Shasta County jail as alleged or at all.

## VI.

### RESPONSE TO: "FIRST CLAIM FOR RELIEF"

14. In response to the allegations of paragraph 85 of the TAC, defendant re-alleges and reincorporates herein as if fully set forth, the responses to all paragraphs of the TAC.

15. In response to the allegations of paragraphs 86-104, of the TAC defendant notes that the allegations in said paragraphs are not brought as and against this answering defendant and defendant denies the allegations therein on information and belief.

**VII.**

**RESPONSE TO: "SECOND CLAIM FOR RELIEF"**

16. In response to the allegations of paragraph 105, of the TAC, defendant re-allege and reincorporate herein as if fully set forth, the responses to all paragraphs of the TAC.

17. In response to the allegations of paragraphs 106,107 and 108, of the TAC, defendant denies the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

**VIII.**

**RESPONSE TO: "THIRD CAUSE OF ACTION"**

18. In response to the allegations of paragraph 109 of the TAC, defendant re-alleges and reincorporates herein as if fully set forth the response to all paragraphs of the TAC.

19. In response to the allegations of paragraphs 110,111,and 112 of the TAC, defendant notes that the allegations in said paragraphs are not brought as and against this answering defendant and defendant denies the allegations therein on information and belief.

**IX.**

**RESPONSE TO: "FOURTH CLAIM FOR RELIEF"**

20. In response to the allegations of paragraph 113 the TAC defendant re-alleges and restates herein all of the answers to all of the paragraphs in the TAC.

21. In response to the allegations of paragraphs 114-120a-e, of the TAC defendant denies the allegations therein contained on information and belief.

**X.**

**RESPONSE TO: "FIFTH CLAIM FOR RELIEF"**

22. In response to the allegations of paragraph 121 of the TAC,

5

defendant re-alleges and reincorporates herein as if fully set forth, the responses to all paragraphs of the TAC.

23. In response to the allegations of paragraphs 122-151, of the TAC, defendant notes that the allegations in said paragraph are not brought as and against this answering defendant and defendant denies the allegations therein on information and belief.

## XI.

### RESPONSE TO: "SIXTH CAUSE OF ACTION"

24. In response to the allegations of paragraph 152, of the TAC, defendant re-alleges and reincorporates herein as if fully set forth the response to all paragraphs in the TAC.

25. In response to the allegations of paragraphs 153-155, of the TAC, defendant notes that the allegations therein contained are brought as and against parties other than this answering defendant and defendant denies the allegations therein contained on information and belief.

## XII.

### RESPONSE TO: "STATE CLAIMS FOR RELIEF"

26. In response to the allegations of paragraph 156 of the TAC, defendant re-alleges and reincorporates herein by reference as if fully set forth, the responses to all paragraphs of the TAC and denies on information an belief the remainder of paragraph 156,a-f, and paragraph 157 of the TAC on information and belief.

## XIII.

### RESPONSE TO: "SEVENTH CLAIM FOR RELIEF"

27. In response to paragraph 158, of the TAC defendant re-alleges and restates herein the responses to all paragraphs of the TAC.

28. In response to the allegations of paragraphs 159-166, of the TAC defendant denies the allegations therein contained on information and

6

belief and notes that none of the allegations is directed at this responding defendant.

### XIII.

### RESPONSE TO: "EIGHTH CAUSE OF ACTION"

29. In response to the allegations of paragraph 168 of the TAC, defendant re-alleges and reincorporates herein as if fully set forth, the responses to all paragraphs of the TAC.

30. In response to the allegations of paragraphs 167, 169-175, of the TAC, defendant denies the allegations therein contained on information and belief.

### XIV

### RESPONSE TO: "NINTH CLAIM FOR RELIEF"

31. In response to the allegations of paragraph 176, of the TAC, defendant re-alleges and restates herein the responses to all paragraphs of the TAC.

32. In response to the allegations of paragraphs 177-181, of the TAC, defendant denies the allegations therein contained on information and belief.

### XV.

### RESPONSE TO: "TENTH CLAIM FOR RELIEF"

33. In response to the allegations of paragraph 182, of the TAC, defendant re-alleges and re-incorporates herein the responses to all paragraphs of the TAC.

34. In response to the allegations of paragraphs 183-199, of the TAC, defendant denies the allegations therein contained on information and belief.

### XVI.

### RESPONSE TO: "ELEVENTH CLAIM FOR RELIEF"

35. In response to the allegations of paragraph 200 of the TAC, defendant re-alleges and re-incorporates herein as if fully set forth the responses to all paragraphs of the TAC.

36. In response to the allegations of paragraphs 201-208, defendant denies the allegations therein contained on information and belief.

## XVII.

### RESPONSE TO: "TWELFTH CLAIM FOR RELIEF"

37. In response to the allegations of paragraph 209, of the TAC, defendant re-alleges and re-incorporates herein as if fully set forth the responses to all paragraphs of the TAC.

38. In response to the allegations of paragraphs 210-212, of the TAC, defendant denies the allegations therein contained on information and belief.

## XVIII.

### RESPONSE TO: "THIRTEENTH CLAIM FOR RELIEF"

39. In response to the allegations of paragraph 213 a-d, and 214, of the TAC, defendant re-alleges and re-incorporates herein as if fully set forth the answers to all paragraphs in the TAC and e denies the allegations therein contained on information and belief.

## XIX.

### RESPONSE TO: "FOURTEENTH CLAIM FOR RELIEF"

40. In response to the allegations of paragraph 215 of he TAC, defendant re-alleges and re-incorporates herein as if fully set forth the responses to all paragraphs of the TAC.

41. In response to the allegations of paragraphs 216-219, of the TAC defendant denies the allegations therein contained and that the plaintiff was damaged in any sum or sums as alleged or at all1.

## XX.

**RESPONSE TO: "FIFTEENTH CLAIM FOR RELIEF"**

42. In response to the allegations of paragraph 220, of the TAC, defendant re-alleges and re-incorporates herein as if fully set forth the responses to all paragraphs of the TAC.

43. In response to the allegations of paragraphs 221-225, of the TAC, defendant denies the allegations therein contained on information and belief.

**XXI.**

**RESPONSE TO THE "SIXTEENTH CLAIM FOR RELIEF"**

44. In response to the allegations of paragraph 226, of the TAC, defendant re-alleges and restates the response to all paragraphs of the TAC.

45. In response to the allegations of paragraphs 227-231, of the TAC, defendant denies the allegations therein contained on information and belief.

**XXII.**

**RESPONSE TO PLAINTIFF'S "PRAYER"**

46. In response to plaintiff's "Prayer," defendant denies that plaintiff is entitled to any recovery or relief as requested or at all as and against this answering defendant.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

As and for a first affirmative defense, defendant alleges that all actions taken, were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus, defendants are entitled to qualified immunity.

**SECOND AFFIRMATIVE DEFENSE**

As and for a second and separate affirmative defense, defendant alleges that plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative link between these answering defendant and the acts which allegedly caused damages in alleged violation plaintiff's rights.

### THIRD AFFIRMATIVE DEFENSE

As and for a third and separate affirmative defense, defendant alleges that pursuant to Government Code section 815, this answering defendant is not liable for any injury, except as otherwise provided by statute.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth and separate affirmative defense, defendant alleges that the answering defendant is immune from liability pursuant to Government Code section 820.4.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth and separate affirmative defense, defendant alleges on information and belief that persons including plaintiff or entities other than this answering defendant were responsible for the damages, if any there were which defendant denies, alleged by plaintiff. It was this fault or negligence of third parties, and not any act or acts of the answering defendant, which proximately contributed to the damages, if any, suffered by plaintiff. This defense is interposed only in the alternative and does not admit any of the allegations of the FAC.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth and separate affirmative defense, defendant alleges that plaintiff's action is barred by all applicable Government Code immunities including, but not limited to §815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said

10

sections are pleaded as though fully set forth herein.

**SEVENTH AFFIRMATIVE DEFENSE**

As and for a seventh and separate affirmative defense, defendant alleges that defendant is entitled to immunities provided by the California Business & Professions Code sections 2395, 2396 and 2397.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth and separate affirmative defense, defendant is immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code sections 43.55.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth and separate affirmative defense, defendant denies that any act or failure to act as alleged or otherwise in contravention of plaintiff's civil rights occurred, the answering defendant asserts that all actions or decisions not to act by defendant were performed in good faith and without malice and without realization or recognition that such conduct would violate any rights of plaintiff, if in fact plaintiff's rights were violated which these defendants deny, such acts or decisions not to act as were performed, were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, answering defendant is immune from claims that it violated plaintiff's alleged civil rights based upon this good faith belief. Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known.

**TENTH AFFIRMATIVE DEFENSE**

11

1   As a tenth and separate affirmative defense, defendant alleges that
2 plaintiff has failed to comply with the Code of Civil Procedure section
3 425.13(a) with respect to his alleged claim for punitive damages against
4 medical care providers, with respect to any alleged claim against such
5 health care provider under California statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh and separate affirmative defense, defendant alleges that in the event answering defendant is found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), defendant may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiff pursuant to California Civil Code section 3333.1.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth and separate affirmative defense, defendant alleges that in the event answering defendant is found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), the damages for non-economic losses shall not exceed the amount specified in California Civil Code section 3333.2.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth and separate affirmative defense, defendant alleges that in the event the answering defendant is found liable, (which supposition is denied and merely stated for the purpose of this affirmative defense), defendant may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure, section 667.7, paid in whole or in part, as specified in California Code of Civil Procedure section 667.7.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth and separate affirmative defense, defendant alleges that some or all of the claims asserted in the FAC are barred by the provisions of California Code of Civil Procedure sections 340, 340.5 and 474.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As and for a fifteenth and separate affirmative defense, defendant alleges that the provisions of California Civil Code section 1431.2 are applicable to some or all of the claims asserted in the FAC.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As and for a sixteenth separate affirmative defense, defendant alleges that some or all of the claims asserted in the FAC are barred by the provisions of California Civil Code section 1714.8.

WHEREFORE, Defendant prays for relief as follows:

1. That this court deny all of Plaintiff's prayers for relief;
2. That the court enter an order of dismissal with prejudice of all claims for relief against defendant;
3. That the court award costs and fees to defendant; and
4. That this court grant additional relief for this answering defendant as the court deems right and just.

Dated: May 14, 2021                    LAW OFFICES OF JEROME M. VARANINI

/s/Jerome M. Varanini
By: Jerome M. Varanini
Attorney For Defendant

**DEMAND FOR JURY TRIAL**

Defendant CFMG request a trial by jury in this matter.

Dated: May 14, 2021                    LAW OFFICES OF JEROME M. VARANINI

/s/Jerome m. Varanini
By: Jerome M. Varanini
Attorney For Defendant