1  James I. McMillan, CBN 68584 Inactive
   4955 Via Lapiz
2  San Diego, CA 92122
   Office: 858-646-0069
3  Direct: 858-412-0058
   Fax: 206-600-4582
4  Email: jimcmillan@netscape.net

5  JAMES I. MCMILLAN, **in propria persona**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James I. McMillan,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>County of Shasta, a public entity; City of Anderson, a public entity; Anderson Fire Protection District, a public entity; Fire Chief Steve Lowe in his official and individual capacity; Anderson Police Officer Kameron Lee in his official and individual capacity; Shasta County Sheriff-Coroner Thomas M. Bosenko ret., in his individual and official capacities; County Jail Captain Dave Kent, in his individual and official capacity; California Forensic Medical Group, Inc., a California Corporation; Jail Nurse Linda Smith, Jail Nurse Amanda Ream and DOES 1-50; individually, jointly, and severally,<br><br>　　　　Defendants. | Case No.: 2:20-cv-00564-JAM-EFB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date:　August 10, 2021<br>Time:　1:30 p.m.<br>Crtrm.:　6, 14th Floor<br><br>Judge:　Hon. John A. Mendez.<br><br>Trial Date: None Set |

/ / /

/ / /

/ / /

/ / /

# I. INTRODUCTION

1. On March 7, 2019, Defendants Lowe and Anderson Fire Protection District ("Defendants") openly displayed an open contempt and disrespect for Plaintiff's constitutional rights. Defendants do so again in their motion to dismiss. Indeed, Defendants state the violation of Plaintiff's constitutionally protected civil rights is mere "histrionic outrage." (Dkt No. 45-1, 2:6-7.) Outrageously, Defendants even blame Plaintiff, the victim. (Dkt. No. 45-1, 2:12.)

2. But, Plaintiff's constitutionally protected right to be free from the use of excessive force is not to be lightly dismissed as mere outrage. As a direct result of Defendants' participation, Plaintiff suffered actual physical injuries that persist to this day.

3. The *Heck* defense does not apply to Plaintiff's §1983 claim against Defendants for their participation in violating Plaintiff's constitutional rights. As Plaintiff's claim for excessive force does not rely on the criminal charge in any way, it is not barred by *Heck*. Indeed, any physical force against an elderly man for a non-violent trivial infraction is excessive given the allegations in Plaintiff's complaint, let alone the severe and persisting physical injures Plaintiff suffered.

4. The Court should deny Defendants' motion in full. However, should the Court grant any portion of Defendants' motion, Plaintiff requests, under the extremely liberal *pro per* standard for amendment, that the Court grant Plaintiff an opportunity to amend the complaint

# II. GOVERNING LAW

5. The pleading requirements under FRCP Rule 8 require only a plausible "short and plain" statement of the plaintiff's claim, "not an exposition of his legal argument." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). The rule does not require detailed factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to avoid a Rule 12(b)(6) dismissal, a complaint need only plead enough facts to plausibly suggest an entitlement to relief – such that it is not unfair to require the opposing party to defend the action. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff is not required to make out a prima facie case. *City of L.A. v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 85957, *34 (C.D. Cal. 2014).

6. In deciding a motion under Rule 12(b)(6), the factual allegations are considered true, and all reasonable inferences are construed in the light most favorable to the Plaintiff. *Thompson v.*

1  *Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Factual challenges to the complaint have no bearing on
2  the legal sufficiency of the allegations. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).
3        7.  The Court's analysis should begin with the recognition that the dominant characteristic of
4  civil rights actions is that "they belong in court." *Felder v. Casey*, 487 U.S. 131, 148 (1988).

### III. STATEMENT OF FACTS

6        8.  About 10 p.m., March 7, 2019, Anderson firemen showed up in the driveway of the
7  residence located at 1892 Diamond Street, Anderson, California.  (ECF 43, p.4, ¶7.) McMillan
8  noticed them and met them in the driveway, asking them what as going on.  (*Ibid*.)  He was told a
9  fire was reported. (*Ibid*.)

10        9.  The firemen requested to look in the backyard. (ECF 43, p.4, ¶¶8-9.)  McMillan led them
11  to the backyard and showed them there was no fire. (*Ibid*.)  About ten minutes later, McMillan was
12  summoned to the driveway where he noticed Fire Chief Lowe and three or four Anderson Police
13  officers.  (ECF 43, p.4, ¶10.)  Lowe asked McMillan for his driver's license. (ECF 43, p.4, ¶12.)
14  McMillan refused to provide it. (ECF 43, p.5, ¶12.)

15        10.  McMillan's provided his age and verified his address in San Diego. (ECF 43, p.4-5,
16  ¶12.)  Chief Lowe presented a citation for McMillan to sign, which McMillan refused to sign with
17  Officer Lee immediately slapping handcuffs on McMillan (ECF 43, p.5-6, ¶¶15-16.)

18        11.  McMillan with his attorney Mark Cibula appeared for the arraignment on the charges
19  noticed for May 10, 2019 only to find that no arraignment had been set on the court calender. (ECF
20  43, p.17, ¶72.)

21        12.  Within six months of March 7, 2019, McMillan served claims for damages pursuant to
22  California government code § 910 as to Fire Chief Steve Lowe and the Anderson Fire Protection
23  District among other defendants. (ECF 43, p.38-39, ¶¶156-157.)  The claims were deemed rejected.
24  (*Ibid*.)

25        13.  On January 29, 2020, the district attorney's office of Shasta County filed with the
26  Superior Court clerk a misdemeanor criminal complaint for prohibited burning in violation of
27  Section 41800/42400 of the Health and Safety Code superceding the charges by Fire Chief Lowe.
28  (ECF 43, p.17-18, ¶73).

1

## IV. LAW & ARGUMENT

2

### *Heck* No Longer Applies Because The Original Conviction Has Been Vacated

3       14.   Under *Rosales-Martinez v. Palmer*, 753 F.3d 890 (9th Cir. 2014), the vacating of a

4   criminal conviction, even by way of agreement, is enough for a criminal conviction to be

5   invalidated and avoid *Heck. Rosales-Martinez, supra*, 753 F.3d at 896; *Roberts v. City of*

6   *Fairbanks*, 947 F.3d 1191, 1199-1200 (9th Cir. 2020). Thus, once a criminal conviction is vacated,

7   *Heck* no longer applies to §1983 claims attacking the conduct surrounding those events. (*Ibid*.)

8       15.   As of June 21, 2021, any and all criminal convictions arising from the incidents alleged

9   in the complaint have been vacated.[1] As such, *Heck* no longer applies to any of Plaintiff's §1983

10   claims as there is no longer a criminal conviction. The Court should deny Defendant's motion.

11              **The *Heck* Defense Does Not Apply to Plaintiff's §1983 Claim Against Lowe**

12       16.   Using excessive force on an unarmed suspect during an investigation can violate the

13   Fourth Amendment, especially where the individual poses no particular danger. *Robinson v. Solano*

14   *Cty.*, 278 F.3d 1007, 1015 (9th Cir. 2002). When the use of excessive force occurs after the conduct

15   leading to the arrest, a §1983 claim can be pursued in spite of *Heck. Smith v. City of Hemet,* 394

16   F.3d 689, 695 (9th Cir. 2005)(en banc).

17       17.   Because a successful §1983 action for excessive force would not necessarily imply the

18   invalidity of Plaintiff's arrest or conviction, *Heck* does not preclude this excessive force claim. *See*

19   *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995).

20       18.   Plaintiff's excessive force claim does not attack the validity of the convictions. (*See*

21   ECF 43, p. 21-24, ¶¶85-104.) Rather, given the non-violent nature of the alleged offense, the trivial

22   infraction nature of the offense, and the lack of any resistance to the arrest, the amount of force used

23   was clearly excessive. (*Ibid*.)

24       19.   Indeed, Defendants argue that failure to provide identification warranted the application

25

26       [1] Declaration of McMillan and Request for Judicial Notice in Support of Support of

27   Plaintiff's Opposition to Defendants Fire Chief Lowe and Anderson Fire Protection District
    Motions' to Dismiss Plaintiff's Third Amended Complaint - **Exhibit B** - Shasta County Record

28   documenting a Delayed Entry of Judgement dismissing the Shasta County case against McMillan.

of force here. (*See* ECF No. 45-1, 7:19-20.) But, Plaintiff suffered severe, persisting, and wholly unnecessary physical injuries from the arrest. (*Ibid*.) This claim is not barred by *Heck*. The Court should deny Defendants' motion.

**Lowe Was An Integral Participant In Plaintiff's Arrest and Acted Conjointly With Lee In How The Arrest Was Conducted.**

20. A defendant officer may be held liable as an integral participant in another officer's constitutional violation if the defendant was "aware of the [other officer's] decision" to violate the law, "did not object to it," and "participated in some meaningful way" in the violation. *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).

21. This theory of liability does not require that each officer's actions themselves rise to the level of a constitutional violation. *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007); *Boyd, supra*, 374 F.3d at 780.

22. Government officials, like other defendants, are generally responsible for the "natural" or "reasonably foreseeable consequences of their actions." *Stoot v. City of Everett*, 582 F.3d 910, 926 (9th Cir. 2009). Thus, an officer could be held liable where he is just "one participant" in a sequence of events that gives rise to a constitutional violation. *Nicholson v. City of Los Angeles,* 935 F.3d 685 (9th Cir. 2019).

23. Defendants concede Lowe actively participated in the arrest. (ECF 45-1, 9:8.) At a minimum, he was one participant in a sequence of foreseeable events leading to the injuries inflicted on Plaintiff, an elderly man.

24. The only remaining question is whether the allegations of the complaint show that Lowe participated in the application of excessive force during that arrest. Here, Lowe was hostile and aggressive from the beginning of his interactions with Plaintiff. (ECF 43, p. 4-5, ¶12.) His rage continued to grow when Plaintiff refused to sign the citation. (ECF 43, p. 5, ¶15.) Lowe then ordered the arrest. (ECF 43, p. 5-6, ¶16.) Lee was the muscle to enforce Lowe's directive. (*Ibid*.)

25. After Plaintiff suffered in the back of the police cruiser for several minutes, Lowe opened the door in an attempt to coerce Plaintiff's signature. (ECF 43, p. 8, ¶¶32-34.) From these allegations, it is reasonable to infer that Lowe actively participated in the events that directly led to

-5-

1 | Plaintiff's severe and persisting physical injuries.

2 | 26. Here, Lowe's knowledge and approval of the painful methods applied to Plaintiff, using Lee as his enforcer to coerce a signature for Lowe's citation amount to integral participation. The Court should deny Defendants' motion.

**The Court Must Confine Its Analysis To The Current Operative Pleading**

27. An amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Indeed, the prior versions of the complaint are rendered "without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).

28. Defendants cite numerous times to the Second Amended Complaint to support their arguments. (Doc. No. 45-1, p. 3:9-28, 5:14-24, 12:2-10.) But, the prior versions of the complaint are without legal effect and the Court must confine its analysis to the Third Amended Complaint. The Court should ignore Defendants' attempt to introduce extrinsic information on a motion to dismiss and deny the motion.

**Defendants Concede The *Monell* Claim Proceeds If The Court Finds Plaintiff Has Plausibly Alleged Constitutional Violations Against The Individual Defendant.**

29. Defendant's only argument against the *Monell* claim is that there is no violation of Plaintiff's civil rights. (Doc. No. 45-1, 11:22-12:1.) Defendants then cite to the superceded Second Amended Complaint to improperly introduce documents with no legal effect. (*See, supra*, Section IV(4); Doc. No. 45-1, 12:5-10.)

30. Thus, Defendants' only proper argument as to the *Monell* claim is that the claim must fail if Plaintiff failed to allege violations against the individual Defendant. As Plaintiff has shown that his constitutional rights were violated, the *Monell* claim must proceed as well. (*See, supra* Section IV(1)-(3). The Court must deny this motion.

**The Charges of Violation of Health and Safety Code Section § 42400.2(c) and Penal Code Section § 146(a)(1) are Not Supported by Lowe's Investigative Narrative.**

31. Nowhere in Lowe's "Investigative Narrative" are facts alleged by Lowe which support the violations charged in his citation. The District Attorney recognized that Lowe's charges did not fit the facts alleged in the "Investigational Narrative" and thus did not pursue the original, scheduled

-6-

1 arraignment on Lowe's charges May 10, 2019, which never happened.  A clerk of the Superior
2 Court was requested by McMillan's attorney Mike Cibula's office to make a copy of the available
3 contents of the Shasta County Superior Court case file No. 20-00386. The copies were obtained
4 from the court Clerk's office on or about March 2020, and included a copy of  Fire Chief Lowe's
5 "INVESTIGATIVE NARRATIVE" [2] in support of his original charges. (ECF 48, p.18, ¶73.)

6     32.  McMillan has attached his verified statement [3] identifying the false statements in Fire
7 Chief Lowe's "INVESTIGATIVE NARRATIVE" in support of the Shasta County District Attorney's
8 charges against McMillan and relied upon by the Shasta County District Attorney in superceding the
9 original charges by the Fire Chief.

10     33.  Plaintiff's statements under penalty of perjury in **Exhibit D** establish that the statements
11 by Lowe in his "INVESTIGATIONAL NARRATIVE" concerning his observations about what he saw in
12 the backyard of 1892 Diamond Street are concoctions, i.e. lies.  Lowe never saw anything in the
13 backyard or swimming pool.  Fire Chief Lowe was never in the backyard where the swimming pool
14 is located. (ECF 43, p.18, ¶75.)

15     34.  The District Attorney later replaced and superceded Lowe's charges with a charge more
16 in line with Lowe's false charges but still missing the mark. The District Attorney brought the
17 superceding charge as one involving an "open burn."  An open burn is defined as not in a
18 container.[4]  While the actual burn was out (ECF No. 20, p.4, ¶6) before the fire crew observed the
19 metal cans in the pool but would be classified as in a burn barrel or incinerator, not an open burn.

---

[2] Declaration of McMillan and Request for Judicial Notice in Support of  Plaintiff's Opposition to Defendants Fire Chief Lowe and Anderson Fire Protection District Motions' to Dismiss Plaintiff's Third Amended Complaint - **Exhibit C** - Fire Chief Lowe's Investigative Narrative.

[3] Declaration of McMillan and Request for Judicial Notice in Support of  Plaintiff's Opposition to Defendants Fire Chief Lowe and Anderson Fire Protection District Motions' to Dismiss Plaintiff's Third Amended Complaint - **Exhibit D** - Plaintiff's Commentary on the lies contained in Fire Chief Lowe's "Investigative Narrative."

[4] " (16)   Open outdoor fire means the combustion of combustible material of any type outdoors in the open, **not in any enclosure**, where the products of combustion are not directed through a flue." https://ww2.arb.ca.gov/resources/documents/outdoor-residential-waste-burning-0

**The Heck Doctrine Is Inapplicable to the Facts and Claims for Relief in this Case with Respect to Fire Chief Lowe and the Anderson Fire Protection District.**

35. In his Revised Declaration of McMillan in Support of Plaintiff's Third Amended Complaint. McMillan has attached the Misdemeanor / Minutes of his arraignment in the Superior Court on June 22, 2020 as **Exhibit A** substantiating the outcome described below.

36. McMillan was in jail about 26 hours, from the late evening March 7, 2019 through early morning March 9, 2019. (ECF 43, p.17, ¶70.)   In court, on June 22, 2020 McMillan pled *nolo contendere* to violation of Public Resource Code section 4291,[5] an infraction - diverted with no fine, charge to be dismissed after twelve months, on June 21, 2021, if no crimes.  Violation of Public Resource Code section 4291, the charge to which McMillan pled *nolo contendere* bears no significant relationship to the crimes charged by either the Shasta County District Attorney or Fire Chief Lowe in the citation McMillan refused to sign or possibly identified in Lowe's "INVESTIGATIVE NARRATIVE."  McMillan pled guilty to a charge bearing no relationship whatsoever to the events of March 7, 2019.

37. With McMillan pleading *nolo contendere* to violation of Public Resource Code section 4291, the deputy district attorney Pullen requested the Court to dismiss the charges associated with the incident of the evening of March 7, 2019, i.e. the charges of violating HS 41800/42400, on motion the Court dismissed those charges.  McMillan was neither tried, nor evidence introduced against him, nor convicted of Health and Safety Code section 41800/42400, nor any crime related thereto.  McMillan pled *nolo contendere* to a completely disassociated charge, i.e. no facts or charges in common.

38. The defendant's plea of *nolo contendere* in *Lockett v. Ericson* is similar in that no evidence was produced against the defendant in that case supporting the original charges.  The

---

[5] **CHAPTER 3. Mountainous, Forest-, Brush- and Grass-Covered Lands [4291 - 4299]**
**Public Resource Code 4291.**  (a) A person who owns, leases, controls, operates, or maintains a building or structure in, upon, or adjoining a mountainous area, forest-covered lands, brush-covered lands, grass-covered lands, or land that is covered with flammable material, shall at all times do all of the following: (1) Maintain defensible space of 100 feet from each side and from the front and rear of the structure, but not beyond the property line except as provided in paragraph (2)... .

1 defendant in *Lockett v. Ericson* pled *nolo contendere* to a dissociated charge as McMillan did.

2       39. In *Lockett v. Ericson, 656 F. 3d 892* - Court of Appeals, 9th Circuit 2011, believing defendant police officers violated his Fourth Amendment rights when they entered his home, plaintiff homeowner filed a 42 U.S.C.S. § 1983 complaint against the officers and defendant police department. The United States District Court for the Eastern District of California dismissed the complaint, concluding that the case was barred by Heck v. Humphrey and that it therefore lacked subject matter jurisdiction. The homeowner appealed. The officers had entered the homeowner's home without a warrant and obtained evidence that he had driven under the influence of alcohol earlier in the night. The ensuing state prosecution concluded when the homeowner pled *nolo contendere* to a violation of Cal. Veh. Code § 23103.5(a).

      40. The homeowner pled *nolo contendere* after a state court denied his suppression motion. **He was not tried**, **and no evidence was introduced against him**. Therefore, the homeowner's conviction derived from his plea, not from a verdict obtained with supposedly illegal evidence. The validity of the homeowner's conviction did not in any way depend upon the legality of the search of his home. Therefore, Heck did not bar the homeowner's § 1983 claim.

      41. The homeowner pled *nolo contendere* to a violation of Cal. Veh. Code § 23103.5(a). As a result, the plain language of Cal. Veh. Code § 40834 disallowed any issue determined in his conviction as constituting collateral estoppel in a subsequent civil action. The dismissal by the United States District Court for the Eastern District of California was reversed. The case was remanded.

      42. In *Smith v. City of Hemet*, 394 F.3d 689 (9th Circuit Court of Appeals) the defendant pled guilty, but it was not clear to which charge. The defendant was arrested under Cal. Penal Code § 148(a)(1) for resisting arrest after police officers responded to his wife's 911 domestic abuse call. Defendants contended that Heck barred plaintiff's 42 U.S.C.S. § 1983 action because the lawfulness of his arrest was determined by his voluntary guilty plea. The court held that defendants were not entitled to summary judgment because it was not clear from the record that plaintiff's successful §1983 prosecution necessarily would have implied that his earlier conviction was invalid. It was possible that the officers' use of excessive force occurred subsequent to the conduct for which

1  plaintiff was convicted under Cal. Penal Code § 148(a)(1) because the record did not establish

2  whether his guilty plea was based on his actions in violation of § 148(a)(1) during the officers'

3  investigative stage or during the subsequent arrest.

4    43.  The record is clear in McMillan's case.  The plea of nolo contendere was in respect to a

5  totally different charge than the one associated with McMillan's arrest.  The misdemeanor charges

6  he was arrested for were superceded by the District Attorney with other, very different misdemeanor

7  charges.  Moreover, even those substituted charges by the District attorney were dismissed.

8  McMillan pled guilty to an infraction bearing no factual relationship to the original charges or the

9  superceding charges. McMillan's nolo contendere plea was the consequence of a "deal" with the

10 deputy District Attorney at the arraignment to kill the case

11   44.  McMillan points out to the court that at the very bottom of **Exhibit A**, under the

12 heading "**PRETRIAL DIVERSION**" the Misdemeanor Docket /Minutes reflecting the arraignment

13 of McMillan on June 22, 2020, the judgment was deferred for 12 months and the plea would be

14 withdrawn and the case dismissed provided McMillan obey all laws.

15   **Fire Chief Lowe's Issuance of a Citation Against McMillan was Unlawful.**

16   45.  The motivation of Fire Chief Lowe to fabricate his "INVESTIGATIVE NARRATIVE"

17 was his lack of personal knowledge of McMillan's violation of the law.

18   46.  A police officer may lawfully arrest a person without a warrant if such a person has

19 committed a public offense in the officer's presence or if the officer has reasonable cause to believe

20 that the person arrested has committed a felony. (Cal. Pen. Code, § 836.) Under the circumstances

21 of not having personal knowledge of the facts, Fire Chief Steve Lowe needed a warrant for an arrest

22 of McMillan.  So, Lowe fabricated many portions of the "INVESTIGATIVE NARRATIVE" to

23 establish personal knowledge in support of the citation for McMillan's alleged violations of the

24 California Health and Safety Code section § 42400.2(c) and Penal Code section § 146(A)(1), both

25 misdemeanors.

26   47.  Subsequently, the Shasta County District Attorney's office withdrew the charges by Fire

27 Chief Lowe and replaced them with new charges after McMillan served his Notice of Claim.

28 There was no "deal." McMillan did not negotiate that the original charges by Fire Chief Lowe for

1  violations § 42400.2(c) and §146(A)(1) to be superseded by the District Attorney's office.  It was

2  clear that the charges by Fire Chief Lowe were not supported by his alleged facts and supposed

3  observations.  Plus McMillan obtained no benefit from that decision of the District Attorney's

4  office. The original charges by Lowe cited in his citation were ridiculous even under the concocted

5  story in the so called "INVESTIGATIVE NARRATIVE."  The District Attorney's office "superceded"

6  the charges for good reason.  It is questionable if even the District Attorney office's charges were

7  proper either - the fires were not an open burn but in metal cans which have different applicable

8  code sections.  Lowe's charges were certainly not supported by his bogus INVESTIGATIVE

9  NARRATIVE.  (See **Exhibit D** of the Declaration of McMillan in Support of this opposition)

10     48.  Later, at the arraignment on the District Attorney's replacement charges, just to avoid

11  the hassle of a trial, McMillan agreed to a *nolo contendere* plea to the legally and factually unrelated

12  infraction with no fine with a condition for complete dismissal after 12 months. McMillan would

13  have asserted the bogus INVESTIGATIVE NARRATIVE at trial.  Lowe's INVESTIGATIVE NARRATIVE

14  would not support Lowe's superceded charges or even the superceding charges by the Shasta

15  County District Attorney.

16     49.  Fire Chief Lowe needed a warrant since he had not in fact personally observed any

17  evidence of McMillan committing a crime, let alone a misdemeanor or felony.  Fire Chief Lowe did

18  not obtain such a warrant. Moreover, based on preliminary information obtained from the Anderson

19  Fire Protection District, no such policy or procedure to obtain a warrant exists,[6] although California

20  Penal Code section 836 (a)(1) requires an arrest warrant for a crime not personally observed by an

21  arresting officer.

22  **Plaintiff's *Monell* Claims Are Sufficient as Pled.**

23     50.  Plaintiff has set out allegations in his Third Amended complaint as to specific substance

24  of the wrongful practices of the Anderson Fire Protection District validated by the wrongful conduct

---

[6] Declaration of McMillan and Request for Judicial Notice in Support of Support of Plaintiff's Opposition to Defendants Fire Chief Lowe and Anderson Fire Protection District Motions' to Dismiss Plaintiff's Third Amended Complaint - **Exhibit E** - Letter of March 12, 2021 from Collin Bogener, District Counsel for the fire district.

-11-

of Fire Chief Lowe - for examples (*See* ECF 29, ¶¶126 a-d and ECF 33, ¶¶141a-f.) There are no allegations in the complaint as to the intelligence of Fire Chief Lowe or any other employee of the Anderson Fire Protection District. There are allegations in the Third Amended Complaint of fabrication and participation in the torture of McMillan by Fire Chief Lowe (*See* ECF 8, ¶¶30-32, 36 and ECF 18, ¶¶74-75a-g).

51. The Constitution guarantees the right to be free from the presentation of false, perjured, and/or fabricated evidence, and the withholding of known exculpatory evidence by government officials during judicial proceedings. (General Proposition) *Napue v. Illinois* (1959) 360 U.S. 264, 269; *Pyle v. Kansas* (1942) 317 U.S. 213, 216; *Mooney v. Holohan* (193 5) 294 U.S. 103 1 112. *Greene v. Camreta* (9th Cir. 2009) 588 F.3d 1011, 1034-1035, vacated in part by *Camreta v. Greene* (2011)131 S.Ct. 2020, 2036; Devereaux v. Abbey (9th Cir. 2001) 263 F.3d 1070, 1074-1075.

52. Due process is obstructed when government agents commit fraud on the courts. Northern *Mariana Islands v. Bowie* (9th Cir. 2001) 243 F.3d 1109, 1125. The Constitution requires that government officials not misrepresent the facts in order to obtain the removal of a child from his parent(s). *Brokaw v. Mercer County* (7th Cir. 2000) 235 F.3d 1000, 1020.

53. There is no such thing as a minor amount of actionable perjury or of false evidence that is somehow permissible. Why? Because government perjury and the knowing use of false evidence are absolutely and obviously irreconcilable with the Fourteenth Amendment's Due Process guarantees. *Hardwick v. County of Orange* (9th Cir. 2017) 844 F.3d 1112, 1118; "No official with an IQ greater than the room temperature in Alaska could claim that he or she did not know that the conduct at the center of this case violated both state and federal law." An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false. Cal. Penal Code, §125. See also, *People v. Agnew* (1947) 77 Cal.App.2d 748, 753; *People v. Cook* (1978) 22 Cal.3d 67, 90; *United States v. Evans* (5th Cir. 1977) 559 F.2d 244, 246. Federal Definitions @ 18 U.S.C.S. 1621-1623.

/ / /

/ / /

1  **Plaintiff's State Law Claims against Fire Chief Lowe Are Factually Supported Within Each Claim by Incorporation.**

2

3　　54.　In the Seventh Claim for Relief alleging False Arrest by Anderson Fire Chief Steve
4  Lowe plaintiff incorporates every paragraph in the complaint (ECF 43, p. 39, ¶ 158 more
5  specifically see ECF 43, pp. 4-6, ¶¶ 7-16.) Also see Lowe's "Investigative Narrative," [7] second
6  page, second paragraph from bottom "D-MCMILLAN then was place under arrest by me and placed
7  in handcuffs by Officer Lee."

8　　55.　In the Eighth Claim for Relief alleging elder abuse for the torture of McMillan by Fire
9  Chief Lowe (ECF 43, p. ¶¶ 167-175) of the Third Amended Complaint, plaintiff incorporates by
10  reference paragraph 1 through 36.  Paragraph 16 alleges Fire Chief Lowe arrested McMillan and
11  paragraphs 31-32 establish that Fire Chief Lowe participated in the torture of McMillan when he
12  ask McMillan if he were ready to sign the citation.

13  **McMillan's Arrest.**

14　　56.　McMillan was under arrest when Fire Chief Lowe began preparing his citation charging
15  McMillan and McMillan realized he was not free to go back in the house.[8]

16　　57.　McMillan argues at the point he noticed Officer Lee positioned about three feet away
17  and Fire Chief Lowe preparing a citation wanting McMillan's birth date that McMillan realized that
18  he had not been thinking when a fireman came to the door and asked McMillan to come out to the
19  driveway that the firemen were not done with him. (ECF 43, p.4, ¶10.) McMillan realized he was
20  not free to leave and under arrest which was verified when McMillan refused to sign the citation
21  and Officer Lee slapped handcuffs on McMillan without a word from Fire Chief Lowe.  Fire Chief

---

[7] Declaration of McMillan and Request for Judicial Notice in Support of Support of Plaintiff's Opposition to Defendants Fire Chief Lowe and Anderson Fire Protection District Motions' to Dismiss Plaintiff's Third Amended Complaint -**Exhibit C** - Lowe's "Investigative Narrative."

[8] An arrest occurs when a person is no longer free to walk away from a law enforcement officer. **United States v. Tungovia**, No. CR-17-01648-001-TUC-RM (LAB) (D. Ariz. Apr. 3, 2018)

Lowe had falsely charged McMillan without probable cause with violations of Cal. Health & Safety Code § 42400.2(c) and Cal. Penal Code § 148(A)(1) PC. (ECF 43, p.5, ¶15.)

### IV. CONCLUSION

58.  For the reasons set forth above Plaintiff respectfully requests that the Court deny Fire Chief Lowe's and the Anderson Fire Protection District's motion to dismiss Plaintiff's claims, and/or allow Plaintiff opportunity to amend his complaint to address deficiencies as may be found to exist.

Dated: July 27, 2021   /s/James I. McMillan
James I. McMillan, Esq. Inactive
in propria persona