**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
  E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants, ANDERSON FIRE PROTECTION DISTRICT and FIRE CHIEF STEVE LOWE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JAMES I. MCMILLAN,<br><br>  Plaintiff,<br><br>  vs.<br><br>COUNTY OF SHASTA, a public entity; CITY OF ANDERSON, a public entity; ANDERSON FIRE PROTECTION DISTRICT, a public entity; FIRE CHIEF STEVE LOWE in his official and individual capacity; ANDERSON POLICE OFFICER KAMERON LEE in his official and individual capacity; SHASTA COUNTY SHERRIFF-CORONER THOMAS M. BOSENKO RET., in his individual and official capacities; COUNTY JAIL CAPTAIN DAVE KENT, in his individual and official capacity; CALIFORNIA FORENSIC MEDICAL GROUP, INC., A California Corporation; JAIL NURSE DOES 1; JAIL NURSE DOE 2, AND DOES 3-20, individually, jointly, and severally,<br><br>  Defendants. | Case No. 2:20-cv-00564-JAM-JDP<br><br>**DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date:   August 10, 2021<br>Time:   1:30 p.m.<br>Crtrm.: 6, 14th Floor<br><br>Judge:  Hon. John A. Mendez, Crtrm. 6<br><br>Trial Date:          None Set |

I. INTRODUCTION

Defendants ANDERSON FIRE PROTECTION DISTRICT ("Anderson Fire") and FIRE CHIEF STEVE LOWE ("Chief Lowe") (collectively "Defendants") submit this Reply Brief in response to Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to FRCP 12(b)(6).

Plaintiff offers two distinct arguments in an effort to salvage his claims against these moving Defendants. First, he presents new evidence not contained in the Third Amended Complaint relating to his underlying nolo contendere plea. He argues that the pretrial diversion agreement in which the District Attorney agreed to dismiss the underlying plea and charges pending 12 months of compliance with all laws on Plaintiff's part, and the subsequent dismissal of said charges, amounts to an invalidation of his nolo contendere plea that removes the *Heck* bar.

Second, Plaintiff argues that the allegations relating to the purported use of excessive force by Kameron Lee are sufficient to state a claim for relief against these Defendants under 42 U.S.C. section 1983 based on Chief Lowe's alleged integral participation in the arrest.

Plaintiff argues that as a global matter, sustaining those two claims revives his *Monell* causes of action, as well as the pendent state law claims, such that the case may proceed. For the reasons set forth below, neither argument is availing. With respect to the *Heck* bar, *Rosales-Martinez* and its progeny are materially distinguishable from the instant fact pattern. Further, there are no allegations sufficient to establish Chief Lowe or any Anderson Fire employee as an integral participant in the arrest and subsequent treatment of Plaintiff by Officer Kameron Lee. As such, and for the reasons laid out in the moving papers, Defendants request that the Court grant the instant Motion and dismiss Plaintiffs' causes of action against Anderson Fire and Chief Lowe with prejudice.

II. THE CIRCUMSTANCES OF PLAINTIFF'S NOLO CONTENDERE PLEA ARE MATERIALLY DISTINGUISHABLE FROM *ROSALES-MARTINEZ* SUCH THAT THE *HECK* BAR STILL APPLIES TO PLAINTIFF'S CLAIMS

Plaintiff's Opposition introduces a novel legal theory: that Plaintiff's participation in a pretrial diversion agreement as part of his nolo contendere plea, and the appurtenant dismissal of

the charges, renders the *Heck* bar inapplicable to these claims. On the surface, this is a question that has produced a widening circuit split. Among others, the Second Circuit, Third Circuit, and Fifth Circuit have all held that pleas and convictions withdrawn pursuant to pretrial diversion agreements remain valid convictions for purposes of the *Heck* rule. See Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992) ("[W]e hold [that a] trial rehabilitation program is not a termination in favor of the accused for purposes of a civil rights suit."); see Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005) ("[W]e hold the [pretrial diversion] program is not a favorable termination under *Heck*."). The Fifth Circuit is in accord. See Taylor v. Gregg, 36 F.3d 453, 455-56 (5th Cir. 1994) (holding that pretrial diversion programs are not favorable terminations).

At first blush, and certainly in certain scenarios, the Ninth Circuit has disagreed with this interpretation. Plaintiff cites to *Rosales-Martinez v. Palmer* in support of his proposition that dismissal following pretrial diversion vacates his nolo contendere plea and eliminates the *Heck* bar to his claim. *Rosales-Martinez v. Palmer*, 753 F.3d 890 (9th Cir. 2014). In that case, the plaintiff alleged that "defendants, acting under color of State law, unlawfully suppressed the criminal history of a confidential informant who was the main witness against him, failed to produce the documents reflecting that criminal history, and thus caused him to be found guilty of several counts of drug trafficking and to be sentenced to a term of ten to twenty-five years." *Id.* at 891. Following discovery of defendants' failure to turn over the evidence in question, Rosales-Martinez filed a petition for a writ of habeas corpus, which the federal court granted.

Following the successful petition, Rosales-Martinez entered into an agreement with the State of Nevada vacating each of his convictions "based on the cumulative errors ground as alleged in [Rosales–Martinez's habeas] petition," and in return, Rosales-Martinez would plead guilty to one count of Unlawful Giving Away of a Controlled Substance and would subsequently be sentenced to time served and released. *Id.* at 893-894

Rosales-Martinez subsequently brought a section 1983 action for civil rights violations pertaining to the undisclosed evidence that underpinned his habeas petition. The question before the *Rosales-Martinez* court was whether the plaintiff's claim was time-barred as not having been brought within the two year statute of limitations provided by Nevada law. *Id.* at 895. In holding



that the claim was not time-barred, the Court reasoned that the plaintiff's claims could not accrue until his underlying conviction was invalidated. The Court then held that the negotiations following Rosales-Martinez's successful habeas petition amounted to an invalidation of the conviction when the convictions were vacated, such that *Heck* no longer applied.[1] *Id.* Plaintiff in the instant case argues that this holding created a blanket rule that any agreement to dismiss a conviction renders the *Heck* bar inapplicable.

Defendants contend that the reasoning from *Rosales-Martinez* and its progeny is inapplicable to the instant facts. Plaintiff's allegations are facially different than any of the three recent Ninth Circuit rulings. In *Rosales-Martinez*, as well as subsequent decisions in *Taylor*, and *Roberts*, the would-be section 1983 plaintiff had no knowledge of the facts that would give rise to their 1983 claims at the time of the conviction. *See Taylor v. County of Pima*, 913 F.3d 930, 932 (9th Cir. 2019); *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1198 (9th Cir. 2020); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 893-894 (9th Cir. 2014).

Here, Plaintiff was at no such disadvantage. He was fully aware of all relevant circumstances, and elected to plea nolo contendere, as he says, to avoid the hassle of a trial. (Opposition, p. 11, ln. 11.) There was no subsequent discovery of misconduct that brought the State of California back to the negotiating table. Plaintiff was required to abide by all laws for twelve months. In exchange, he was released, avoided any sort of fine, and the charge was subsequently dismissed. There is nothing to indicate, however, that the underlying plea was somehow invalidated. Plaintiff made his decision, and there is nothing to say it was a bad one. However, it did have consequences, and the *Heck* bar to several of his causes of action is among them. There is simply no reason to suggest that any action taken by Plaintiff, the District Attorney, or the Superior Court amounted to an invalidation of Plaintiff's plea.

The same cannot be said about *Rosales-Martinez*. There, a successful habeas petition

---

[1] The Ninth Circuit reached similar conclusions in *Taylor v. County of Pima* and *Roberts v. City of Fairbanks*. Both opinions involved post-conviction revelations of prosecutorial misconduct, and subsequent plea negotiations. *See Taylor v. County of Pima*, 913 F.3d 930, 932 (9th Cir. 2019); *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1198 (9th Cir. 2020).

preceded the negotiations with the State of Nevada, and negotiations were opened up to prevent what would likely have been a successful appeal. The vacating of those convictions was a tacit acknowledgment of their invalidity. Here, dismissal of the charges was a part of the deal that Plaintiff agreed to. It does not have any bearing on the validity of the conviction.

This distinction is not trivial. Holding that use of pretrial diversion programs like this, which are common in the criminal justice system, amounts to a waiver of the *Heck* bar absent circumstances like those in *Rosales-Martinez* would significantly broaden avenues of collateral attacks on state court judgments. See Bonnie Gill, Collateral Consequences of Pretrial Diversion Programs Under the Heck Doctrine, 76 Wash. & Lee L. Rev. 1763, 1768 (2019) (examining circuit split). Moreover, it would likely discourage such agreements, further burdening already impacted judicial and law enforcement services. There is simply no equitable reason to create such a policy shift in these circumstances. These facts are sufficiently distinguishable from *Rosales-Martinez* and the subsequent Ninth Circuit case law to justify applying the *Heck* bar to Plaintiff's claims in this case.

III. PLAINTIFF HAS NOT PLED FACTS SUFFICIENT TO ESTABLISH FIRE CHIEF LOWE AS AN INTEGRAL PARTICIPANT IN THE ALLEGEDLY EXCESSIVE FORCE IMPLEMENTED BY OFFICER KAMERON LEE

For the most part, Defendants rely on their moving papers to address Plaintiff's arguments as to the factual sufficiency of the Third Amended Complaint. This section will not require as much discussion as the *Heck* issue. However, a few key pieces of Plaintiff's Opposition bear mentioning. Plaintiff's Opposition represents that Defendants "concede [Chief] Lowe actively participated in the arrest." (Opposition, p. 5, ln. 18.) This is, at best, a plain misrepresentation of Defendants' position. Defendants concede that Chief Lowe was present when Officer Kameron Lee arrested Plaintiff and placed him in the police cruiser. However, beyond issuing the citation that ultimately led to Plaintiff's nolo contendere plea, Chief Lowe took no action effectuating Officer Lee's subsequent arrest and detention. Plaintiff inadvertently makes this clear later in the Opposition, when he notes that "McMillan realized he was not free to leave and under arrest which was verified when McMillan refused to sign the citation and Officer Lee slapped handcuffs

on McMillan without a word from Fire Chief Lowe." (Opposition, p. 13, ln. 19-21.) Plaintiff essentially asks this Court to extend the definition of "integral participant" to any government employee that happens to be nearby during an arrest.

Plaintiff's own arguments repeatedly reference applying "integral participant" liability to "officers" other than those directly involved in allegedly wrongful use of force. (Opposition, p. 5, ln. 6-12.) Fire Chief Lowe, of course, is not a police officer. A finding that a fire department official was an "integral participant" in an arrest implemented by a police officer would almost require a conclusion that a firefighter has both the authority and the obligation to supervise police officers during arrests. It seems likely that both fire departments and police departments would object to such a state of affairs.

The facts are clear. Chief Lowe cited Plaintiff for two separate infractions. Plaintiff refused to sign the Notice to Appear. As a result, Plaintiff was arrested by Officer Kameron Lee of the Anderson Police Department. The moment Plaintiff refused to cooperate with Chief Lowe, the situation ceased to be a fire department operation and became a police operation. The line of demarcation is clear. Chief Lowe's presence alone does not and cannot make him an "integral participant." As such, Plaintiff's claims may be dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, and more fully in the original moving papers, Defendants respectfully request that the Court dismiss all causes of action against Anderson Fire Protection District and Fire Chief Steve Lowe with prejudice.

DATED: August 3, 2021         LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    /s/ Ryan Matthews
       JOSEPH A. SALAZAR JR.
       RYAN J. MATTHEWS
       Attorneys for Defendants, ANDERSON FIRE
       PROTECTION DISTRICT and FIRE CHIEF
       STEVE LOWE

**FEDERAL COURT PROOF OF SERVICE**
James I. McMillan v. County of Shasta, et al.
Case No. 2:20-cv-00564-JAM-JDP

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 3, 2021, I served the following document(s):

- DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY OVERNIGHT DELIVERY) Based on an agreement of the parties to accept service by overnight delivery, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 3, 2021, at Sacramento, California.

/s/ *Alicia Crespo*
Alicia Crespo



4841-7264-2797.1
1
DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# SERVICE LIST
## James I. McMillan v. County of Shasta, et al.
## Case No. 2:20-cv-00564-JAM-JDP

| | |
|---|---|
| James I. McMillan<br>4955 Via Lapiz<br>San Diego, CA 92122<br><br>(VIA OVERNIGHT MAIL) | In Propria Persona<br><br>Tel.: 858-646-0069<br>Direct: 858-412-0058<br>Fax: 206-600-4582<br>Email: jimcmillan@netscape.net |
| Jerome M. Varanini<br>The Law Offices of Jerome M. Varanini<br>641 Fulton Avenue, Suite 200<br>Sacramento, CA 95825<br>P.O. Box 590<br>Sacramento, CA 95812-0590<br><br>(COURT'S CM/ECF SYSTEM ONLY) | ***Attorneys for Defendant,***<br>***CALIFORNIA FORENSIC MEDICAL GROUP, INC.***<br><br>Tel.: 916-993-4868<br>Fax: 916-993-6750<br>E: varanin@earthlink.net |
| Gary Charles Brickwood<br>Brickwood Law Office<br>1135 Pine Street, Suite 210<br>Redding, CA 96001<br><br>(COURT'S CM/ECF SYSTEM ONLY) | ***Attorneys for Defendant***<br>***COUNTY OF SHASTA, THOMAS M. BOSENKO, DAVE KENT***<br><br>Tel.: 530-245-1877<br>Fax: 530-245-1879<br>E: office@brickwoodlaw.com |
| Derick E. Konz<br>Gokalp Yusuf Gurer<br>Angelo Kilday & Kilduff, LLP<br>601 University Ave., Suite 150<br>Sacramento, CA 95825<br><br>(COURT'S CM/ECF SYSTEM ONLY) | ***Attorneys for Defendant***<br>***CITY OF ANDERSON, KAMERON LEE***<br><br>Tel.: 916-564-6100<br>Fax: 916-564-6263<br>E: dkonz@akk-law.com<br>E: ggurer@akk-law.com |

4841-7264-2797.1

2

DEFENDANTS ANDERSON FIRE PROTECTION DISTRICT AND FIRE CHIEF STEVE LOWE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)