UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES I. MCMILLAN,<br><br>             Plaintiff,<br><br>      v.<br><br>COUNTY OF SHASTA, a public<br>entity, et. al.,<br><br>             Defendants. | No.  2:20-cv-00564-JAM-JDP<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS** |

James I. McMillan ("Plaintiff") brings this Section 1983 action pro per against the County of Shasta, the City of Anderson, the Anderson Fire Protection District, Fire Chief Steve Lowe, Anderson Police Officer Kameron Lee, Shasta County Sheriff-Coroner Thomas Bosenko, County Jail Captain Dave Kent, California Forensic Medical Group Inc., and Jail Nurses Linda Smith and Amanda Ream ("Defendants").  See Third Amended Complaint ("TAC") at 2-3, ECF No. 43.

Before the Court are two motions to dismiss.[1]  Mot. to Dismiss by the Anderson Fire Protection District and Fire Chief

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearings were scheduled for August 10, 2021.

1    Steve Lowe ("Fire Defendants") (hereinafter the "Fire Mot."), ECF

2    No. 45; Mot. to Dismiss by the City of Anderson and Anderson

3    Police Officer Kameron Lee ("City Defendants") (hereinafter the

4    "City Mot."), ECF No. 46.  Plaintiff opposed both motions.  Opp'n

5    to Fire Mot. ("Fire Opp'n"), ECF No. 50; Opp'n to City Mot.

6    ("City Opp'n"), ECF No. 51.  Defendants replied.  Reply by City

7    Defendants ("City Reply"), ECF No. 52; Reply by Fire Defendants

8    ("Fire Reply"), ECF No. 53.

9        After consideration of the parties' briefing and relevant

10   legal authority, the Court GRANTS both motions to dismiss.

11

12                      I.   BACKGROUND

13       The parties are familiar with the factual background of this

14   case—it is set forth extensively in the operative complaint, the

15   parties' briefings, and the Court's prior order.  See Order

16   Granting Mots. to Dismiss ("Prior Order") at 1-4, ECF No. 38.

17   The Court does not restate those allegations here.

18       On February 2, 2021, the Court granted Fire Defendants' and

19   City Defendants' motions to dismiss.  See generally Prior Order.

20   On May 1, 2021, Plaintiff filed a 51-page third amended complaint

21   with sixteen causes of action.  See TAC.  Fire Defendants and

22   City Defendants again move to dismiss all claims against them.

23   See Fire Mot.; City Mot.

24

25                      II.   OPINION

26   A.   Request for Judicial Notice

27       Plaintiff requests the Court take judicial notice of three

28   exhibits, namely documents from the court files in his Shasta

                                    2

1  County Superior Court criminal case.  See Pl.'s Req. for Jud.

2  Notice ("RFJN") at 3, ECF No. 50-1.

3      All of the above exhibits are matters of public record and

4  therefore proper subjects of judicial notice.  See Lee v. City

5  of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Accordingly,

6  the Court GRANTS Plaintiff's request for judicial notice.

7  However, the Court takes judicial notice only of the existence

8  of these documents and declines to take judicial notice of their

9  substance, including any disputed or irrelevant facts within

10  them.  Lee, 250 F.3d at 690.

11      B.   Legal Standard

12      A Rule 12(b)(6) motion challenges the complaint as not

13  alleging sufficient facts to state a claim for relief.  See Fed.

14  R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under

15  12(b)(6)], a complaint must contain sufficient factual matter,

16  accepted as true, to state a claim for relief that is plausible

17  on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

18  (internal quotation marks and citation omitted).  While

19  "detailed factual allegations" are unnecessary, the complaint

20  must allege more than "[t]hreadbare recitals of the elements of

21  a cause of action, supported by mere conclusory statements."

22  Id.  In considering a motion to dismiss for failure to state a

23  claim, the court generally accepts as true the allegations in

24  the complaint, construes the pleading in the light most

25  favorable to the party opposing the motion, and resolves all

26  doubts in the pleader's favor.  Lazy Y Ranch LTD. v. Behrens,

27  546 F.3d 580, 588 (9th Cir. 2008).

28  ///

3

1       C.    <u>Analysis</u>

2           1.   <u>Fire Defendants' Motion</u>

3       Fire Defendants move to dismiss all claims against Chief

4   Lowe and the Anderson Fire Protection District, contending that

5   none of the factual allegations involving Lowe or the Anderson

6   firefighters provide a basis for liability.  Fire Mot. at 5-14.

7   The Court agrees.

8       The only <u>factual</u>, non-conclusory allegations as to Lowe and

9   the Anderson firefighters are as follows: On the evening of

10  March 7, 2019, firefighters arrived at Plaintiff's home after

11  receiving a call about a fire at the property.  TAC ¶ 7.  The

12  firefighters "demanded" to inspect the area surrounding the

13  house, and Plaintiff reluctantly agreed.  <u>Id.</u> ¶¶ 8-9.  Shortly

14  after, Chief Lowe arrived and asked Plaintiff to provide his

15  name, age, and driver's license.  <u>Id.</u> ¶¶ 11-12.  Plaintiff

16  refused to provide his driver's license, stating he was not

17  required to because he was not operating a vehicle.  <u>Id.</u> ¶ 12.

18  Chief Lowe then prepared a citation for violations of Health &

19  Safety Code Section 42400.2(c) and Penal Code Section 148(A)(1).

20  <u>Id.</u> ¶ 15.  Plaintiff refused to sign the Notice to Appear.  <u>Id.</u>

21  ¶ 16.  Following Plaintiff's refusal to sign the Notice to

22  Appear, Plaintiff was arrested.  <u>Id.</u>  After Plaintiff was placed

23  in the police cruiser by Officer Lee, Chief Lowe walked over and

24  asked in a "tormenting tone" if Plaintiff was willing to sign

25  the citation.  <u>Id.</u> ¶¶ 20,32.  Plaintiff also claims Fire Chief

26  Lowe fabricated evidence in his state court criminal case.  <u>Id.</u>

27  ¶¶ 73-77.

28  ///

Taking these allegations as true and drawing all inferences in Plaintiff's favor, these allegations do not amount to sufficient "factual content that allows the [C]ourt to draw the reasonable inference that defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Simply put, Plaintiff still has not pled any legally actionable conduct by the Fire Defendants.

Beginning with Plaintiff's first claim for relief captioned "Fourth Amendment- Seizure, Cruel and Unusual Punishment, Deliberate Indifference"[2], see TAC at 21-24, the allegations above do not support this excessive force claim against Chief Lowe. There are no factual allegations that Chief Lowe actively participated in arresting, handcuffing, or searching Plaintiff's body. See TAC. Indeed, there is no allegation that Chief Lowe touched Plaintiff whatsoever. Id. Rather, Plaintiff seeks to hold Chief Lowe liable as an "integral participant" under Boyd v. Benton County, 374 F.3d 773 (9th Cir.2004). Id. ¶ 89. But no facts support Plaintiff's conclusory allegation that Chief Lowe was an "integral participant." See Fire Mot. at 8-10; Fire Reply at 5-6. Rather, the allegations indicate Chief Lowe was a "mere bystander," for which the Boyd Court clearly instructed liability cannot attach. Boyd, 374 F.3d at 780 (explaining that

---

[2] In so captioning, Plaintiff appears to ignore the Court's prior holding that: "Plaintiff does not have a cognizable claim for cruel and unusual punishment or deliberate indifference under either the Eighth or Fourteenth Amendments because Plaintiff was neither a convicted prisoner nor a pre-trial detainee during his interactions with Officer Kameron Lee. Accordingly, the Court's analysis. . . is limited to excessive force claims under the Fourth Amendment." Prior Order at 13 (internal citations omitted). Thus, notwithstanding Plaintiff's caption, the Court limits its analysis to the Fourth Amendment claims.

1  liability cannot attach to "'a mere bystander' who had no role

2  in the unlawful conduct'" and requiring "'integral

3  participation' by each officer as a predicate to liability.")

4       Because Plaintiff has not plausibly alleged that Chief Lowe

5  was an integral participant, his Fourth Amendment claim is

6  dismissed.  Further, the Court finds it appropriate to dismiss

7  this claim with prejudice.  See Gompper v. VISX, Inc., 298 F.3d

8  893, 898 (9th Cir. 2002) (finding leave to amend need not be

9  granted when amendment would be futile).  As Plaintiff has

10 already amended his complaint three times, any further amendment

11 would be futile.  See Zucco Partners, LLC v. Digimarc Corp, 552

12 F.3d 981, 1007 (9th Cir. 2009) (noting that where the plaintiff

13 has previously been granted leave to amend and subsequently

14 failed to cure deficiencies the district court's discretion to

15 deny leave to amend is particularly broad).

16      Turning next to Plaintiff's fifth claim for relief under

17 Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658

18 (1978) (hereinafter "Monell") against the Anderson Fire

19 Protection District, see TAC at 28-37, the limited factual

20 allegations set forth above also do not support this claim.  To

21 properly state a Monell claim, allegations in a complaint "may

22 not simply recite the elements of a cause of action but must

23 contain sufficient allegations of underlying facts to give fair

24 notice and to enable the opposing party to defend itself

25 effectively."  AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d

26 631, 637 (9th Cir. 2012) (internal citations omitted).  Here, as

27 in the SAC, Plaintiff's allegations do not support his Monell

28 claims against the Anderson Fire Protection District.  See Prior

1   Order at 15-16 (explaining why Plaintiff's allegations did not
2   suffice to state a <u>Monell</u> claim).  Any further amendment would
3   be futile.  Accordingly, his <u>Monell</u> claims against the Anderson
4   Fire Protection District are dismissed with prejudice.  <u>See</u>
5   <u>Zucco Partners</u>, 552 F.3d at 1007.

6        Finally, the limited factual allegations involving the Fire
7   Defendants do not support any of Plaintiff's state law claims
8   against Chief Lowe or the Anderson Fire Protection District.
9   Plaintiff's seventh claim for relief is for false arrest by
10  Chief Lowe.  TAC ¶¶ 158-166.  But no facts support Plaintiff's
11  conclusory allegation that Chief Lowe arrested him.  <u>Id.</u> ¶ 164.
12  For instance, Plaintiff does not allege Chief Lowe participated
13  in handcuffing him, escorting him to the police cruiser, getting
14  him into the police cruiser, or transporting him in the police
15  cruiser.  Rather, Plaintiff alleges Officer Lee took those
16  specific actions.  <u>Id.</u> ¶¶ 17-36.  Accordingly, Plaintiff's
17  seventh claim is dismissed.

18       Likewise, Plaintiff's eighth claim for enhanced elder
19  abuse, <u>id.</u> ¶¶ 167-175, his tenth claim for violation of the Bane
20  Act, <u>id.</u> ¶¶ 182-199, his eleventh claim for negligence per se,
21  <u>id.</u> ¶¶ 200-208, and his twelfth claim for negligence, <u>id.</u>
22  ¶¶ 209-212, are dismissed because they are factually
23  unsupported.[3]  <u>See</u> TAC; <u>see also</u> Fire Mot. at 12-13.  As any
24  further amendment would be futile, all of Plaintiff's state law
25  claims are dismissed with prejudice.  <u>See</u> <u>Zucco Partners</u>, 552

26  _____
27  [3] Because these claims are factually unsupported and dismissed on
    that ground, the Court need not address the additional legal
    barriers to these claims raised by the Fire Defendants.  <u>See</u> Fire
28  Mot. at 12-13.

1   F.3d at 1007.

2        This analysis is not altered by Plaintiff's presentment of

3   new evidence – evidence not alleged in the TAC, but rather

4   presented in Plaintiff's request for judicial notice filed with

5   his opposition brief – that his criminal conviction has been

6   vacated.  See Ex. B to Pl.'s RFJN.  Even if Plaintiff were

7   correct that this update in his state criminal case means the

8   Heck bar no longer applies, see Prior Order at 8-12, the factual

9   deficiencies with the TAC remain and warrant dismissal.  Iqbal,

10  556 U.S. at 678.

11       In sum, Plaintiff has amended his complaint multiple times

12  yet still has not pled any legally actionable conduct by the

13  Fire Defendants.  Accordingly, Fire Defendants' motion to

14  dismiss is GRANTED and these Defendants are dismissed from the

15  case with prejudice.

16            2.   City Defendants' Motion

17       City Defendants move to dismiss all claims against Officer

18  Lee and the City of Anderson.  City Mot. at 5-13.

19       As a threshold matter, Plaintiff's fifteenth claim for

20  assault and sixteenth claim for battery by a peace officer are

21  dismissed because the Court did not grant Plaintiffs leave to

22  add these claims.  See City Mot. at 12; see also Jameson Beach

23  Prop. Owners Ass'n v. U.S., No. 2:13-cv-01025-MCE-AC, 2014 WL

24  4925253, at *3-4 (E.D. Cal. Sept. 29, 2014) ("whether a district

25  court will accept new claims and/or parties in an amended

26  complaint after a motion to dismiss will depend on whether the

27  plaintiff was granted leave to amend with or without limitation

28  . . . when the language of an order clearly states that a

                                  8

1  plaintiff may only amend to address certain deficiencies

2  identified in the order, courts have held that a plaintiff is

3  barred from adding new claims or parties.")  Here, the Court's

4  prior order did not grant Plaintiff leave to add new claims.

5  See Prior Order.  Nor did Plaintiff seek leave to do so.

6  Plaintiff is therefore barred from adding these new claims.  See

7  Jameson Beach, 2014 WL 4925253 at *4.

8       Turning to Plaintiff's first claim for "Fourth Amendment –

9  Seizure, Cruel and Unusual Punishment, Deliberate Indifference"[4],

10 Plaintiff added only two new factual allegations: (1) that

11 Officer Lee "did not upright [Plaintiff] before driving," and (2)

12 that Officer Lee "did not place a seatbelt on [Plaintiff] before

13 driving."  TAC ¶ 33.  These new allegations still do not state a

14 valid excessive force claim.  The Court previously explained that

15 Plaintiff's allegations "indicate only a reasonable use of force,

16 the kind of force to be expected during an arrest" and thus did

17 not plausibly state a claim that Officer Lee's use of force was

18 unreasonable.  Prior Order at 13-14.  Plaintiff's two additional

19 allegations do not alter the Court's prior analysis because the

20 failure to "upright" Plaintiff and failure to "seatbelt" him are,

21 like his previous allegations, de minimis.  Indeed, as City

22 Defendants emphasize, these two allegations do not even involve

23 physical contact.  City Mot. at 6-7.  Nor does Plaintiff cite to

24 any authority supporting the idea that failure to seatbelt or to

25 upright an arrestee plausibly states an excessive force claim.

26 [4] As explained in footnote 2, Plaintiff's caption ignores the
   Court's prior holding that he does not have cognizable claims for
27 cruel and unusual punishment or deliberate indifference under
   either the Eighth or Fourteenth Amendments.  Prior Order at 13.
28 Accordingly, the Court analyzes only his Fourth Amendment claims.

1    See City Opp'n.  Rather, he cites only to Fontana v. Haskin, 262

2    F.3d 871, 880 (9th Cir. 2001) to support his contention that

3    "when there is no need for force, any force used is

4    constitutionally unreasonable."  See City Opp'n at 5.

5    Specifically, Plaintiff argues that under Fontana there was no

6    need for Officer Lee to use any force because he is "an elderly

7    man who did not resist arrest on a non-violent, trivial offense."

8    Id. at 7.

9        But Fontana is distinguishable.  The Fontana plaintiff

10   alleged she was arrested on suspicion of drunk driving, placed in

11   the backseat of a patrol vehicle, and then "wrongfully and

12   inappropriate touched and sexually assaulted" by an officer who

13   sat in the back seat of the patrol car with her.  Fontana, 262

14   F.3d at 875.  The Ninth Circuit reversed the district court's

15   dismissal of Fontana's Fourth Amendment claim, holding, "[t]here

16   is no situation that would justify any amount of purposeful

17   sexual verbal and physical predation against a handcuffed

18   arrestee.  No risk of flight nor threat to officer safety exists

19   to justify such an abuse of the one-sided power arrangement that

20   arises from a custodial arrest such as this one."  Id. at 881.

21   Plaintiff's allegations here come nowhere close to those in

22   Fontana, thus Fontana cannot save his Fourth Amendment claims.

23       For these reasons, the Court again finds Plaintiff's

24   allegations indicate the force used by Officer Lee was de minimis

25   and thus cannot form the basis for a constitutional claim.  See

26   Graham v. Connor, 490 U.S. 386, 396 (1989) ("Our Fourth Amendment

27   jurisprudence has long recognized that the right to make an

28   arrest or investigatory stop necessarily carries with it the

1   right to use some degree of physical coercion or threat thereof

2   to effect it."); see also Parker v. City of Los Angeles et al.,

3   No. 2:15-CV-04670-SVW-JEM, 2016 WL 9153765, at *7 (C.D. Cal. June

4   22, 2016) ("a de minimis use of force is insufficient to support

5   a claim of excessive force"). Plaintiff's first claim against

6   Officer Lee is dismissed with prejudice as further amendment

7   would be futile. See Zucco Partners, 552 F.3d at 1007. Because

8   the claim is dismissed on these grounds, the Court does not reach

9   City Defendants' additional arguments regarding qualified

10  immunity. See City Mot. at 7-8; City Reply at 2-3.

11       Next, City Defendants argue Plaintiff's allegations as to

12  his fourth claim under Monell are entirely conclusory and fail to

13  state a claim. See City Mot. at 8-9; City Reply at 3-4. The

14  Court agrees. The Court previously found Plaintiff's allegations

15  to be "entirely conclusory" and insufficient. Prior Order at 15-

16  16. In the TAC, Plaintiff alleged three additional customs,

17  policies, or practices of the City: (1)"[A]llowing police

18  officers known to be violent remain on the Anderson police

19  force,"; (2)"[A]llowing APD officers to participate in arrests

20  based upon false statements and lies,"; and (3)"not providing

21  appropriate treatment for the elderly during investigations

22  and/or arrests." TAC ¶ 120(c)-(e). However, to support these

23  allegations, Plaintiff provides only his own experience and a

24  citation to the first amended complaint in Knighten v. City of

25  Anderson, et al., 2:15-cv-01751-TLN-CMK, ECF No. 21(E.D. Cal.

26  April 29, 2016), which involved different allegations of excessive

27  force by a different Anderson police officer . See TAC at 28.

28  From this lone citation, Plaintiff asks the Court to infer the

                                  11

1   City maintains a policy of retaining "violent" police officers.

2   But the Court does not find Plaintiff has alleged more than

3   "merely random, unconnected acts of misconduct."  Estate of Osuna

4   v. Cty. Of Stanislaus, 392 F.Supp.3d 1162, 1174 (E.D. Cal. 2019).

5   The law requires that an unwritten policy or custom must be so

6   "persistent and widespread" that it constitutes a "permanent and

7   well settled" practice.  Monell, 436 U.S. at 691; see also

8   Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability

9   for improper custom may not be predicated on isolated or sporadic

10  incidents; it must be founded upon practices of sufficient

11  duration, frequency and consistency that the conduct has become a

12  traditional method of carrying out policy.").  As City Defendants

13  argue, "Plaintiff's citation to a single, factually dissimilar

14  case from 2016 is thus insufficient to state a Monell claim."

15  City Mot. at 9.

16      Plaintiff counters that he has provided "multiple specific

17  policies and/or customs" supporting a Monell claim and that he

18  can "further define and expand this list" of alleged customs and

19  policies during discovery.  City Opp'n at 8-9.  But this argument

20  overlooks the well-settled rule that "facts are still required at

21  the pleading stage."  City Reply at 4 (citing to Via v. City of

22  Fairfield, 833 F.Supp.2d 1189, 1196 (E.D. Cal. June 13, 2011)

23  ("Although plaintiff may benefit from discovery, the Supreme

24  Court has made it clear that threadbare allegations are

25  insufficient to 'unlock the doors of discovery for a plaintiff

26  armed with nothing more than conclusions.'").

27      In sum, Plaintiff has failed to support his Monell claims

28  against the City with sufficient facts.  His three new

12

1   allegations in the TAC are inadequate to salvage these claims.

2   Accordingly, these claims are dismissed with prejudice.  See

3   Zucco Partners, 552 F.3d at 1007.

4        Finally, City Defendants argue Plaintiff's remaining state

5   law claims should be dismissed.  See City Mot. at 9-13; City

6   Reply at 4.  As to his eighth claim for enhanced elder abuse,

7   Plaintiff did not plead any action by Officer Lee from which the

8   Court can plausibly infer physical abuse that is "reckless,

9   oppressive, fraudulent, or malicious" as required by Section

10  1567 of the California Welfare and Institutions Code.  City Mot.

11  at 9-11.  Rather as explained above and in the Court's prior

12  order, see Prior Order at 14, the allegations indicate Officer

13  Lee used a de minimis amount of force, the kind of force to be

14  expected during an arrest.  See Graham, 490 U.S. at 396.

15       City Defendants' cited authority, Cochrum v. Costa Victoria

16  Healthcare, LLC, 25 Cal.App.5th 1034, 1046 (2018), illustrates

17  how Plaintiff's allegations fall short here.  City Mot. at 10.

18  In Cochrum, the court set forth examples of "conduct sufficiently

19  egregious" to state an enhanced elder abuse claim, including a

20  case in which "a nursing facility failed to provide an elderly

21  man suffering from Parkinson's disease with sufficient food and

22  water and necessary medication . . . left him unattended and

23  unassisted for long periods of time . . . left him in his own

24  excrement so that ulcers exposing muscle and bone became infected

25  . . . [and] misrepresented and failed to inform his children of

26  his true condition."  25 Cal.App.5th at 1046.  Those facts are

27  oceans apart from what Plaintiff has alleged here.  Accordingly,

28  Plaintiff's eighth claim is dismissed.

As to his tenth claim for violation of the Bane Act, Plaintiff fails to plausibly plead any underlying constitutional violation.  See M.H. v. Cnty. of Alameda, No. 11-CV-02868 JST, 90 F.Supp.3d 889, 896 (N.D. Cal. Apr. 18, 2013) (explaining that an underlying constitutional violation is required to state a Bane Act claim).  Lastly, as to his eleventh claim for negligence per se and his twelfth claim for negligence, Plaintiff's allegations simply do not provide a sufficient factual basis for these claims.  See City Mot. at 11-12; City Reply at 4.  Further as to the eleventh claim, Plaintiff did not plead a specific statute establishing the duty or  standard of care.  See City Mot. at 11-12 (citing to Elsner v. Uveges, 34 Cal. 4th 915, 928 (2004)).

In sum, despite having had four opportunities to plead factually supported claims against City Defendants, Plaintiff has failed to do so.  Further amendment would be futile.  Accordingly, City Defendants' motion to dismiss is GRANTED and these Defendants are dismissed from the case with prejudice.

## III.   ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' Motions to Dismiss.

IT IS SO ORDERED.

Dated: October 25, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

14