1   James I. McMillan, CBN 68584 Inactive
2   4955 Via Lapiz
    San Diego, CA 92122
3   Office: 858-646-0069
    Direct: 858-412-0058
4   Fax: 206-600-4582
    Email: jimcmillan@netscape.net
5
6   JAMES I. MCMILLAN, in propria persona
7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10                                              Case No.: 2:20-cv-00564-JAM-EFB

11  James I. McMillan,                          **MOTION FOR RECONSIDERATION OF**
                                                **DISMISSALS**.
12          Plaintiff,

13          vs.                                  **I.**  RE: Second Amended Complaint, First and
                                                Sixth Claims dismissed without leave to amend
14                                              - 02/22/21;
    County of Shasta, a public entity; City of
15  Anderson, a public entity; Anderson Fire
    Protection District, a public entity; Fire Chief   **II.**  RE: Third Amended Complaint - Failure
16  Steve Lowe in his official and individual capacity;   to state a claim as to Fire Chief, Fire District,
    Anderson Police Officer Kameron Lee in his   Officer Lee and the City of Anderson dismissed
17  official and individual capacity; Shasta County   without leave to amend - 10/21/21
    Sheriff-Coroner Thomas M. Bosenko ret., in his
18  individual and official capacities;
    County Jail Captain Dave Kent, in his individual         Date:   March 1, 2021
19  and official capacity;  California Forensic Medical      Time:   1:30 p.m.
    Group, Inc., a California Corporation; Jail Nurse        Crtrm.: 6, 14th Floor
20  Linda Smith, Jail Nurse Amanda Ream and DOES
21  1-50; individually, jointly, and severally,   Judge:  Hon. John A. Mendez.

22          Defendants.                          Trial Date: None Set

23

24

25  / / /

26  / / /

27  / / /

28

-1-

**SHORT PROCEDURAL HISTORY**

The Court has heard and decided **two sets of 12(b)6 hearings** on the respective motions by the defendants, Anderson Police Officer Kameron Lee and the City of Anderson, and that of Fire Chief Steve Lowe and the Anderson Fire Protection District - on the Second and Third Amended Complaints by plaintiff. In the latest, second set of the 12(b)6 motions to dismiss the Court has dismissed plaintiff's Third Amended Complaint with prejudice as to each of the above defendants.

Plaintiff's first amended complaint (ECF no. 9) was filed June 25, 2020, never heard and was superceded by his second amended complaint.

The plaintiff filed his second amended complaint as to the above defendants on August 12, 2020. (ECF no. 20) The Court issued its Order on February 2, 2021, dismissing plaintiff's claims as to the four above defendants on the plaintiff's second amended complaint. (ECF no. 38)

The plaintiff filed his third amended complaint on May 1, 2021. (ECF no. 43) On October 27, 2021, the court ordered dismissal with prejudice of all claims against defendants, Anderson Police Officer Kameron Lee and the City of Anderson, and all claims against Fire Chief Steve Lowe and the Anderson Fire Protection District . (ECF no. 55)

The Court approved Plaintiff's request to extend the time for Plaintiff to file his motion for reconsideration of dismissal (ECF no. 56) to November 24, 2021. (ECF no. 58)


**I.**

**RE: SECOND AMENDED COMPLAINT, FIRST AND SIXTH CLAIMS.**

Upon the Court's finding that plaintiff was unable to demonstrate that the charges against him had been invalidated, plaintiff's First and Sixth causes of actions of the Second Amended complaint were dismissed by this Court on February 1, 2021. (ECF No. 38 Order Granting Defendants' Motions to Dismiss, First Claim p.11, lines 8-9, and Sixth Claim p.12, lines 24-26 )

McMillan was initially charged in the Shasta County Superior Court with a misdemeanor later modified to an infraction in a plea deal with the prosecution accepted by the court. (ECF 50-1, Exhibit A) The Shasta County District Attorney charges against McMillan were dismissed in their entirety by the Shasta County Superior Court on June 21 2021. (ECF 50-1, Exhibit B ) Thus, the

1  limitation on McMillan's federal claim of an unlawful arrest was no longer barred by Heck. (Heck
2  v. Humphrey, 512 U.S. 477 (1994).  As this court in its order and the Heck Court explained, a
3  plaintiff "has no cause of action under Section 1983  *unless and until* the conviction or sentence is
4  reversed, expunged, invalidated, or impugned by a grant of writ of habeas corpus." 512 U.S. at 487
5  (emphasis added.)  (ECF 38, p.1, line 27 - p.12, line 3)

6       In McMillan's case, as part of the plea deal, judgement was deferred for 12 months. Further,
7  the terms specified "Upon compliance with the following terms the *plea is withdrawn and the case*
8  *is dismissed - Obey all laws.*"  On June 21, 2021, McMillan's plea was withdrawn and the case was
9  dismissed by the Shasta County Superior Court. (ECF 50-1, Declaration of McMillan, and Exhibit
10  B)

11      McMillan's causes of action identified in his Second Amended Complaint (ECF  as the First
12  and  Sixth Claims were restored on June 21, 2021, with the dismissal of all charges stemming from
13  the McMillan's seizure (arrest) by Fire Chief Lowe and Officer Lee on the evening of March 8,
14  2019.

15      **RE: TWO ADDITIONAL STATE CLAIMS**

16      Plaintiff seeks to add two additional state claims to his complaint:

17      **ASSAULT**
18      **As to Officer Kameron Lee, City of Anderson and DOES 1-50**

19      1. Plaintiff incorporates the above allegations of fact and law as though fully set
20  forth herein.

21      2. During the course of plaintiff's arrest, Officer Lee acted with the intention to
22  cause harmful or offensive contact and did, in fact, cause such contact to occur. Plaintiff
23  reasonably believed that such contact would occur and, in fact, such contact did occur.

24      3. Additionally, and alternatively, Officer Lee also threatened to touch plaintiff in a
25  harmful and/or offensive manner. Plaintiff reasonably believe he would be touched in a
26  harmful manner and was, in fact, touched in such a manner.

27      4. Plaintiff did not consent to Officer Lee's conduct.

28      5. Plaintiff suffered harm as a direct result of Officer Lee's actions. Officer Lee

1   offended plaintiff's sense of personal dignity by forcing him to remain sideways in the back of

2   Lee's police cruiser without a seatbelt for over twenty minutes. Moreover, Plaintiff suffered

3   ligament and muscle injuries. Plaintiff suffered injuries to his shoulder, elbow, and knees,

4   some of which persist to this day. These injuries were the direct result of Officer Lee's wholly

5   unnecessary use of force for a non-violent, non-serious offense.

6          6. Defendants' conduct was a substantial factor in causing plaintiff's harm. As a

7   proximate and legal result of defendants' breaches, plaintiff has suffered general and special

8   damages exceeding the minimum jurisdiction of the court.

9
          **BATTERY BY POLICE OFFICER**
10        **As to Officer Kameron Lee, City of Anderson, and DOES 1-50**

11         1. Plaintiff incorporates the above allegations of fact and law as though fully set

12   forth herein.

13         2. During the course of plaintiff's arrest, Officer Lee intentionally touched Plaintiff.

14         3. Officer Lee used excessive force to arrest plaintiff. This is apparent when

15   considering that: (1) Plaintiff's age; (2) the non-violent nature of the alleged offenses; (3) the

16   triviality of the alleged offenses; (4) the complete lack of physical resistance from Plaintiff;

17   (5) the obvious discomfort and pain plaintiff suffered as a result of Officer Lee's actions. This

18   list of factors is not exhaustive and discovery will likely uncover further factors.

19         4. Plaintiff did not consent to Officer Lee's use of force.

20         5. Plaintiff suffered harm as a direct result of Officer Lee's actions. Specifically,

21   Plaintiff suffered a ligament and joint injuries. Plaintiff suffered injuries to his shoulders, arm

22   and knee, some injuries of which persist to this day. These injuries were the direct result of

23   Officer Lee's wholly unnecessary use of force for a non-violent, non-serious offense.

24         6. Defendants' conduct was a substantial factor in causing plaintiff's harm. As a

25   proximate and legal result of defendants' breaches, plaintiff has suffered general and special

26   damages exceeding the minimum jurisdiction of the court.

27

28

1

2                                     **CONCLUSION**

3         The charges against McMillan in the Shasta County Superior Court have been withdrawn

4    and dismissed in their entirety. As far as state law is concerned, McMillan has not committed any

5    crime.  The same result as if McMillan had been tried and found innocent.  Thus, Heck v.

6    Humphrey is no longer applicable.  McMillan requests that the court allow amendment to his

7    complaint incorporating the allegations in plaintiff's First and Sixth causes of actions of the Second

8    Amended complaint dismissed by the Court on account of the conflict imposed by the holding in

9    Heck v. Humphrey.

10        Further, McMillan seeks the Court's permission to add the two state claims set out above to

11   the complaint:

12        **ASSAULT**
          **As to Officer Kameron Lee, City of Anderson and DOES 1-50**
13
      and
14
          **BATTERY BY POLICE OFFICER**
15        **As to Officer Kameron Lee, City of Anderson, and DOES 1-50**

16

17                                           **II.**

18   **RE: THIRD AMENDED COMPLAINT - FAILURE TO STATE A CLAIM AS**
     **TO FIRE CHIEF, FIRE DISTRICT, OFFICER LEE AND THE CITY OF**
19   **ANDERSON - DISMISSED WITHOUT LEAVE TO AMEND**.

20        In the Court's Order of October 27, 2021, the Court found that every Federal claim by

21   Plaintiff against Fire Chief Lowe, Anderson Fire Protection District, Officer Lee and the City of

22   Anderson failed to state a claim for relief.  The Court dismissed every such claim on that basis

23   except two state claims against Officer Lee and the City of Anderson.  Those two state claims were

24   dismissed on the basis that plaintiff failed to obtain authorization from the Court to add the claims.

25        **A.  Fire Chief Lowe and Officer Lee as Integral Participants.**

26        As to plaintiff's Third Amended Complaint, "TAC," FIRST CLAIM FOR RELIEF with

27   respect to Fire Chief Lowe, the Court found no facts to support the claim against him by McMillan.

28   However the facts alleged in the 1st claim show Fire Chief Lowe and Officer Lee were integral

1   participants when subjecting McMillan to unwarranted, wrongful, and outrageous intentional

2   infliction of pain, suffering, and injury all for the purpose of inducing McMillan to sign a citation

3   for a misdemeanor that neither Officer Lee nor Fire Chief Lowe had witnessed.

4        Fire Chief Lowe asserts and admits he arrested McMillan in his "Investigative Report" [1]

5   attached as Exhibit C to McMillan's Docket Item 50-1 Declaration of McMillan:

> "I advised D-MCMILLAN that by signing the citation with all of his information
> on it was not an admission of guilt but a promise to appear and he continued to
> refuse. **D-MCMILLAN then was placed under arrest by me** and placed in
> handcuffs by Officer LEE. (Emphasis added)

> D-MCMILLAN was then placed in the back seat of LEEs patrol vehicle."
> MCMILLAN was given several minutes to reconsider his decision to not sign the
> citation. I re contacted D-MCMILLAN while he was seated in the back seat of
> Officer LEE'S patrol car and asked if he was willing to sign the citation to allow
> him to not to go to jail."

12        Thus, as alleged by McMillan, Fire Chief Lowe arrested McMillan, Officer Lee handcuffed

13   McMillan and put him in the backseat of the Lee's police cruiser. (ECF 43, Third Amended

14   Complaint, p.5, ¶16)

15        After McMillan was in the backseat of Officer Lee's police cruiser, Fire Chief Lowe and

16   Officer Lee chitchated for about ten minutes behind Officer Lee's  police cruiser ( while McMillan

17   was laying in pain, handcuffed in the backseat of Officer Lee's police cruiser.  Finally, Fire Chief

18   Lowe opened the backdoor of the cruiser and asked McMillan if he were ready to sign the citation

19   to avoid going to jail. (ECF 43, p. 8, ¶31- ¶32)

20        Thus, both Officer Lee and Fire Chief Lowe acted together, as integral participants, in the

21   arrest and mistreatment of McMillan when McMillan was left painfully handcuffed laying in the

22   back seat of the police cruiser while they chitchatted at the rear of the cruiser. (ECF 43, p. 8, ¶31)

23   When McMillan refused once again to sign the citation, Officer Lee drove McMillan to the Shasta

24   County Jail. (ECF 43, p. 8, ¶32)

25        The arrest by Fire Chief Lowe violated two state laws when he arrested McMillan after

26

27        [1] Lowe's "Investigative Report" pp. 2-3.
          Docket Item 50-1 Declaration of McMillan in Support of Opposition, Exhibit C,

28

10 p.m. for a misdemeanor Lowe had not witnessed (Pen. 836(a)(1)) and without a warrant for a misdemeanor between the hours of 10 p.m. and 6 a.m. (Pen. 840).  Moreover, he fabricated central facts in his "Investigative Narrative" fraudulently submitted to the Shasta County District Attorney in support of the case brought against McMillan and dismissed June 21, 2021. ( ECF 50-1, Exh. D)

**B: State Claims**

### 1.  Seventh State Claim as to Fire Chief Lowe.

The Court failed to recognize that Fire Chief Lowe arrested McMillan, which Fire Chief Lowe verifies in his "Investigative Narrative" filed with the Shasta County District Attorney's office which led to McMillan being charged.  In his "Investigative Narrative" Chief Lowe specifically asserts that he arrested McMillan.  Moreover, it was clear to McMillan that he was not free to leave when he noticed Fire Chief Lowe preparing a citation then handed him the citation to sign - an arrest.[1,2]

### 2.  Eighth State Claim of McMillan's Torture as to Officer Kameron Lee, City of Anderson, Fire Chief Lowe and the Anderson Fire Prevention District.

The Court appears to accept and apply the standard of care in a nursing home to the arrest and mistreatment of McMillan - Cochrum v. Costs Victoria Healthcare, LLC, 25 Cal.App.5th (2018) What nursing home would condone handcuffing and forcing an elderly 77 year old man to dive hands handcuffed behind his back, head first into the back seat of a police cruiser and then slam the door on his feet?  McMillan urges that the case cited is inappropriate for the circumstances. Especially since the 77 man had not resisted his arrest in any way.

Fire Chief Lowe and Officer Lee were acting as integral participants in the torture of McMillan when McMillan was left suffering in the backseat of the police cruiser with the purpose of causing McMillan to sign the totally bogus citation issued by Fire Chief Lowe and avoid a trip to the Shasta County Jail ten miles away by Officer Lee in the middle of the night.  Fire Chief Lowe confirms the issue of avoiding a trip to the county jail when he ask McMillan if he were ready to

---

[2] An arrest occurs when a person is no longer free to walk away from a law enforcement officer.  **United States v. Tungovia**,  No.CR-17-01648-001-TUC-RM(LAB)

1  sign the citation to avoid county jail. (See page 6 above, lines 6-11)  All of McMillan's state law

2  claims were dismissed as unsupported by this court.

3        **3.  Tenth State Claim - Violation of the Bane Act.**

4        McMillan alleges defendants Kameron Lee and Steve Lowe intentionally interfered with his

5  civil rights by threats, intimidation, and coercion for the purpose of securing McMillan's signature

6  on a citation charging McMillan with an outlandish violation of Health and Safety Code §42400.2.

7  The Fire Chief submitted an "Investigation Narrative" containing false statements to the Shasta

8  County District Attorney resulting in McMillan being charged with a misdemeanor in the Shasta

9  County Superior Court.  Ultimately, all charges against McMillan were dismissed.

10        **4.  Eleventh State Claim - Negligence Per Se**

11        McMillan alleges defendants Kameron Lee's and Steve Lowe's violations of the California

12  Penal code §§833-851.90 constituted negligence per se.   Moreover, defendant Lee and the City of

13  Anderson's violations of the use of force provisions of the California Commission on Peace

14  Officer Standards and Training (POST) also constituted negligence per se under California

15  Evidence Code §669.  McMillan thus alleges that the violations resulted in injury to McMillan.

16        **5.  Twelfth State Claim - Negligence**

17        As to Officer Kameron Lee, City of Anderson, Fire Chief Lowe, and Anderson Fire

18  Prevention District and DOES 1-50)

19        Defendants were negligent. Among other things defendants negligently arrested and

20  prosecuted plaintiff on the basis of false allegations by Fire Chief Steve Lowe, failed to

21  implement policies and procedures to ensure that prosecutions based upon false allegations do

22  not occur and wrongful arrests are not undertaken by Anderson police and by Anderson Fire

23  Protection District personnel.

24        Both the Anderson Police Department and the Anderson Fire Protection District

25  have failed to properly train their respective personnel in the protections offered by the Bane

26  Act and failed to implement policies and procedures to ensure that personnel comply with the

27  law. Moreover, Defendant Lee and the City of Anderson's violations of the use of force

28  provisions of the California Commission on Peace Officer Standards and Training (POST).

1  POST is a statewide commission that oversees and standardizes all police officer training to

2  ensure minimum guidelines are met on various topics, including the use of force.

3      As a proximate and legal result of defendants' breaches, plaintiff has suffered

4  general and special damages exceeding the minimum jurisdiction of the court.

5

6                          **REQUEST FOR LEAVE TO AMEND**

7      Of the complaints and amended complaints filed by Plaintiff in this case, **two** have been

8  reviewed and found deficient by the Court - the second and third amended complaints.  The Court

9  allowed the Plaintiff the opportunity to amend most of the causes of action in the Second Amended

10  Complaint.  Plaintiff made many changes to the allegations in the Second Amended Complaint

11  (ECF 20) to arrive at the Third Amended Complaint (ECF 43). The Court pointed out instances in

12  the Third Amended Complaint where Plaintiff failed to state a cause of action, in fact, every claim

13  by  Plaintiff against the moving parties was found by the Court to fail to state a cause of action.

14      Thus the Court concluded that Plaintiff was incapable of stating a cause of action on the

15  allegations.  The Court ruled  "As any further amendment would be futile, all of Plaintiff's state law

16  claims as to Fire Chief Lowe, Anderson Fire Protection District, Officer Lee and the City of

17  Anderson are dismissed with prejudice."

18      The well-settled law in the Ninth Circuit allows claimants leave to amend unless "it

19  is...'absolutely clear' that [the claimant] could not cure deficiencies by amendment.". See Jackson v.

20  Barnes, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); Lopez, 203 F.3d at 1131 (en banc)

21  (holding a pro se litigant must be given leave to amend if it appears at all possible the plaintiff can

22  correct the complaint's defects.)

23

24  November 24, 2021

25                      /s/James I. McMillan

26                      Plaintiff.

27

28