UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES I. McMILLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SHASTA, a public entity, et al.,<br><br>    Defendants. | No.  2:20-cv-00564-JAM-JDP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is James I. McMillan's ("Plaintiff") motion for reconsideration of: (1) the Court's February 1, 2021 Order ("First Order") at ECF No. 38 granting the Anderson Fire Protection District and Fire Chief Steve Lowe's ("Fire Defendants") motion to dismiss and the City of Anderson and Anderson Police Officer Kameron Lee's ("City Defendants") motion to dismiss; and (2) the Court's October 25, 2021 Order at ECF No. 55 ("Second Order") granting the Fire and City Defendants' second motions to dismiss with prejudice. See Mot. for Reconsideration ("Mot."), ECF No. 59.[1]  The Fire Defendants

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 1, 2022.

1

1  opposed Plaintiff's motion.  See Opp'n, ECF No. 62.  Plaintiff
2  replied.  See Reply, ECF No. 63.  For the reasons set forth
3  below, Plaintiff's motion is denied.

### I.  PROCEDURAL BACKGROUND

The Court does not repeat the factual background of this case, which is set forth extensively in the operative complaint and the Court's prior orders.  See e.g. First Order at 1-4.  On February 1, 2021, the Court granted Fire and City Defendants' first round of motions to dismiss.  See generally First Order. As relevant here, the Court dismissed Plaintiff's first and sixth claims with prejudice as barred under Heck v. Humphrey, 512 U.S. 477 (1994).  Id. at 7-12.  That dismissal is challenged by Plaintiff in the present motion.  Mot. at 2-5.

On May 1, 2021, Plaintiff filed a third amended complaint. See Third Amended Complaint ("TAC"), ECF No. 43.  The Fire and City Defendants again moved to dismiss.  See Second Mot. to Dismiss by Fire Defendants, ECF No. 45; Second Mot. to Dismiss by City Defendants, ECF No. 46.  The Court granted their motions with prejudice.  See generally Second Order.  Plaintiff challenges that Order in its entirety.  Mot. at 5-9.

### II.  OPINION

The Fire Defendants first challenge Plaintiff's failure to identify the procedural grounds for his motion.  Opp'n at 2.  In reply, Plaintiff clarifies he is seeking reconsideration under Local Rule 230(j).  Reply at 1.

///

2

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. But where reconsideration of a non-final order is sought, a district court has "inherent jurisdiction to modify, alter or revoke it." U.S. v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (internal citation omitted). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." Id.

The Eastern District Local Rules also permit motions for reconsideration but require counsel to identify "the material facts and circumstances surrounding each motion for which reconsideration is sought, including: (1) when and to what Judge or Magistrate the prior motion was made; (2) what ruling, decision, or order was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. Local R. 230(j). "A motion for reconsideration is not a vehicle to reargue the motion or present evidence which should have been raised before." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). Accordingly, the "party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before

1 | rendering its original decision fails to carry the moving party's
2 | burden." Id. (internal citations and quotation marks omitted).
3 |     Here, Plaintiff plainly fails to carry his burden to show
4 | reconsideration of either of the Court's prior orders is
5 | warranted. Beginning with his challenge to the First Order –
6 | specifically the Court's dismissal with prejudice of the first
7 | and sixth claims as barred under Heck – Plaintiff presents no
8 | caselaw supporting his position that he may resurrect these
9 | claims merely because the charges against him in Shasta County
10 | Superior Court have now been dismissed. See Mot. at 2-5. In the
11 | absence of such authority, the Court finds no reason to overturn
12 | its prior decision. Plaintiff chose to proceed with these claims
13 | in federal court prior to the dismissal of his state criminal
14 | case and, as a result, ran into the Heck bar. See First Order at
15 | 8-12. While Plaintiff may now regret doing so, he has not
16 | brought forward any authority permitting him to avoid the
17 | consequences of this choice.
18 |     As for his challenge to the Second Order, Plaintiff has not
19 | established that any "new facts or circumstances . . . which did
20 | not exist at the time of the prior motion" are present. E.D.
21 | Cal. Local R. 230(j) (emphasis added); see also Opp'n at 3-4.
22 | Rather, Plaintiff simply recapitulates arguments the Court
23 | previously considered and rejected. Mot. at 5-9; Reply at 2.
24 | This too is insufficient to warrant reconsideration. See
25 | Westlands Water Dist., 134 F.Supp.2d at 1131.
26 | ///
27 | ///
28 | ///

III.  ORDER

For the above reasons, Plaintiff's Motion is DENIED. Plaintiff's request to add state law claims is likewise DENIED.

IT IS SO ORDERED.

Dated:  March 1, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE